UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| DANIEL V. MARINO, | : |
| Plaintiff, | : 11 Civ. 6811 (PSD) |
| v. | : |
| USHER (a/k/a Usher Terry Raymond IV); SONY MUSIC ENTERTAINMENT; EMI APRIL MUSIC, INC.; EMI BLACKWOOD MUSIC, INC.; JAMES SAMUEL HARRIS III; TERRY STEVEN LEWIS; BOBBY ROSS AVILA, JR.; ISSIAH AVILA, JR.; WILLIAM C. GUICE; DANTE E. BARTON; DESTRO MUSIC PRODUCTIONS, INC.; DEFENDERS OF MUSIC; FLYTE TYME TUNES; SUBLIME BASEMENT TUNEZ; UR-IV MUSIC, INC.; WARNER-TAMERLANE PUBLISHING CORP.; MARK PITTS; BYSTORM ENTERTAINMENT; TOMMY VAN DELL; and IN2N ENTERTAINMENT GROUP, LLC, | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE
THOSE PARTS OF MICHAEL A. EINHORN'S
JULY 12, 2013 EXPERT REPORT VIOLATING THE
COURT'S APRIL 24, 2013 ORDER AND TO LIMIT HIS TESTIMONY**

JONATHAN D. DAVIS, P.C.
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 687-5464

-and-

FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103
(215) 299-2000
*Attorneys for the Moving Defendants*

Moving Defendants[1] make this motion to address Plaintiff's persistent disregard of this Court's Order, dated April 24, 2013 ("April 24 Order") (*see* Doc. No. 75), which dismissed "Plaintiff's claims for copyright infringement damages and profits … accru[ing] before October 28, 2008." (Doc. No. 75). Despite its prohibition, Plaintiff has submitted a financial expert's report that continues to seek damages and profits accruing before October 28, 2008. The allowable period of damages and profits under the April 24 Order is the period from 3 years prior to the date this action was commenced, October 28, 2011, through the present (the "Allowable Period").[2]

Michael A. Einhorn is Plaintiff's purported financial expert. Rather than limit his opinions to the Allowable Period, Einhorn offers opinions on damages and profits from *March 2004* to 2013. Accordingly, Moving Defendants seek an order: (1) striking those parts of Einhorn's July 12, 2013 Expert Report (the "Einhorn Report") that exceeds the Allowable Period, and (2) excluding from evidence any Einhorn testimony relating to damages or profits that exceeds the Allowable Period. The Einhorn Report suffers from other serious defects that will be addressed in a separate *in limine* motion after expert discovery closes. However, Moving Defendants are compelled to file this motion now because any expert report offered in response to the Einhorn Report is due August 5, 2013. The Moving Defendants should not be required to respond to those improperly added portions of the Einhorn Report that cover periods outside the

---

[1] Usher Raymond IV a/k/a Usher, Sony Music Entertainment, EMI April Music Inc., EMI Blackwood Music Inc., Warner-Tamerlane Publishing Corp., UR-IV Music, Inc., Bystorm Entertainment, Mark Pitts, Issiah Avila, Bobby Ross Avila, Sublime Basement Tunez, Defenders of Music, Flyte Tyme Tunes, James Samuel Harris III, and Terry Steven Lewis (collectively, the "Moving Defendants").

[2] The Moving Defendants previously moved to dismiss the Amended Complaint on several grounds, which motion was denied. (Doc. Nos. 42 and 62). One of the grounds was based on the 3-year statute of limitations for establishing co-ownership in a work. Plaintiff's ownership claim accrued in 2004 and was time-barred in 2007. By this motion, the Moving Defendants are not waiving their right to renew that argument and preserve it for appeal.

permissible scope of this action.  Moving Defendants respectfully submit that their August 5 deadline to respond to the Einhorn Report requires the Court's intervention to strike the material and opinions in the Einhorn Report that violates the unambiguous April 24 Order.

## THE COURT'S APRIL 24 ORDER

On April 24, 2013, the Court granted the Moving Defendants' Motion for Judgment on the Pleadings to dismiss Plaintiff's demand for copyright infringement damages and profits that accrued more than 3 years before the filing of the Complaint and to strike Plaintiff's demand for punitive and exemplary damages. (Doc. No. 75).

The Court rejected Plaintiff's *equitable tolling* argument because "Plaintiff's Amended Complaint [made] clear that he ha[d] been aware of his legal rights since 'the Trio' agreed to share songwriting credits and royalties" and because Plaintiff "ha[d] alleged that he knew his legal rights were abrogated when he discovered the omitted credit after he purchased the *Confessions* album in March 2004." (Doc. No. 75 at 4-5).  Plaintiff's failure to invoke the *equitable estoppel* doctrine in his opposition was inconsequential.  Had the request been made, the Court "would [have been] compelled to reject [it]." (Doc. No. 75 at 5).  Given these circumstances, the Court held that "the three year limitations period began to run in March 2004" and dismissed Plaintiff's copyright claims against the Moving Defendants that "accrued before October 28, 2008." (Doc. No. 75 at 5-6).

The Court's April 24 Order greatly reduced the Plaintiff's potential recovery. But Plaintiff and his purported expert treat the April 24 Order as if it did not exist, seeking to force the Moving Defendants to spend needless resources, time, and effort to address a *54 month period* (back to 2004) that was already dismissed from the case.  The dismissed period contains the *bulk* of the sales and deductible costs and expenses relating to the *Confessions* album.

2

Factual discovery closed long ago, and since the Court's April 24 Order – approximately 3 months ago – the Moving Defendants have produced documents conforming to this Court's ruling.  Yet, despite this Court's April 24 Order, the Einhorn Report offers assumptions and opinions that bear no resemblance to the facts at issue that must constrain them.

## THE EINHORN REPORT

The 37-page Einhorn Report is replete with opinions outside the Allowable Period. For Example:

1. Einhorn estimates Plaintiff's "lost publisher royalties" *from March 2004* to March 2013 to be $444,112. (Declaration of Michael Eidel, dated July 19, 2013 ("Eidel Declaration"), Ex. A at ¶ 4.4).

2. Einhorn "impute[s] … damage and revenue totals to each publisher in *2004*-2013." (*Id.* at ¶ 4.5).

3. Einhorn includes information concerning "Label Revenues," "Artist Royalties" and "Producer Royalties" *from 2004* to 2013, (*id.* at ¶ 4.10);

4. Einhorn includes concert touring revenues from *2004*-2012 (*id.* at ¶ 4.11).

5. The Einhorn Report claims that Plaintiff is entitled to compensation for his pre-Allowable Period efforts in the studio and for the studio time used to create *Bad Girl*. (*Id.* at ¶ 5.18-5.19).  This claim is clearly for pre-October 2008 conduct and thus seeks damages falling outside the Allowable Period.

By unilaterally resurrecting the *54 month period* the Court has already dismissed from this case, Einhorn is able to juxtapose the numbers for the 2008 to 2013 period next to ones for the 2004 to 2013 period that is dismissed from the case.  Einhorn estimates Plaintiff's total damages to be **$938,255** for 2004-2013, but only **$35,774** for 2008-2013. (*Id.* at ¶ 4.13).  He then

3

estimates "Total Additional Revenues" from all sources to be **$152,026,704** for 2004-2013, but only **$4,091,513** for 2008-2013. (*Id.*) Plaintiff's motive may be to juxtapose these numbers to make Einhorn's opinions regarding the 2008-2013 period appear "reasonable." However, that tactic forces the Moving Defendants to continue to litigate the pre-October 2008 period, and can only lead to confusion by the fact-finder, potential prejudice, and undue delay, not to mention Einhorn's opinions are based on inaccurate assumptions anyway.

The Einhorn opinions that violate the April 24 Order should now be stricken from the Einhorn Report and excluded from evidence, whether by deposition or at any trial.

## THE MATERIAL THAT SHOULD BE STRICKEN

Attached to the Eidel Declaration accompanying this motion is an annotated Einhorn Report that shows in highlighting and brackets the specific material the Moving Defendants request that the Court strike from the report. In short, the Einhorn Report should not address anything more than the Allowable Period. Nevertheless, rather than strike every possible piece of the report that addresses the pre-October 28, 2008 period, the remedy sought by the Moving Defendants is limited to what must be stricken to avoid prejudice, jury confusion, and needless make-work.

## CONCLUSION

Based on all of the foregoing, the Moving Defendants respectfully request that the Court grant this motion by striking the sections of the Einhorn Report that violate the April 24 Order, limiting any testimony by Einhorn to the Allowable Period, and awarding the Moving

Defendants the costs of this motion, and such other and further relief as this Court deems just and proper.

Dated: July 19, 2013
 Philadelphia, Pennsylvania

                Respectfully submitted,

                JONATHAN D. DAVIS, P.C.

By:   s/ Jonathan D. Davis
       Jonathan D. Davis
       Derek A. Williams
       99 Park Avenue
       Suite 1600
       New York, New York 10016
       (212) 687-5464

                FOX ROTHSCHILD LLP

By:   s/ Michael Eidel
       Michael Eidel
       Matthew Olesh
       2000 Market Street, 20th Floor
       Philadelphia, PA 19103
       (215) 299-2000

*Attorneys for Defendants Usher Raymond IV, Sony Music Entertainment, EMI April Music Inc., EMI Blackwood Music Inc., UR-IV Music, Inc., Warner-Tamerlane Publishing Corp., Mark Pitts, Bystorm Entertainment, Issiah Avila, Bobby Ross Avila, Defenders of Music, Flyte Tyme Tunes, Sublime Basement Tunez, James Samuel Harris III, and Terry Steven Lewis*