# In The United States District Court For The Eastern District Of Pennsylvania

Daniel V. Marino
*Plaintiff*

VS.

Usher, et al.
*Defendants*

No. 11-cv-6811

---

## Plaintiff's Response In Opposition to Defendants' Motion to Strike Portions of The Expert Report of Michael A. Einhorn, Ph.D.

Plaintiff, Daniel V. Marino, by and through his undersigned counsel, hereby responds in opposition Defendants' Motion to Strike those Parts of Michael A. Einhorn's July 12, 2013 Expert Report Violating the Court's April 24, 2013 Order and to Limit his Testimony, and for the reasons set forth in his Memorandum of Law In Opposition to Defendants' Motion to Strike Portions of The Expert Report of Michael A. Einhorn, Ph.D, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion in its entirety.

In summary:

(1)     The Einhorn Report is in full and complete compliance with the Court's Order in regards to the limitation of damages as Moving Defendants' readily admit it is replete with paragraphs in which the breakdown of damages is assessed for the period of 2008 – 2013.

(2)     Moving Defendants' want to confuse **the limitations period** (for purposes of *calculating damgaes*) with **relevance**, and this they cannot do.

(3)     Moving Defendants' have already identified, and apparently plan to use, one of the proper ways to preclude certain arguments or exclude evidence – a motions *in limine;* thus their motion is procedurally defective and fatal.

(4)     The limitations period for damages does not apply to Barton, Guice, or Van Dell.

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*

Francis Malofiy, Esquire
Attorney ID No.:  208494
1125 Walnut Street
Philadelphia, PA 19107
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

*/d/ July 26, 2013*

# In The United States District Court For The Eastern District Of Pennsylvania

Daniel V. Marino
*Plaintiff*

VS.

Usher, et al.
*Defendants*

No. 11-cv-6811

## Plaintiff's Memorandum of law In Opposition to Defendants' Motion to Strike Portions of The Expert Report of Michael A. Einhorn, Ph.D.

## I.   Introduction

Plaintiff's expert is guilty of nothing more than preparing a thorough, comprehensive and fair expert report. As defendants' readily admit, **the Einhorn Report is replete with paragraphs in which the breakdown of damages is assessed for the period of 2008 through 2013**, in full and complete compliance with the Court's Order in regard to the limitation of damages. In fact, it is impossible to calculate the damages without first calculating the damages from 2004 – 2013, and then providing the breakdown for the limitations period. This is logical and it makes sense.

Moving Defendants want Plaintiff's expert to 'pluck' numbers out of thin air and historically account for a limitations period without considering the unlimited period. This cannot be done. For example, the profit and loss statement would have absolutely no meaning – unless – all financial data is provided. There are concepts of recording costs, recoupment, setoff, etc. The ONLY way these can be properly calculated is to be provided with the full and complete accounting – including all costs, expense, units sole, and revenue streams attributable to the "Bad Girl" song and also the *Confessions* album. This Court should know that Moving Defendants' have already provided Plaintiff with a profit and loss statement from 2004 – 2013, and it was then Plaintiff's burden to account for the limitations period. So, there is no additional burden placed on Defendants in considering the 2004 -2013 period, as they have already done so.

Page 1 of 5

How Plaintiff's expert chose to style his report, and what to include for that matter, is of no import to the opposing parties. Moving Defendants cannot unilaterally dictate the form, content, and information to be included in an opposing party's expert report.

Additionally, Moving Defendants' want to confuse **the limitations period** (for damages purposes) with **relevance**, and this they cannot do. This Court's ruling on the judgment on the pleadings which limited damages does not in any way change the relevance of the financial documents, or testimony, or expert opinion thereto which is necessary to establish the income and expenses attributable to "Bad Girl" and the *Confessions* album. To understand this case and the significance and commercial success of the album and the song, it is necessary to consider the revenue streams and income and expenses from day one. Even if they are not considered for purposes of calculating damages – they are still highly relevant, probative, and are not privileged; therefore they are within full scope of Plaintiff's expert report. For instance, **how can a juror determine the intangible losses Mr. Marino suffered without considering the success of the album or the song?**

Furthermore, Moving Defendants have already identified, and apparently plan to use, one of the proper ways to preclude certain arguments or exclude evidence – **a motion *in limine*** – as cited in their motion. See Def.'s Mem. of Law at p. 1.

Lastly, **the limitations period for damages does not apply to defendants Barton, Guice, or Van Dell** as they neither filed a motion for such relief or joined in the motion filed by Moving Defendants.

For the reasons that follow, Moving Defendants' motion should be summarily dismissed, and plaintiff, accordingly, will be brief.

## II.   ARGUMENT

Though movants request that the Court strike portions of the expert report of Dr. Einhorn, moving Defendants have not cited any precedent to justify the relief sought in the instant motion. Moreover, Defendants' motion does not state with particularity which Federal Rule of Civil Procedure provides the grounds for this Court to strike portions of an expert report.

Sproull v. Golden Gate Nat'l. Senior Care, LLC, 2010 U.S. Dist. LEXIS 5088 (W.D. Pa. Jan. 22, 2010) ("motions practice requires a party to state with particularity the grounds upon which the motion is being made and the relif or order sought"); Fed. R. Civ. P. 7(b)(1). To the extent that Defendants bring this motion as a "motion to strike," Federal Rule of Civil Procedure 12(f) governs the Court's authority to strike items from the record, allowing matters *only from pleadings* to be stricken. Fed. R. Civ. P. 12(f); 5C Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1380 (3d ed.) ("motions, affidavits, briefs and other documents outside of the pleadings are not subject to Rule 12(f)"). Dr. Einhorn's report is not a pleading, nor for that matter a brief or affidavit, and therefore cannot be stricken by the Court. See also Jarvis v. FedEx Office & Print Servs., Inc., 2011 U.S. Dist. LEXIS 23099 (D. Md. Mar. 7, 2011), aff'd, 442 F. App'x 71 (4th Cir. 2011), cert. dismissed, 132 S. Ct. 1018 (U.S. 2012) ("While some courts have employed Fed.R.Civ.P. 12(f) to strike an affidavit or a brief, or portions thereof, there is no basis in the Federal Rules for doing so.") Accordingly, since the Einhorn Report is on the docket only as an attachment to Moving Defendants' instant motion, Plaintiff submits that "there is not even anything on the docket of the Court to strike, even if the Court were empowered to do so." Hrivnak v. NCO Portfolio Mgmt., Inc., 723 F.Supp. 2d 1020, 1029 (N.D. Ohio 2010) (Plaintiff's "Motion to Strike must be denied for the simple reason that his motion does not exist under the Federal Rules…as there is not even anything on the docket of the Court to strike"); Sanchez v. Verified Person, Inc., 2012 U.S. Dist. LEXIS 70128 (W.D. Tenn. May 21, 2012) ("where matters are not filed on the docket, courts have even more limited authority to strike them, as there is nothing on the docket to strike").

The only conceivable basis for Moving Defendants' requested relief might possibly be Federal Rules of Civil Procedure 26 and 37, both of which when read in conjunction may provide for the preclusion of certain arguments or the exclusion of evidence in limited circumstances. However, as Plaintiff will clearly demonstrate, the invocation of these Rules is inapplicable to the instant motion.

Rule 26(a)(2) governs the disclosure of expert testimony, and mandates that an expert provide a written report containing, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Under Rule 37(c)(1), "if a party fails to provide information…as required by Rule 26(a) or (e), the party is not

allowed to use that information…to supply  evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The text of Rule 37 is unambiguously clear and does not call for the "striking" of discovery materials. Rule 37 only limits the future use of discovery materials as evidence and cannot serve as a tool to strike an expert report at this stage of the proceedings.

Lastly, Moving Defendants do not even attempt to argue that the expert report has somehow caused prejudice or impaired its ability to address the damages calculations or prepare for trial. Here, there is absolutely no prejudice, and none has even been asserted. Moving Defendants admit that there is only the chance for ***"potential prejudice"*** should this Court decide against striking certain portions of the Einhorn report. See Def.'s Mem. of Law at p. 4. Moreover, for the sake of argument, if any prejudice existed, it could readily be cured due to the fact that Moving Defendants can address any issues their own expert report, they still have the opportunity to take the deposition of Dr. Einhorn, Motions for Summary Judgment are not due until September 30, 2013, and trial is still over four months from now. Presumably these factors are why Moving Defendants completely ignore the law of this circuit and the Rules of Civil Procedure, and instead offer baseless conclusory allegations regarding the Einhorn Report. As evidenced above, a motion to strike at this juncture has no basis is the law or procedural rules. The proper course of action is to attack Plaintiff's expert report and opinions via the forthcoming expert depositions, motion for summary judgment and/or motion *in limine*.[1]

## III.   Conclusion

Based upon the foregoing, Plaintiff requests that the motion to strike be denied in its entirety. The motion is directly contrary to the law of this circuit and Federal Rules of Civil Procedure. Moving Defendants have not proffered any Federal Rule, Local Rule, or case

---

[1] Indeed, Moving Defendants have already identified, and apparently plan to use, one the proper ways to preclude certain arguments or exclude evidence, i.e., a motion *in limine*:

> The Einhorn Report suffers from other serious defects that will be addressed in a separate *in limine* motion after expert discovery closes.

See Def.'s Mem. of Law at p. 1.

precedent to demonstrate that this Court has the power to strike portions of an expert report m if it was so inclined. Furthermore, Moving Defendants have admitted there is only the possibility of "potential prejudice," and have not demonstrated why such "potential prejudice" cannot be cured. The issues raised in the instant motion are more properly suited for a motion *in limine*, as Moving Defendants have pointed out in their Memorandum. Therefore, Plaintiff respectfully requests that this Honorable Court enter an Order in the proposed form attached hereto.

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
1125 Walnut Street
Philadelphia, PA 19107
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiff*
*/d/ July 26, 2013*

# In The United States District Court For The Eastern District Of Pennsylvania

DANIEL V. MARINO
 *Plaintiff*

VS.

USHER, et al.
 *Defendants*

No. 11-cv-6811

## Proposed Order

AND NOW, this     day of       , 2013, upon consideration of Defendants' Motion to Strike those Parts of Michael A. Einhorn's July 12, 2013 Expert Report Violating the Court's April 24, 2013 Order and to Limit his Testimony, and Plaintiff's Response in opposition thereto, it is hereby ORDERED and DECREED that the Motion is DENIED.

BY THE COURT:

_____
THE HONORABLE PAUL S. DIAMOND
UNITED STATES DISTRICT JUDGE