IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL MARINO, | : | |
|     Plaintiff, | : | |
| v. | : | Civ. No. 11-6811 |
| | : | |
| USHER, et al., | : | |
|     Defendants. | : | |

## O R D E R

On April 28, 2013, I dismissed Plaintiff's claims against Moving Defendants for copyright infringement damages and profits that accrued before October 28, 2008. (Doc. No. 75.) On July 12, 2013, Plaintiff filed the amended expert report of Michael A. Einhorn, which includes the calculation of damages and profits accrued before October 28, 2008. (Doc. No. 90, Ex. 3.) Defendants Usher Terry Raymond IV, Sony Music Entertainment, EMI April Music Inc., EMI Blackwood Music Inc., Warner-Tamerlane Publishing Corp., UR-IV Music, Inc., Bystorm Entertainment, Mark Pitts, Issiah Avila, Jr., Bobby Ross Avila, Jr., Sublime Basement Tunez, Defenders of Music, Flyte Tyme Tunes, James Samuel Harris III, Terry Steven Lewis, and IN2N Entertainment Group, LLC move to strike those portions of Einhorn's Expert Report. (Doc. Nos. 90, 91.) The Moving Defendants also seeks to exclude from evidence any testimony by Einhorn related to damages or profits accrued before October 28, 2008. (Id.)

Plaintiff argues that pre-October 28, 2008 profits and damages are relevant to understanding the significance and commercial success of the *Confessions* album and the song, "Bad Girl." (Doc. No. 94 at 4.) I disagree. Evidence of damages and profits that

accrued before October 28, 2008 has no "tendency to make the existence of any [mutual] fact . . . more probable or less probable." Fed. R. Evid. 401; see also Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"); Pacific Gas & Elec. Co. v. United States, 70 Fed. Cl. 758 (Fed. Cl. 2006). Accordingly, I will strike those portions of Michael Einhorn's expert report offered only to prove damages and profits accrued before October 28, 2008. I will not allow Mr. Einhorn to offer testimony on the subject.

**AND NOW**, this 31st day of July, 2013, upon consideration of Moving Defendants' Motion to Strike (Doc. Nos. 90, 91), and related submissions (Doc. Nos. 94, 96), it is hereby **ORDERED** that Moving Defendants' Motion is **GRANTED** as follows:

1. Those portions of Michael Einhorn's expert report that would be offered only to prove damages before October 28, 2008 are hereby **STRIKEN**.

2. Moving Defendants' Motion to exclude Michael Einhorn's testimony is **GRANTED.**

                                                **AND IT IS SO ORDERED.**

                                                */s/ Paul S. Diamond*
                                                _____
                                                Paul S. Diamond, J.