UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL V. MARINO,<br>*Plaintiff*<br><br>v.<br><br>USHER, *et al.,*<br>*Defendants* | NO.: 11-CV-06811<br><br>BEFORE THE HONORABLE<br>PAUL S. DIAMOND |

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR SANCTIONS

Plaintiff has already devoted a considerable amount of time to rebutting defense counsels' untimely and spurious accusations. Instead of rehashing issues he already addressed in his Response, Plaintiff would like to direct the Court's attention to only two matters.

### I. MR. DAVIS ACCUSES ATTORNEY MALOFIY OF VIOLATING THE RPC BUT DOES NOT EVEN UNDERSTAND THE RULES

Mr. Davis, the provocateur ghost-writer for the Motion for Sanctions, makes the serious accusation that Attorney Malofiy violated Rule of Professional Conduct (RPC) 4.3(b) by providing legal advice to Mr. Guice when obtaining his affidavit, yet presents no evidence of such a violation.

Davis has repeatedly accused Attorney Malofiy of violating RPC 4.3(b) on the basis that Attorney Malofiy did not explain legal matters to Mr. Guice.[1] Def. Sanctions

---

[1] In the initial brief Davis filed regarding these sanctions he repeatedly claimed Malofiy never advised Guice to seek counsel and that Guice said Malofiy never advised him to do so. Plaintiff showed in his response that Davis completely ignored that Guice was so advised in writing and admitted as much in his second deposition. Davis now states that Guice was not "advised" to obtain counsel because he was told he "could"

Memo (*Do. No. 105*), p.10 ("Did Mr. Malofiy explain to you [Mr. Guice] what this Complaint meant before you started talking to him?"). **The reason Attorney Malofiy refrained from doing so is that RPC 4.3(b) explicitly forbids it**. Davis, now seemingly aware that he was bizarrely accusing Malofiy of violating the Rule by not engaging in conduct that violated the Rule, presents an unusual new theory on why Malofiy supposedly advised Guice of the law: apparently, it constituted legal advice when Mr. Malofiy told Mr. Guice he needed to sign and date his affidavit, and when Mr. Malofiy scheduled Guice's deposition in Philadelphia.

Defense counsels' argumentation has crossed a line from being vexatious to utterly absurd. To state the obvious, **it does not constitute legal advice to tell someone they need to sign a document to make it official**. If it did, every person not admitted to the bar in the United States would be guilty of the unauthorized practice of law. That this violation, unsupported by any meaningful evidence, continues to be alleged is frivolous, poisonous to Attorney Malofiy's reputation, and a waste of judicial resources.

Moreover, Davis says Attorney Malofiy violated Rule 4.3(c)[2] because Malofiy should have been aware Guice was allegedly confused with Malofiy's role in the case. In fact, there was *never* any confusion:

> MR. MALOFIY:
> Q. All right. So a couple things. You understand I'm the attorney for Daniel Marino; correct?
>
> A. Yes.
>
> Q. All right. You understand you're a defendant in this matter?
>
> A. Yes.

Guice Depo. 1 (*Do. No. 118-1*), pp.8–9

---

consult with an attorney. Def. Reply Brief, p.3 n.5. This is pure semantics and is contradicted by Guice's statement in his second deposition that he was advised to seek counsel by Mr. Malofiy. Guice Depo. 2 (*Do. No. 118-1*), p.150. Guice knew he could obtain representation, he just chose not to.

[2] RPC 4.3(c) (stating that if a "lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter," reasonable efforts should be taken to correct the misunderstanding)

Mr. Davis's only reason for claiming Malofiy should have known Guice was confused is because in Davis's narrow mind, in his head, and in the world which he deals and lives, a person would never sign a statement which is true and against his legal interest. To some the truth hurts, others deal with this pain by setting it free, still others attempt to hide and create the truth. Mr. Davis in his constricted view of the world and the law clearly ascribes to the later theory. And be that as it may, Davis just cannot wrap his head around the simple truth that there are still people in this world who are honest. Setting aside that Mr. Davis is evidently incapable of picturing a defendant who tells the truth, he ignores that it was **Guice who reached out to Malofiy** when Guice received the Complaint. Guice knew he was accused of wrongdoing, he knew Attorney Malofiy was representing his accuser Daniel Marino, and yet he took the initial step in revealing the obvious: that Daniel Marino wrote *Club Girl* and *Bad Girl*. Even if Guice did misunderstand Attorney Malofiy's role, it is absurd to assert that the mere fact that Guice reached out to Malofiy—who then explicitly informed Guice of both their roles—should alone put Malofiy on notice of such a misunderstanding. Yet, incredibly, that is Davis's entire basis for alleging this violation. Mr. Davis cannot handle the truth. Period.

## II. DAVIS ADMITS HE VIOLATED RPC 4.3(B), AND ALSO 4.3(A) AND (C)

Mr. Davis, perhaps realizing how evident it is that he did not understand Rule 4.3(b), does not deny giving Guice self-serving legal advice during his deposition. Def. Reply Brief, p.3 n.5. Davis says his clearly improper conduct was allowable because the advice came during Davis's examination of Guice. Id. But this begs the question as it incorrectly assumes that attorneys cannot violate RPC 4.3(b) in depositions. Depositions **are about facts, not the law**, and thus RPC 4.3(b)'s admonition that attorneys not legally advise those without representation obviously includes their depositions.[3] Davis ***never***

---

[3] Plaintiff notes that it is more important in depositions that unrepresented parties not be advised of the law, especially by parties directly adverse to their interests, because it can result in the mess now before the Court that Mr. Davis seems to think reflects poorly on anyone but him.

asked Guice a *single* question about the facts of this case at Guice's first deposition, instead **solely focusing on confusing Guice with respect to the law**, even going so far as to falsely claim Plaintiff was suing Guice for fraud.[4] Davis's conduct illustrates exactly why Rule 4.3(b) exists, because sophisticated attorneys like Mr. Davis can easily twist the understanding of unsophisticated, unrepresented parties like Mr. Guice. Mr. Malofiy understood this and rigorously avoided legally advising Guice while securing his affidavit and testimony—which is not against the Rules—except to inform him he could seek counsel.

The gravity of Mr. Davis's violation of Rule 4.3(b) is compounded by the fact that during this deposition Davis never informed Guice he represented party opponents, a clear violation of Rules 4.3(a) and (c).[5] Davis hypocritically accuses Mr. Malofiy of failing to adequately explain his role to Mr. Guice, **even though Davis completely failed to note he represented adverse parties**. Davis implied to Guice that he was on his side, and inexplicably failed to explain Davis's role, which any reasonable attorney in Davis's position would have known was necessary. This failure violates Rules 4.3(a) and (c).

## III. Conclusion

Attorney Malofiy has no interest in consuming the Court's time with these matters, but felt it necessary to respond to the accusation that directly targeted his reputation. These issues are stale, clearly filed as a litigation tactic, and are an abuse of the sanctions remedy.  Defendants' Motion for Sanctions should be Denied.

*****

*Respectfully submitted,*
Francis Alexander, LLC

---

[4] If Davis truly had concerns they should have been brought to the Court for consideration. And, after he had flouted the rules in Guice's first deposition, he did so. The Court simply ordered Guice's deposition to continue.

[5] RPC 4.3(a) (stating that when dealing with an unrepresented person "a lawyer shall not state or imply that the lawyer is disinterested")

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

*/d/ November 11, 2013*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiff's Sur-reply in Opposition to Defendants' Joint motion for Sanctions has been electronically filed with the Court via the ECF Filing System, served upon all counsel of record via electronic mail, and mailed to any unrepresented parties.

Jonathan D. Davis, P.C.
Jonathan D. Davis, Esquire
Derek A. Williams
99 Park Avenue | Suite 1600
New York, NY 10016
T: (212) 687-5464

Fox Rothschild, LLP
Michael Eidel, Esquire
Matthew Olesh, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103
T: (215) 299-2000

*Attorneys for Defendants*
*Usher Raymond IV a/k/a Usher ("Usher"), Sony Music Entertainment, EMI April Music, Inc., EMI Blackwood Music, Inc., Warner-Tamerlane Publishing Corp., UR-IV Music, Inc., Bystorm Entertainment, Mark Pitts, Issiah Avila, Jr., Bobby Ross Avila, Jr., Sublime Basement Tunez, Defenders of Music, Flyte Tyme Tunes, James Samuel Harris III, and Terry Steven Lewis*

Manatt, Phelps & Phillips, LLP
Mark S. Lee, Esquire
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
T: (310) 312-4000
F: (310) 312-4224
E: mlee@manatt.com

Rogers & Associates, LLC
Lance Rogers, Esquire
25 Elliot Avenue
Bryn Mawr, PA 19010
T: (610) 649-1880
F: (877) 649-1800

E:  lance@rogerscounsel.com
*Attorney for Defendant*
*IN2N Entertainment Group, LLC ("IN2N")*

THOMAS VAN DELL
10900 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024
T:  (310) 443-5332
E:  vandell@hudcan.com
*Defendant, Pro Se*

DANTE E. BARTON
1111 Bergan Road
Oreland, PA 19075
*Defendant, Pro Se*

WILLIAM C. GUICE
16794 East Tufts Avenue
Aurora, CO 80015
*Defendant, Pro Se*

*****

        *Respectfully submitted,*
        FRANCIS ALEXANDER, LLC

        */s/ Francis Malofiy*
        Francis Malofiy, Esquire
        Attorney ID No.:  208494
        The Beasley Building
        1125 Walnut Street
        Philadelphia, PA 19107
        T:  (215) 500-1000
        F:  (215) 500-1005
        *Law Firm / Lawyer for Plaintiff*

        */d/ November 11, 2013*