UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL V. MARINO,<br><br>                    Plaintiff,<br><br>          v.<br><br>USHER (a/k/a Usher Terry Raymond IV); SONY MUSIC ENTERTAINMENT; EMI APRIL MUSIC, INC.; EMI BLACKWOOD MUSIC, INC.; JAMES SAMUEL HARRIS III; TERRY STEVEN LEWIS; BOBBY ROSS AVILA, JR.; ISSIAH AVILA, JR.; WILLIAM C. GUICE; DANTE E. BARTON; DESTRO MUSIC PRODUCTIONS, INC.; DEFENDERS OF MUSIC; FLYTE TYME TUNES; SUBLIME BASEMENT TUNEZ; UR-IV MUSIC, INC.; WARNER-TAMERLANE PUBLISHING CORP.; MARK PITTS; BYSTORM ENTERTAINMENT; TOMMY VAN DELL; and IN2N ENTERTAINMENT GROUP, LLC,<br><br>                    Defendants. | 11 Civ. 6811 (PSD)<br><br><br><br><br>BEFORE THE HONORABLE<br>PAUL S. DIAMOND |

**DEFENDANT IN2N ENTERTAINMENT GROUP, LLC'S RESPONSE TO SUR-REPLY IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant IN2N Entertainment Group, LLC ("IN2N"), by its undersigned counsel, submits this response to Plaintiff's Omnibus Sur-Reply in Opposition to Defendant's Reply Briefs, in further support of IN2N's motion for summary judgment.[1]

---

[1] This response brief focuses on the factual and legal misstatements Plaintiff made in his Sur-Reply to IN2N's summary judgment motion. The other Moving Defendants will promptly file a separate response to address Plaintiff's other misstatements of law and fact.

1

I.     **MARINO'S SUR-REPLY CONTINUES TO IGNORE THE RIGHTS GRANTED TO IN2N, WHICH REQUIRE SUMMARY JUDGMENT IN DEFENDANTS' FAVOR**

Although Plaintiff's Sur-Reply unmeritoriously reargues the facts and law regarding the UW Agreement at length (Dkt. No. 120, pp. 2-15), it continues to ignore the two other Co-Publishing Agreements by which co-authors Dante Barton ("Barton") and Wil Guice ("Guice") separately granted some of their individual copyright interests in the songs at issue to IN2N. (*See* IN2N's Reply, Dkt. No. 114, pp. 6-7.) Plaintiff therefore does not dispute that those agreements granted copyright interests in those songs to IN2N, which IN2N, in turn, licensed to the other Moving Defendants. Those undisputed licenses independently establish that the Moving Defendants cannot be liable for copyright infringement as a matter of law regardless of the UW Agreement. (*Id.*)

II.     **PLAINTIFF'S SUR-REPLY CONTINUES TO ARGUE A LEGAL POSITION THAT NO REPORTED DECISION HAS EVER ACCEPTED**

No reported decision has ever accepted Plaintiff's argument that Barton and Guice could not grant any of their <u>own</u> copyright interests to IN2N or the other defendants by a signed writing because Marino did not also sign the transfer documents. No case has so held because Marino's argument is contrary to fundamental principles of copyright law. (*See* Dkt. No. 114, pp. 3-5.) To the contrary, every court to address the issue, including the cases Plaintiff cites, has recognized that joint owners can grant individual copyright interests by a simple written instrument. This Court should not be misled into accepting Plaintiff's unmeritorious theory by his lengthy discussion of case law that he inaccurately states or implies supports his position.

*Davis v. Blige,* 505 F.3d 90 (2d Cir. 2007), for example, certainly did <u>not</u> hold that a grant of "exclusive" rights by one co-owner was "void" if not signed by all co-owners, as Plaintiff erroneously claims. That issue was not before the *Davis* court. The facts in *Davis* are dissimilar from those in this case. *Davis* concerned the enforceability of retroactive assignments of copyright that were granted while discovery was being pursued in a lawsuit for copyright infringement.

*Davis* affirmed, among other things, that joint owners can separately transfer their copyright interests to third parties without other joint owners' consent, but that any such transfer by one co-owner could not deprive another co-owner of accrued rights. *Davis, supra,* 505 F.3d at 98-101. That holding is consistent with subsequent case law that a single co-owner's grant of rights can be "exclusive" as to that co-owner but is "non-exclusive" as to other non-transferring co-owners. (Dkt. No. 114, pp. 4-5.) Questions involving "accrued" rights by non-transferring co-owners are unimportant here because all relevant grants by Barton and Guice took place years before Marino's purported "rights" for alleged infringement during the limitations period "accrued." (Dkt. No. 103, pp. 5-8.)

Further, Plaintiff's citation to cases criticizing *Sybersound v. Records, Inc. v. UAV Corporation*, 517 F.3d 1137 (9th Cir. 2008) (*see* Dkt. No. 120), do not support Plaintiff's arguments. To the contrary, those cases further support IN2N's position. Besides the *Sybersound* holding IN2N cited in its Reply, *Sybersound* also held that the non-exclusive copyright interests the copyright co-owners effectively granted to the plaintiff in that case did not also grant him standing to pursue a copyright infringement claim. 517 F.3d at 1146. It is that aspect alone that is controversial and has been criticized by some courts. *See, e.g., Brownmark Films, LLC v. Comedy Partners, supra*, 800 F.Supp.2d at 996-97; Dkt. No. 120, pp. 12-13.

The standing issue confronted in *Sybersound* is not before this Court. None of the Moving Defendants, including IN2N, are alleging copyright infringement against anyone. However, the courts that have declined to follow *Sybersound* on the standing issue did so because they concluded that a single co-owner's grant of "exclusive" rights (including the right to sue) granted <u>more</u> rights than the *Sybersound* court held. *See, e.g., Brownmark, supra*, 800 F. Supp. at 996-97. Thus, the cases Plaintiff cites in his Sur-Reply further support summary judgment here because they show that a single co-owner's transfer of "exclusive" rights grants those rights to his or her assignees or licensees.

### III. PLAINTIFF'S SUR-REPLY CONTINUES TO IGNORE AUTHORITY AND EVIDENCE WHICH ESTABLISHES THAT IN2N CANNOT BE LIABLE FOR CONTRIBUTORY OR VICARIOUS COPYRIGHT INFRINGEMENT

Plaintiff's argument that IN2N can be secondarily liable for copyright infringement because it "received $69,822 in the limitations period" (Dkt. No. 120, p. 23) continues to ignore the legal authority IN2N cited in its motion and reply establishing that the receipt of monies alone does not support a vicarious infringement claim. (*See* IN2N Joinder, Dkt. No. 103, pp. 9-10, and IN2N Reply, Dkt. No. 114, pp. 8-9 and cases cited therein).

Further, Plaintiff does not address the undisputed fact that IN2N's successor, rather than IN2N, received all monies associated with the songs at issue during the statute of limitations period. (See Dkt. No. 114, pp. 8-9.) Plaintiff purports to "support" his inaccurate claim that IN2N received monies during that period by citing the "Einhorn Rebuttal Report, p. 28" (Dkt. No. 120, p. 24.) However, page 28 of the Einhorn Rebuttal Report cited by Plaintiff says nothing about IN2N receiving any money. (*Id.*) The undisputed facts are that IN2N received nothing after 2005 because it ceased business operations at that time. (Dkt. No. 114, pp. 8-9.) Any monies received after that date were received by IN2N's successor, not IN2N. (*Id.*) IN2N cannot be liable for monies received by a different entity years after IN2N ceased business operations.

### IV. CONCLUSION

Plaintiff's Sur-Reply further demonstrates that summary judgment should be granted in favor of IN2N and the other Moving Defendants for all of the reasons described above and in their previous submissions.

Dated: November 20, 2013                    Respectfully submitted,

/s/ Mark S. Lee
Mark S. Lee
admitted *pro hac vice*
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard

4

Los Angeles, CA  90064-1614
phone:  (310) 312-4000
fax:  (310) 312-4224
email:  mlee@manatt.com


/s/ Lance Rogers
Lance Rogers
Rogers & Associates, LLC
25 Elliott Avenue
Bryn Mawr, PA  19010
Telephone:  (610) 649-1880
Fax:  (877) 649-1800
email:  lance@rogerscounsel.com

*Attorneys for Defendant IN2N Entertainment Group, LLC*

Electronically Submitted

5