

# Fox Rothschild LLP
ATTORNEYS AT LAW

2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Tel 215.299.2000  Fax 215.299.2150
www.foxrothschild.com

December 6, 2013

**VIA FACSIMILE (267-299-5069)**

The Honorable Paul S. Diamond
United States District Judge
United States District Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

**FILED**

DEC 0 6 2013

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

    Re:  Marino v. Raymond, et al.
          11-cv-6811 (PSD)

Dear Judge Diamond:

    We write on behalf of our clients and defendant IN2N Entertainment Group, LLC (the "Moving Defendants") as well as Thomas van Dell, proceeding *pro se*, to request that your Honor adjourn the February 11, 2014 trial start date and the attendant pretrial submission deadlines.[1] Plaintiff informs us that he objects to this application.

    The briefing for the Moving Defendants' summary judgment motions ran longer than expected. Although we anticipated the likelihood of filing a reply to Plaintiff's opposition to the motion, we did not anticipate Plaintiff's November 10, 2013 sur-reply (Doc. No. 120), which required the Moving Defendants to submit additional responses on November 20 and 27, 2013. Doc. Nos. 128, 129, and 129-1 - 129-2. Had those submissions not be made, the summary judgment motions would have been fully submitted as of October 31.

---

[1] We represent Usher Raymond IV a/k/a Usher, Sony Music Entertainment, EMI April Music Inc., EMI Blackwood Music Inc., Warner-Tamerlane Publishing Corp., UR-IV Music, Inc., Bystorm Entertainment, Mark Pitts, Issiah Avila, Bobby Ross Avila, Sublime Basement Tunez, Defenders of Music, Flyte Tyme Tunes, James Samuel Harris III, and Terry Steven Lewis.

A Pennsylvania Limited Liability Partnership

California   Colorado   Connecticut   Delaware   District of Columbia
       Florida   Nevada   New Jersey   New York   Pennsylvania



**Fox Rothschild** LLP
ATTORNEYS AT LAW

In October, we asked the Court to adjourn the December 17 trial date because: (1) holding the trial in mid-December would have impacted holiday plans for jurors and dozens of individuals, and (2) postponing the trial would allow the parties to benefit from the Court's summary judgment ruling, which could obviate the need for any trial or at the very least greatly reduce its scope, thereby saving all parties hundreds of hours of attorney and witness time, and potentially reducing the need to submit numerous *Daubert* and other *in limine* motions.

When we requested the adjournment of the trial date in October, we did not anticipate that the briefing of Defendants' sanctions motion against Attorney Francis Malofiy would become so extensive or that a hearing would be scheduled on January 3, 2014. Doc. Nos. 105 (with exhibits), 117-18 (with exhibits), 119 (with exhibits), 121, 122, 123 and 125. The sanctions hearing will require Defendants to spend some portion of December preparing for this important hearing.

Under the Second Amended Scheduling Order, dated October 23, 2013 ("Scheduling Order") (Doc. No. 111), the parties' trial preparations need to start in the next week or so. Plaintiff's proposed stipulated facts are due December 30, and Defendants' responses and counter-proposals are due January 3, 2014.

We believe, of course, that the Moving Defendants' summary judgment motions are meritorious and should avoid any trial of this matter. If the motions are granted, the only remaining issues would be Plaintiff's state law claims against Defendants Guice and Barton/Destro Music Productions, Inc., but, as we noted in our prior letter, those claims can be disposed of without a jury based on the defaults taken by Plaintiff. Although the parties surely disagree on the merits of the summary judgment motions, it is indisputable that both sides will save substantial time and expense if a further adjournment is granted and your Honor grants the Moving Defendants' summary judgment motions.

For the parties to retain the benefit of the previous adjournment of the trial schedule, we respectfully request the Court further adjourn the trial date until 60 days after your Honor has ruled on the summary judgment motions or an alternative scheduling arrangement that addresses the time and cost concerns of the parties. We did not want to wait until the eleventh hour to make this request to your Honor.

**The Current Schedule**

Under your Honor's Scheduling Order, the current trial schedule is the following:

1. By **December 30**, Plaintiff must submit proposed stipulated facts. Defendants' response and counter-proposals are due **January 3**. Plaintiff must respond to any counter-proposals by **January 7**.

2



**Fox Rothschild LLP**
ATTORNEYS AT LAW

2. The parties must submit deposition designations by **January 7**, and counter-designations by **January 9**. Objections are due by **January 16**.

3. By **January 7**, the parties must submit the following:
   - Copies of every exhibit they expect to offer at trial;
   - CVs for each expert witness;
   - Identifications of each discovery item expected to be offered into evidence; and
   - Notification of documents that will be admissible as business records.

4. By **January 14**, the parties must submit pre-trial memoranda of law and any motions *in limine*. Responses to the motions are due by **January 21**.

5. By **January 21**, the parties must jointly submit (after meeting and conferring) the following:
   - Proposed jury *voir dire* questions;
   - Jury interrogatories;
   - Verdict sheets; and
   - Proposed jury instructions.

A final pretrial conference is scheduled for **February 4** at 10 a.m.

### "Good Cause" Exists for Continuing the Trial Date

If the motions are granted in their entirety, a continuance will save both sides and their respective clients hundreds of hours in attorney and witness preparation time. Even a decision awarding partial summary judgment would moot substantial areas of testimony, evidence and pre-trial and post-trial motion practice, including the anticipated *Daubert* and *in limine* motions. By focusing counsels' attention on what, if anything, remains to be tried, the Court's ruling would assist the parties in presenting a targeted and streamlined trial. As it stands, with the number of likely witnesses, which is at least 17, a trial could exceed two weeks.

\* \* \*

We respectfully request that your Honor consider this request as pragmatic given the pending summary judgment motions. If the trial date is adjourned as requested, we respectfully request that the remaining pre-trial submission deadlines be conformed to the new trial date, if one is necessary, after the summary judgment motions are decided.



We thank the Court for its consideration of this request.

Respectfully submitted,

Michael Eidel

cc: Francis A. Malofiy, Esq.
    Jonathan D. Davis, Esq.
    Derek Williams, Esq.
    Mark S. Lee, Esq.
    Lance Rogers, Esq.
    Mr. Thomas van Dell (*Pro Se*)
    Matthew S. Olesh, Esq.
    (All Via Email/PDF concurrently with transmission of this letter to the Court)