# JONATHAN D. DAVIS, P.C.
### ATTORNEYS AT LAW
99 PARK AVENUE
SUITE 1600
NEW YORK, NEW YORK 10016

TEL: (212) 687-5464
FAX: (212) 687-0565
WWW.JDDAVISPC.COM

March 24, 2014

**VIA FACSIMILE**

The Honorable Paul S. Diamond
United States District Judge
United States District Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

> Re: Marino v. Raymond, et al.
> 11-cv-6811 (PSD)

Dear Judge Diamond:

    The Moving Defendants submit this response to Respondent Francis Malofiy's post-hearing submission concerning the Moving Defendants' Sanctions Motion.

    In response to the Moving Defendants' Proposed Findings of Fact and Conclusions of Law (the "Proposed Findings"), ECF No. 148, Respondent Malofiy maintains he did "nothing wrong" because it was not Respondent Malofiy's responsibility "to provide a textbook on the civil litigation system" to Defendant William Guice and because "the fact that [Mr. Guice] can't afford counsel is of no concern to this Court." ECF No. 150 at 15, 17, 18.

    To accept Respondent Malofiy's argument that he complied with Rule 4.3 of the Pennsylvania Rules of Professional Conduct ("Rule 4.3") would require this Court to accept his characterization of the witnesses' testimony and to *ignore* the following facts established during two days of hearings:

- Mr. Guice has limited education, is indigent and unemployed.

- Respondent Malofiy did not advise Defendant Guice to secure counsel in their first telephone call. That call was prompted by Mr. Guice's lack of comprehension of the Amended Complaint and not a sense of duty to remedy a purported injustice to Plaintiff Daniel Marino.

- Respondent Malofiy interviewed Defendant Guice without counsel and prepared an "affidavit" that Mr. Guice signed, implicating himself in conduct alleged in the Amended

The Honorable Paul S. Diamond
March 24, 2014
Page 2

Complaint, all the while believing himself to be only a witness. Respondent Malofiy inserted the word defendant in that "affidavit," which, among other words, Mr. Guice did not comprehend.

- Respondent Malofiy did not mention anything to Defendant Guice about speaking with a lawyer until it was too late to help him: Respondent Malofiy had already interviewed him without counsel and prepared an "affidavit" for him to sign. Mentioning to Defendant Guice that he could have a lawyer review it is not, as the Court has observed, advice to secure counsel.

- After Defendant Guice signed and delivered the "affidavit" that Respondent Malofiy prepared, having failed to alert Defendant Guice that he was required to file a response to the Amended Complaint, Respondent Malofiy obtained the entry of default against Defendant Guice without warning.

- Respondent Malofiy lured Defendant Guice to a deposition with an all-expense paid trip to Philadelphia (fostering his belief that he was only a witness) to secure testimony against Guice's own interests and without knowledge that a default had been entered against him approximately a year earlier.

- Respondent Malofiy spoke with Defendant Guice before the deposition about the topics that would be covered and interfered with defense counsel's cross-examination of Mr. Guice in an attempt to control his responses.

- Respondent Malofiy did not voluntarily vacate the default against Defendant Guice or agree not to use the "affidavit" from Guice containing admissions against his interests, even though Guice was confused about his role and the role of Respondent Malofiy.

- Because of Respondent Malofiy's misconduct, the Moving Defendants had to depose Defendant Guice a second time and oppose Respondent's attempts to interfere and stall the taking of that deposition, all of which caused the Moving Defendant to incur additional attorney's fees and costs.

The Honorable Paul S. Diamond
March 24, 2014
Page 3

   Respondent Malofiy's counsel, Samuel C. Stretton, even acknowledged during the sanctions hearing that if he had committed the same conduct as his client, he would have violated Rule 4.3 and deserved sanctions and probable disbarment:

> *If I was doing something like this now, I certainly would warrant sanctions and probably removal from the practice.* But that's not the situation here. Let's put this in context and I do believe that it's important to give young lawyers the benefit of the doubt.

1/28/14 Tr. at 52:8-53:9 (emphasis added).

   In explaining why he would be deserving of sanctions and disbarment – *but not his client* – Mr. Stretton argued that Respondent Malofiy was young, inexperienced, and without a mentor. He commended Respondent Malofiy for taking on this lawsuit, forgetting that his client's improper motive underlying his misconduct was to secure a litigation advantage to share a hoped-for multi-million dollar judgment. *Id.* at 52:21-23.

   Rule 4.3 does not have a sliding scale of compliance based on age or experience. The consequences of such a variable standard would create chaos and uncertainty in policing the legal profession. Respondent Malofiy committed a textbook violation of Rule 4.3, a rule that is designed to prevent the very manipulation Defendant Guice endured. Sanctions are warranted under 28 U.S.C. § 1927, which is designed to address the harm the Moving Defendants suffered as a result of Respondent Malofiy's misconduct, as well as under the Court's inherent authority to police an attorney's misconduct.

   A finding of "bad faith" by Respondent Malofiy is supported by his repeated misconduct during this lawsuit, his attempt to conceal his misconduct, and his obliviousness to the nature and scope of his transgressions, even to the point of calling defense counsel "Cry Babies" on the public docket.

   Mr. Stretton's characterization of Defendant Guice as a non-credible witness has no traction in the face of Mr. Guice's unrebutted testimony and his client's surprising refusal to take the stand and defend his conduct towards Mr. Guice. As a matter of law, the Court can infer that any testimony by Respondent Malofiy would have been unfavorable to his defense.

   Finally, Mr. Malofiy's submission of a single telephone record does not help him. The Court's January 28, 2014 Order (ECF No. 144) required Respondent Malofiy to advise counsel by January 31, 2014 whether he would produce any telephone records. Respondent Malofiy did not do so. Mr. Malofiy obtained the single record produced *on*

The Honorable Paul S. Diamond
March 24, 2014
Page 4

*or about February 15* (the envelope is postmarked February 12, 2014 from the sender), but he did not reveal it to defense counsel until March 4, which was four days *after* the February 28 deadline that the Moving Defendants had to file their Proposed Findings. The telephone record produced confirms that at least two phone calls occurred between Respondent Malofiy and Defendant Guice. But it cannot be determined from that record, which is largely redacted, when and what types of calls are recorded by the telephone service provider, or if any of the redacted telephone numbers represent calls from Defendant Guice to Respondent Malofiy using a land-line or someone else's cell phone.

The telephone record also does not refute Defendant Guice's unrebutted testimony that he spoke to Mr. Malofiy *at least three times* by telephone. Mr. Guice recalls telephoning Respondent Malofiy after skimming the Amended Complaint on February 14, 2012, Valentine's Day. Deposition Transcript of William Guice (May 2, 2013) at 168:3-14. Two additional telephone calls followed on February 23, 2012, as reflected on the telephone record. Mr. Stretton implausibly contends that Defendant Guice sat with the Amended Complaint for *nine days* before contacting Mr. Malofiy on February 23, 2012, to first discuss what the document meant after Mr. Guice could not decipher it. 1/6/14 Tr. 18:8-13. By not testifying, Respondent Malofiy did not contradict Defendant Guice's testimony, and the naked telephone invoice cannot speak for him.

Regardless of the number of calls between Respondent Malofiy and Defendant Guice, Respondent Malofiy did not advise Mr. Guice to secure counsel in their first call.

Based on the hearings and the parties' submissions, there is no defense to or excuse for Respondent Malofiy's misconduct and consequent violation of Rule 4.3. This is not misconduct that can be attributed to misunderstanding, bad judgment or well-intentioned zeal. Moving Defendants respectfully request that this Court grant the motion for sanctions against Respondent Malofiy.

Respectfully submitted,

Jonathan D. Davis

JDD:hs

cc: Samuel C. Stretton, Esq.
    Lance Rogers, Esq.
    Bruce L. Castor, Jr., Esq.
    Michael Eidel, Esq.

The Honorable Paul S. Diamond
March 24, 2014
Page 5

  Mr. Thomas van Dell (*Pro Se*)
  (All Via Email/PDF, *concurrently* with transmission of this letter to the Court)