United States District Court
Eastern District of Pennsylvania

| | |
|---|---|
| Daniel V. Marino,<br>*Plaintiff*<br><br>v.<br><br>Usher, *et al.*,<br>*Defendants* | No.: 11-cv-06811<br><br>Before the Honorable<br>Paul S. Diamond |

# Plaintiff's Motion for Clarification on Whether Judgment is Final and Appealable

## I. Matter Before the Court

1. Plaintiff requests that the Court clarify whether its Order (*Doc. No. 155*) dated May 21, 2014, granting summary judgment to Moving Defendants is a final decision that can be appealed under 28 U.S.C. § 1291 and Federal Rule of Civil Procedure 54(b). Plaintiff asks for this clarification because defense counsel has argued to Plaintiff that they are entitled to seek full litigation costs at this time as the prevailing party pursuant to 17 U.S.C. § 505; however, Plaintiff's position is that this is premature as he does not believe Defendants can seek those costs before the Court has entered final judgment.

## II. Facts

2. The Court's Order grants summary judgment for all defendants except William Guice, Dante Barton, and Destro Music Productions, Inc., however, the Order does not expressly state whether it is a final decision or judgment which can be appealed under Rule 54(b). Moving Defendants are requesting litigation costs as the prevailing party pursuant to 17 U.S.C. § 505, which Plaintiff does not believe can be requested until a final judgment is entered. See Exhibit 1 - Email Chain Between Plaintiff's Counsel and Defense Counsel.

### III. Action Requested of the Court

3. Plaintiff believes under Federal Rule of Civil Procedure 54(b), 28 U.S.C. § 1291, and <u>Elliott v. Archdiocese of N.Y.</u>, 682 F.3d 213, 221 (3d Cir. 2012) that the Court's Order is not a final decision, that it cannot be appealed at this time, and that litigation costs cannot be sought.

4. However, Moving Defendants believe that they are entitled to seek full litigation costs immediately as the prevailing party pursuant to 17 U.S.C. § 505. <u>See</u> Exhibit 1 – Email Chain Between Plaintiff's Counsel and Defense Counsel.

5. Plaintiff therefore requests that the Court clarify whether or not the Order is a final decision which can be appealed and from which prevailing party litigation costs pursuant to 17 U.S.C. § 505 can be sought.

*****

*Respectfully submitted,*
Francis Alexander, LLC

<u>/s/ Francis Malofiy</u>
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

<u>/d/ May 27, 2014</u>

United States District Court
Eastern District of Pennsylvania

| | |
|---|---|
| Daniel V. Marino,<br>*Plaintiff*<br><br>v.<br><br>Usher, *et al.*,<br>*Defendants* | No.: 11-cv-06811<br><br>Before the Honorable<br>Paul S. Diamond |

# Memorandum of Law in Support of Plaintiff's Motion for Clarification on Whether Judgment is Final and Appealable

## I.   Matter Before the Court

Plaintiff requests that the Court clarify whether its Order (*Doc. No. 155*) dated May 21, 2014, granting summary judgment to Moving Defendants is a final decision that can be appealed under 28 U.S.C. § 1291 and Federal Rule of Civil Procedure 54(b). Plaintiff asks for this clarification because defense counsel has argued to Plaintiff that they are entitled to seek full litigation costs at this time as the prevailing party pursuant to 17 U.S.C. § 505; however, Plaintiff's position is that this is premature as he does not believe Defendants can seek those costs before the Court has entered final judgment.

## II.   Facts

The Court's Order grants summary judgment for all defendants except William Guice, Dante Barton, and Destro Music Productions, Inc., however, the Order does not expressly state whether it is a final decision or judgment which can be appealed under Rule 54(b). Moving Defendants are requesting litigation costs as the prevailing party pursuant to 17 U.S.C. § 505, which Plaintiff does not believe can be requested until a final judgment is entered. See Exhibit 1 - Email Chain Between Plaintiff's Counsel and Defense Counsel.

### III. STATEMENT OF LAW

Federal Rule of Civil Procedure 54(b) governs when an order dismissing less than all parties from a case is considered a final decision:

> JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or **when multiple parties are involved**, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court *expressly* determines that there is no just reason for delay**. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties **does not end the action as to any of the claims or parties** and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Appellate jurisdiction is vested in a circuit court only when the district court makes a "final" determination. See 28 U.S.C. § 1291. In Elliott v. Archdiocese of N.Y., 682 F.3d 213, 221 (3d Cir. 2012), the Third Circuit is clear that any determination dismissing fewer than all defendants from a case must contain an express determination under Rule 54(b) that there is no just reason for delay before the decision becomes final:

> Generally, an order which terminates fewer than all claims pending in an action or claims against fewer than all the parties to an action does not constitute a "final" order for purposes of *28 U.S.C. § 1291*. Under *Rule 54(b)*, however, a district court may convert an order adjudicating less than an entire action to the end that it becomes a "final" decision over which a court of appeals may exercise jurisdiction under *28 U.S.C. § 1291*.
> . . . .
> [The requirement that the] district court "must go on to determine whether there is any just reason for delay," is not merely formalistic. *Rule 54(b)* makes clear that a district court may direct entry of a final judgment under the rule "only if the court expressly determines that there is no just reason for delay." . . . . Otherwise, if the court does not make that determination, 'any order or other decision, however designated' that does not dispose of all claims against all parties **is not final under *Rule 54(b)***.
>
> Consequently, where an order purports to certify a judgment as final under *Rule 54(b)* but lacks the express determination that the rule requires, a court of appeals lacks jurisdiction over the order because it is not a "final" judgment under either *Rule 54(b)* or under the traditional standards of *28 U.S.C. § 1291*.

Elliott, 682 F.3d at 219–21 (citations omitted) (italics in original).

## IV. Application

Given that the Court's Order and Opinion (*Doc. No. 154*) does not appear to contain an express determination there is no just cause for delay, Plaintiff's assumption is that the Court did not intend to issue a final decision at this time. Plaintiff thought this was the Court's intention given that it asked Plaintiff to file a brief with respect to defendant Guice by June 6, 2014.

However, defense counsel called and emailed Plaintiff's counsel on Friday, May 23, 2014, and stated that Moving Defendants planned to file for costs under 17 U.S.C. § 505 immediately as the prevailing party and wanted Plaintiff to stipulate to an extension of time for Moving Defendants to file for those costs. See Exhibit 1. Plaintiff told Defendants he believed any motion for litigation costs was premature and that the Court's Sanctions Order (*Doc. No. 153*) specifically told Defendants to compile costs related to the Guice Issue and nothing else. Defendants insisted that they are entitled to litigation costs immediately, a position with which Plaintiff does not agree. See, e.g., Goldstein v. GNOC, Corp., 1994 U.S. Dist. LEXIS 11731 (E.D. Pa. 1994) (stating that costs may not be taxed unless a final judgment has been entered); see also Fed. R.C.P. 54(b) (stating that without an express determination by the Court, the action continues against all parties).

## V. Action Requested of the Court

Plaintiff requests that the Court clarify whether or not its Order (*Doc. No. 155*) granting summary judgment to moving Defendants is a final decision from which an appeal can be taken and from which prevailing party litigation costs pursuant to 17 U.S.C. § 505 can be sought.

*****

*Respectfully submitted,*
Francis Alexander, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

*/d/ May 27, 2014*

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion for Clarification on Whether Judgment is Final and Appealable has been electronically filed with the Court via the ECF Filing System, served upon all counsel of record via electronic mail, and mailed to any unrepresented parties.

Jonathan D. Davis, P.C.
Jonathan D. Davis, Esquire
Derek A. Williams
99 Park Avenue | Suite 1600
New York, NY 10016
T:  (212) 687-5464
E: jdd@jddavispc.com
E: DAW@jddavispc.com

Fox Rothschild, LLP
Michael Eidel, Esquire
Matthew Olesh, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103
T:  (215) 299-2000
E: MEidel@foxrothschild.com

*Attorneys for Defendants*
*Usher Raymond IV a/k/a Usher ("Usher"), Sony Music Entertainment, EMI April Music, Inc., EMI Blackwood Music, Inc., Warner-Tamerlane Publishing Corp., UR-IV Music, Inc., Bystorm Entertainment, Mark Pitts, Issiah Avila, Jr., Bobby Ross Avila, Jr., Sublime Basement Tunez, Defenders of Music, Flyte Tyme Tunes, James Samuel Harris III, and Terry Steven Lewis*

Manatt, Phelps & Phillips, LLP
Mark S. Lee, Esquire
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
T:  (310) 312-4000
F:  (310) 312-4224
E: mlee@manatt.com

Rogers & Associates, LLC
Lance Rogers, Esquire
25 Elliot Avenue
Bryn Mawr, PA 19010
T: (610) 649-1880
F: (877) 649-1800
E: lance@rogerscounsel.com
*Attorney for Defendant*
*IN2N Entertainment Group, LLC ("IN2N")*

Thomas Van Dell
10900 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024
T: (310) 443-5332
E: vandell@hudcan.com
*Defendant, Pro Se*

Dante E. Barton
1111 Bergan Road
Oreland, PA 19075
*Defendant, Pro Se*

William C. Guice
16794 East Tufts Avenue
Aurora, CO 80015
*Defendant, Pro Se*

Samuel C. Stretton, Esquire
301 South High Street
West Chester, PA 19381-3231

*****

*Respectfully submitted,*
Francis Alexander, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

*/d/ May 27, 2014*