# EXHIBIT 1

## Email Chain Between

## Plaintiff's Counsel and Defense Counsel

| | |
|---|---|
| **From:** | Francis Alexander Malofiy |
| **To:** | Jonathan D. Davis |
| **Cc:** | lance@rogerscounsel.com; vandell@hudcan.com; "Lee, Mark"; "Eidel, Michael L."; "Derek A. Williams, Esq."; s.stretton@verizon.net; AJ Fluehr |
| **Subject:** | RE: Marino v. Raymond, et al. |
| **Date:** | Friday, May 23, 2014 9:03:37 PM |

Dear Mr. Davis,

Plaintiff has no objection if you need additional time to submit a petition setting forth your costs as it relates to the sanctions order; however, it is Plaintiff's position that any petition to this court to consider costs under section 505 of the Copyright Act is premature.

Federal Rule of Civil Procedure 54(b) and Third Circuit precedent indicate that no final judgment has been entered in this case, and that consequently any motion for taxation of costs under section 505 is not allowed at this juncture.

Under Rule 54(b):

"Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or **when multiple parties are involved**, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court *expressly* determines that there is no just reason for delay**. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties **does not end the action as to any of the claims or parties** and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

In Elliott v. Archdiocese of N.Y., 682 F.3d 213, 221 (3d Cir. 2012), the Third Circuit is clear that any determination dismissing fewer than all defendants from a case must contain an express determination that there is no just reason for delay before the decision becomes final:

"[The requirement that the] district court 'must go on to determine whether there is any just reason for delay,' is not merely formalistic. Rule 54(b) makes clear that a district court may direct entry of a final judgment under the rule 'only if the court expressly determines that there is no just reason for delay.' . . . . Otherwise, if the court does not make that determination, 'any order or other decision, however designated' that does not dispose of all claims against all parties **is not final under Rule 54(b)**."
Given that it does not appear that the Court's opinion and order address Rule 54(b), no final order has been entered and you cannot file a motion for costs. See Goldstein v. GNOC, Corp., 1994 U.S. Dist. LEXIS 11731 (E.D. Pa. 1994) (stating that costs may not be taxed unless a final judgment has been entered).

\*\*\*

Please share Plaintiff's position with the Court in your request for an extension.


\*\*\*\*\*
With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC

280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

---

**From:** Jonathan D. Davis [mailto:jdd@jddavispc.com]
**Sent:** Friday, May 23, 2014 6:09 PM
**To:** Francis Alexander Malofiy
**Cc:** lance@rogerscounsel.com; vandell@hudcan.com; 'Lee, Mark'; 'Eidel, Michael L.'; 'Derek A. Williams, Esq.'; s.stretton@verizon.net; AJ Fluehr
**Subject:** RE: Marino v. Raymond, et al.

Dear Mr. Malofiy:

We disagree with your interpretation of the Judge's order granting summary judgment and the applicable procedural and statutory rules.  Our entitlement to fees and costs on the sanctions order is separate.  The Court has ordered that we submit our petition for those fees and costs by June 4.   But once the judgment is entered granting summary judgment dismissing the complaint, the clock begins to run to file our motion for Section 505 costs, including reasonable attorney's fees, under the Copyright Act.  Would you please let me know today if you consent or oppose our planned application to Judge Diamond for an extension of the time to file that motion.  Thank you.

Regards,
Jonathan D. Davis

**Jonathan D. Davis, Esq.**
**JONATHAN D. DAVIS, P.C.**
Attorneys at Law
99 Park Avenue
Suite 1600
New York, New York 10016
Tel. (212) 687-5464
Fax (212) 557-0565
jdd@jddavispc.com
www.jddavispc.com
================================================================================

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.
================================================================================

---

**From:** Francis Alexander [mailto:francis@francisalexander.com]
**Sent:** Friday, May 23, 2014 5:15 PM
**To:** 'Jonathan D. Davis'
**Cc:** lance@rogerscounsel.com; vandell@hudcan.com; 'Lee, Mark'; 'Eidel, Michael L.'; 'Derek A. Williams, Esq.'; s.stretton@verizon.net; francis@francisalexander.com; aj@francisalexander.com
**Subject:** RE: Marino v. Raymond, et al.

Dear Mr. Davis,

From my reading of the Judge's Orders and my understanding of the Rules, it appears that your request for reasonable attorney's fees, under 17 U.S.C. Section 505 as the "prevailing party" is premature.

My reading of Judge Diamond's Sanctions Order—Numbers (1) and (2)—seems to indicate that he is referring to submitting a petition setting forth the increased costs associated with and relating to 1927 conduct complained of in the sanctions motion.

Wouldn't you agree?


*****
With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

---

**From:** Jonathan D. Davis [mailto:jdd@jddavispc.com]
**Sent:** Friday, May 23, 2014 2:43 PM
**To:** francis@francisalexander.com
**Cc:** lance@rogerscounsel.com; vandell@hudcan.com; Lee, Mark; 'Eidel, Michael L.'; Derek A. Williams, Esq.
**Subject:** Marino v. Raymond, et al.

Dear Mr. Malofiy:

In furtherance of our telephone call this afternoon, I request, by this email, on behalf of all Defendants, your consent to extend Defendants' time to file their motions for recovery of full costs, including reasonable attorney's fees, under 17 U.S.C. § 505 as the "prevailing party" in the Marino case, from Wednesday, June 4, 2014, to Friday, July 11, 2104. (Our calculation assumes the "judgment" was entered on May 21, 2014.) Because of the approaching deadline, we want to write the Court for the extension as soon as possible. We request that you respond to this email by the end of business today as you stated you would do in our call. Thank you.

Regards,
Jonathan D. Davis


**Jonathan D. Davis, Esq.**
**JONATHAN D. DAVIS, P.C.**
Attorneys at Law
99 Park Avenue
Suite 1600
New York, New York 10016

Tel. (212) 687-5464  
Fax (212) 557-0565  
jdd@jddavispc.com  
www.jddavispc.com  

==================================================================================

CONFIDENTIALITY NOTICE:  
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.

==================================================================================

No virus found in this message.  
Checked by AVG - www.avg.com  
Version: 2012.0.2247 / Virus Database: 3722/7045 - Release Date: 05/23/14