IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL MARINO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 11-cv-6811 |
| | : | |
| v. | : | |
| | : | BEFORE THE HONORABLE |
| RAYMOND, et. al. | : | PAUL S. DIAMOND |
| | : | |
| Defendants. | : | |

**PETITION FOR ATTORNEYS' FEES, COSTS AND EXPENSES
ARISING FROM ATTORNEY FRANCIS MALOFIY'S MISCONDUCT
PURSUANT TO THE COURT'S MAY 21, 2014 ORDER**

Counsel for Defendant IN2N Entertainment Group, LLC, ("IN2N") submits this petition pursuant to the Court's May 21, 2014 order (the "Sanctions Order"), seeking a reimbursement of attorneys' fees, costs and expenses arising from Attorney Francis Malofiy's misconduct, and in support thereof, states as follows:

**I.       Overview of Requested Fees and Costs.**

As described more fully below, IN2N requests reimbursement for the following fees and costs incurred as a result of Mr. Malofiy's misconduct:

| | |
|---|---|
| Out-of-Pocket Costs and Expenses | $ 5,655.68 |
| May 2013 Attorneys' Fees | $    973.50 |
| June 2013 Attorneys' Fees | $ 5,457.50 |
| Attorneys' Fees re Drafting Motion for Sanctions | $ 9,725.00 |
| Attorneys' Fees re the Sanctions Hearings | $ 26,571.00 |
| Total: | $ 48,382.68 |

1

These sums are less than the amounts actually and reasonably incurred to rectify the harm caused by Mr. Malofiy's misconduct, as described more fully below.

**II.        Rogers & Associates, LLC**

1. Rogers & Associates, LLC (the "Rogers Firm") is local counsel for Defendant IN2N in the above-captioned lawsuit. Defendant IN2N is also represented by Manatt, Phelps & Phillips, LLP of Los Angeles, California (the "Manatt Firm").

2. Although the Manatt Firm also incurred fees in connection with the various matters described in this petition, in an attempt to be reasonable, Defendant IN2N is limiting its request for attorneys' fees, costs and expenses associated with the Sanctions Order to those billed by the Rogers Firm.

3. The Rogers Firm is a full-service law firm, handling legal matters of various type and size from its Ardmore, Pennsylvania, offices. The firm's attorneys each have vast experience in litigation.

4. Attorney Lance Rogers is a graduate of the University of Pennsylvania (B.A. 1996, M.G.A. 1997) and Northwestern University School of Law (J.D. 2001). He clerked for two years with the Honorable Clarence C. Newcomer in the Eastern District of Pennsylvania (2001-2003) and is admitted to practice law in Pennsylvania (2001), New Jersey (2001) and Arizona (2011). He is admitted to practice before the U.S. District Court for the Eastern District of Pennsylvania, the Middle District of Pennsylvania and the U.S. District Court for the District of New Jersey. Prior to founding Rogers & Associates in 2009, Mr. Rogers was an attorney at Dechert, LLP and Pepper Hamilton LP.

5. Mr. Rogers was the supervising attorney on this matter for the Rogers Firm. Consequently, a majority of the time billed by the firm was billed by Mr. Rogers, who was actively involved in all aspects of the efforts undertaken in this matter by the firm.

6. Attorney Bruce L. Castor, Jr. graduated from Washington and Lee University School of Law in 1986 with the prize in criminal law. He is admitted to practice in Pennsylvania (1986) and Washington DC (1987). He is also admitted to practice in the United States Supreme Court and the United States District Court for the Eastern District of Pennsylvania. Mr. Castor has served as an Assistant District Attorney in Montgomery County, Pennsylvania, and a special assistant attorney general of the Commonwealth of Pennsylvania. From 2000 to 2008, Mr. Castor was District Attorney of Montgomery County, retiring as President of the Pennsylvania District Attorneys Association. In 2008, Mr. Castor became a Shareholder and Director at Elliott, Greenleaf, a firm headquartered in Blue Bell, Pennsylvania, while at the same time being elected to the position of Commissioner of Montgomery County, an office he still holds. In July 2013, Mr. Castor became a partner at the Rogers Firm where he continues his practice in general litigation.

7. Mr. Castor billed time in this matter in conjunction with his assistance in the sanctions hearings held in January 2014.

8. Attorney Kent Conway, who is employed by the Rogers Firm as associate counsel is a *magna cum lade* graduate of Temple University School of Law (J.D. 2001) where he served on law review, and a *magna cum lade* graduate of York College (B.A.1998). Prior to joining the firm in January 2010, Mr. Conway was an attorney at Dechert, LLP and Buschman & Johnson.

9. Mr. Conway billed time in the case supporting Mr. Rogers and Mr. Castor by, among other things, providing legal research.

10. Paralegal Melissa Prorock is a graduate of Widener University (B.S. 2000) and an ABA Certified Paralegal with nearly a decade of experience in legal matters.

11. Ms. Prorock billed time in the case by providing support in filings, submissions to the Court and in assisting with logistics regarding Mr. Guice's January 2014 trip to Pennsylvania for his testimony at the January 6, 2014 sanctions hearing.

12. The Rogers Firm billed Defendant IN2N at a discounted "local counsel rate" of two hundred and ninety-five dollars ($295.00) per hour, regardless of the billing attorney.  This rate is fair and reasonable, and is significantly lower than the prevailing rate for attorneys with similar background, skills and experience in the Philadelphia area.  Attached to this petition as Exhibit A is the 2013 National Law Journal Billing Survey (including data from Philadelphia law firms), which demonstrates that the rate charged by the Rogers Firm is reasonable and fair in this market.

13. Paralegal Melissa Prorock was billed at a rate of ninety dollars ($90.00) per hour, a fair and reasonable rate given the prevailing rate for paralegals with similar background, skills and experience.

14. The undersigned counsel hereby affirms that all information provided in this petition and the accompanying invoices is true and accurate.

**III.**         **Attorneys' Fees, Costs & Expenses**

15. The Court directed Defendants' to submit a petition on or before June 4, 2014, detailing the "increased attorneys' fees, costs and expenses" incurred as a result of Attorney Malofiy's misconduct arising from the second day of the deposition of Defendant William Guice.

16. The following attorneys' fees, costs and expenses stem directly from the need to have continued Mr. Guice's deposition in Denver, Colorado, and are directly attributable to Attorney Malofiy's misconduct.

17. In addition, expenses related to drafting the motion for sanctions as well as preparing for and participating in the sanctions hearings are set forth herein for the Court's consideration.

18. These expenses are entirely based upon the recorded time-charges, together with the out-of-pocket costs and expenses, all of which are reasonable and appropriate under the circumstances.

### A. Out-of-Pocket Costs and Expenses

19. IN2N seeks recovery of its out-of-pocket costs and expenses incurred in this action arising from the second day of Mr. Guice's deposition, including for travel to, from and within Denver, hotel accommodations, meals, and transcript costs, as well as similar expenses incurred in paying for Mr. Guice's travel to and food and lodging in Philadelphia.

20. On November 19, 2013, the Court issued an Order to Show Cause which, among other things, recognized that the testimony of Mr. Guice was necessary at the January 3, 2013 hearing and provided that Defendants may cover his travel expenses.  See Doc. 126.

21. IN2N paid Mr. Guice's expenses as he would not have been able to cover the costs to attend the sanctions hearings himself and, therefore, would not have attended.

22. Defendant IN2N seeks a reimbursement of those costs including, transportation costs, hotel expenses for four nights in Philadelphia (the a result of a snowstorm), meals and the per diem fee proscribed by 28 U.S.C. § 1821.

23. A summary of Defendant IN2N's total out-of-pocket expenses related to Attorney Malofiy's misconduct are set forth in attached Exhibit B. The invoices (which are attached as Exhibits C through F) demonstrate the out-of-pocket expenses, which cumulatively total $5,655.68.

### B. May 2013 Attorneys' Fees

24. In its May 21, 2014 Opinion, the Court observed that Attorney Malofiy attempted to obstruct the continued deposition of Mr. Guice: "[A]fter having done all he could to take advantage of Guice being unrepresented, Malofiy sanctimoniously declared that 'THERE WILL BE NO DEPOSITION OF MR. GUICE UNLESS HE HAS COUNSEL.'" Doc. 152 at 9. The Court concluded that the scenario created by Attorney Malofiy's misconduct "necessitated two Court rulings extending the time for his deposition so Guice could try to get counsel." Id. at 13. The Court found that "Malofiy thus 'multiplied proceedings' and 'increased' their costs.'" Id.

25. In May 2013, Mr. Rogers billed 2.2 hours and Mr. Conway billed 1.1 hours reviewing correspondence among counsel and the Court relating to Attorney Malofiy's attempts to preclude the second day of Mr. Guice's deposition, scheduling the Denver portion of Mr. Guice's deposition and preparing for the second day of the deposition. The number of hours billed during this period are not indicative of the amount of work needed to be done. Mr. Rogers was on a family vacation during a portion of this period and Attorney Jonathan Davis (counsel for some of the other Defendants in the case) took lead on correspondence with Mr. Malofiy and the Court.

26. Attached to this petition as Exhibit C is a redacted copy of the Rogers Firm's invoice for time and expenses incurred in May 2013, which contains a description of actions

6

taken in this regard.  Those charges related to the redacted portions of the invoice are not included in IN2N's request for attorneys' fees.

27. The total attorneys' fees sought for May is $973.50.

### C.  June 2013 Attorneys' Fees

28. In June 2013, Mr. Rogers spent 18.5 hours travelling to and from Denver, preparing for and taking Mr. Guice's second deposition.

29. Attached to this petition as Exhibit D is a redacted copy of the Rogers Firm's invoice for time and expenses incurred in June 2013, which contains a description of actions taken in this regard.  The charges related to the redacted portions of the invoice are not included in IN2N's request for attorneys' fees.

30. The total attorneys' fees sought for June is $5,457.50.

31. The aggregate amount sought for both May and June combined is $6,431.00.

### D.  Attorneys' Fees Related to Drafting the Motion for Sanctions

32. This Court has routinely found that successful movants in a motion for sanctions are entitled to the reasonable attorneys' fees associated with the preparation of their motion.  See, e.g., Price v. Trans Union, LLC, 847 F. Supp. 2d 788, 796 (E.D. Pa. 2012) (awarding costs for preparing a motion for sanctions under section 1927); Ally Fin., Inc. v. Mente Chevrolet Oldsmobile, Inc., 2012 U.S. Dist. LEXIS 141111, *43-*44 (E.D. Pa. 2012) (awarding attorney's fees and costs for preparation of a motion for sanctions under Fed. R. Civ. P. 11).

33. From late July 2013 through November 2013, Mr. Rogers billed 94.6 hours researching and drafting the motion for sanctions, integrating defendants' motions into a single joint motion, filing the joint motion, reviewing Attorney Malofiy's response, researching and

7

drafting a reply to Attorney Malofiy's response, reviewing Attorney Malofiy's sur-reply and researching and drafting a response to Attorney Malofiy's sur-reply.  Mr. Conway billed 2.2 hours performing legal research to be included in the defendants' motion and reply.  Mr. Castor billed 1 hour reviewing a draft of the motion for sanctions.  Ms. Prorock billed 3.6 assembling and filing the joint motion for sanctions and various other related submissions and filings as well as making copies of these lengthy documents and supplying the Court with courtesy copies.

34. Attached to this petition as Exhibit E are redacted copies of the Rogers Firm's invoices for the time and expenses incurred in July, August, September, October and November of 2013, for the action items described in the preceding paragraph.

35. The aggregate attorneys' fees for the actions described above total $29,175.00.  Because the issue pertaining to Mr. Guice was only one of three issues raised by Defendants' Motion for Sanctions, Defendant IN2N is limiting its request for attorneys' fees in this regard to one-third of the total attorneys' fees stemming from the Motion for Sanctions and related filings, or, $9,725.00.

### E. Attorneys' Fees Related to the Sanctions Hearings

36. On November 19, 2013, the Court scheduled a January 3, 2014 hearing on the sanctions motion as it pertained to the circumstances involving Defendant Guice.  See Doc. 126.

37. Due to a snowstorm which closed the courthouse, the Friday, January 3, 2014 hearing was rescheduled for Monday, January 6, 2014.  As a result, counsel and Mr. Guice were required to adjust accordingly.  Mr. Guice was required to stay in Philadelphia for another three nights (four in total).

38. The January 6, 2014 hearing was continued after Mr. Guice's testimony as a result of uncertainty as to whether Mr. Malofiy would testify.

39. The January 6, 2014 hearing was continued until January 28, 2014.

40. In December 2013 and January 2014 Mr. Rogers billed 48.1 hours preparing for the sanctions hearings, rescheduling the hearings by coordinating with all counsel, the Court and witnesses.  Mr. Castor billed 40.8 preparing for the cross-examination of Mr. Malofiy and Mr. Marino.  In addition, both Mr. Castor and Mr. Rogers attended the January 6 and January 28 hearings.  Mr. Conway billed .5 hours researching subpoena and witness compensation rules for Mr. Guice's participation in the January 6, 2014 hearing.  Ms. Prorock billed 2.2 hours obtaining transcripts from the Court's transcript service, arranging logistics for Mr. Guice's travel and preparing filings.

41. Attached to this petition as Exhibit F is a redacted copy of the Rogers Firms' invoices for time and expenses incurred in December 2013 and January 2014, which contains a description of actions outlined in the preceding paragraph.

42. The attorneys' fees for the time described above totals $26,571.00.

**IV.      Conclusion**

43. Rogers & Associates made every reasonable effort to minimize the fees, costs and expenses.

44. Because Defendant IN2N would not have incurred the increased attorney's fees, costs and expenses absent Attorney Malofiy's sanctionable misconduct, Defendant IN2N respectfully requests that the Court enter an order against Attorney Malofiy under 28 U.S.C. § 1927 and its inherent powers that requires Attorney Malofiy to pay Defendant IN2N $48,382.68.

Respectfully submitted,

/s/Mark S. Lee_____
*Admitted pro hac vice*
**MANATT, PHELPS & PHILLIPS, LLP**
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
phone:		(310) 312-4000
fax:		(310) 312-4224
email:  mlee@manatt.com


/s/Lance Rogers_____
**ROGERS & ASSOCIATES, LLC**
26 E. Athens Ave.
Ardmore, PA 19003
Telephone:	(610) 649-1880
Fax:		(877) 649-1880
Email:  Lance@RogersCounsel.com

*Attorneys for Defendant*
*IN2N Entertainment Group, LLC*

Electronically Filed
Dated: June 4, 2014