UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DANIEL V. MARINO,                               :
                                                :
                Plaintiff,                      :
                                                :   11 Civ. 6811 (PSD)
        v.                                      :
                                                :
USHER (a/k/a Usher Terry Raymond IV); SONY      :
MUSIC ENTERTAINMENT; EMI APRIL MUSIC,:
INC.; EMI BLACKWOOD MUSIC, INC.; JAMES          :
SAMUEL HARRIS III; TERRY STEVEN LEWIS;          :
BOBBY ROSS AVILA, JR.; ISSIAH AVILA, JR.;       :
WILLIAM C. GUICE; DANTE E. BARTON;              :
DESTRO MUSIC PRODUCTIONS, INC.;                 :
DEFENDERS OF MUSIC; FLYTE TYME                  :
TUNES; SUBLIME BASEMENT TUNEZ; UR-IV            :
MUSIC, INC.; WARNER-TAMERLANE                   :
PUBLISHING CORP.; MARK PITTS; BYSTORM           :
ENTERTAINMENT; TOMMY VAN DELL; and              :
IN2N ENTERTAINMENT GROUP, LLC,                  :
                                                :
                Defendants.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**PETITION FOR REASONABLE ATTORNEYS'
FEES, COSTS, AND EXPENSES ARISING FROM
<u>ATTORNEY FRANCIS MALOFIY'S MISCONDUCT</u>**

Jonathan D. Davis, P.C. (the "Davis Firm") submits this petition in accordance with this Court's May 21, 2014 order (the "Sanctions Order") and in support of its clients' entitlement under 28 U.S.C. § 1927 and the inherent powers of this Court to recover the "increased attorneys' fees, costs, and expenses" caused by Attorney Francis Malofiy's misconduct:

1.      The Davis Firm are the attorneys for all but two of the Defendants that successfully moved for sanctions against Attorney Malofiy in the above-referenced action. Defendant IN2N Entertainment Group, LLC is represented by Manatt, Phelps & Phillips, LLP

and local counsel, Rogers & Associates, LLC, and Defendant Thomas van Dell is proceeding *pro se*.

2. The Davis Firm represents Defendants Usher Raymond IV a/k/a Usher, Sony Music Entertainment, EMI April Music Inc., EMI Blackwood Music Inc., Warner-Tamerlane Publishing Corp., UR-IV Music, Inc., Bystorm Entertainment, Mark Pitts, Issiah Avila, Bobby Ross Avila, Sublime Basement Tunez, Defenders of Music, Flyte Tyme Tunes, James Samuel Harris III, and Terry Steven Lewis (collectively, the "Davis Clients"). The Davis Clients are served by local counsel, Fox Rothschild, LLP. None of the attorneys' fees billed by local counsel to obtain Defendant William Guice's second day of deposition are being sought by this petition.

3. The Court ordered Defendants to submit a petition on or before June 4, 2014 to support the "increased attorneys' fees, costs, and expenses" they incurred because of Attorney Malofiy's misconduct arising from Guice's second day of deposition. (Doc. No. 153.)

4. The increased attorneys' fees, costs, and expenses described below arose for no other reason than the necessity of arranging and taking Defendant Guice's deposition a second day (the "Taxable Amount"). The Taxable Amount was billed by the Davis Firm to the Davis Clients and is based upon the recorded time-charges, together with the out-of-pocket costs and expenses billed to the Davis Clients, all of which are reasonable and appropriate under the circumstances. The Davis Clients reserve the right to supplement this petition and seek the attorneys' fees, costs, and expenses they incurred in moving for and obtaining sanctions against Attorney Malofiy should the Court decide that those amounts "aris[e] from the second day of William Guice's deposition." (Doc. No. 153.)

## THE DAVIS FIRM

5. The Davis Firm handles all types of commercial litigation, but primarily litigates in the entertainment field. The Davis Firm has prosecuted and defended copyright, trademark, contract, employment, and talent-related disputes in the music, publishing, theater, and motion picture industries. It has represented a broad range of clients, including A-list recording artists, managers, record companies, music publishers, and music producers.

6. Jonathan D. Davis, Esq. graduated from Villanova University School of Law in 1982. He was admitted to practice law in New York in March 1983 and in New Jersey in December 1982. He is admitted to practice before the U.S. District Court for the Southern and Eastern Districts of New York, the U.S. District Court for the District of New Jersey, the U.S. Court of Appeals for the Second, Fourth, and Sixth Circuits and the United States Supreme Court. Before establishing Jonathan D. Davis, P.C. in May 1993, Mr. Davis was an attorney at Gold, Farrell & Marks, a highly regarded entertainment litigation boutique that later merged with a national law firm. Mr. Davis has been litigating copyright matters for nearly 29 years.

7. Mr. Davis's time spent on this lawsuit is billed at the hourly rate of $500.00, which has remained his hourly rate throughout this case. This rate is fair and reasonable and is equal to or less than the prevailing rate for intellectual property attorneys with his background, skill, and experience.

8. Derek A. Williams, who is employed by the Davis Firm as Counsel, provided assistance in securing the second day of the Guice deposition. He also spent time reviewing the transcript from the second day of the Guice deposition.

9. Mr. Williams graduated from the University of Pennsylvania Law School in 2000. Upon graduation, he spent two years serving as a law clerk to the Honorable Deborah A. Batts in

the Southern District of New York. After his clerkship and before joining the Davis Firm in 2010, Mr. Williams worked for over seven years as litigation associate at Patterson Belknap Webb & Tyler LLP. Mr. Williams is admitted to practice law in New York and Illinois, and before the U.S. District Court for the Southern and Eastern Districts of New York. During his four years at the Davis Firm, Mr. Williams has focused on entertainment and intellectual property law matters.

10. Mr. Williams's time spent on this matter is billed at the hourly rate of $425.00.[1] Based upon the rates typically charged for intellectual property matters, Mr. Williams's hourly rate is fair and reasonable for an attorney with his background, skill, and experience.

11. Jessica L. Guard, who is an associate at the Davis Firm, also has been working on this lawsuit since March 2013. She graduated from The Ohio State University, Moritz College of Law in 2010. Before joining the Davis Firm, Ms. Guard worked as a litigation associate at Cadwalader, Wickersham & Taft, LLP. The Davis Clients do not seek reimbursement for the nominal time Ms. Guard spent assisting on the Guice second deposition, but they will seek reimbursement under 17 U.S.C. § 505 for the time she billed on the successful defense of the action.

## THE TAXABLE AMOUNT

**A. The May 2013 Time-Charges**

12. The Court observed in the Memorandum accompanying the Sanctions Order that "Malofiy's behavior throughout discovery was outrageous." (Doc. No. 152 at 2.) In particular, the Court commented on Attorney Malofiy's behavior following the abrupt ending of the first

---

[1] Under the firm engagement letter with the Davis Clients, Mr. Williams's time should have been billed at the rate of $425.00 per hour, but was mistakenly billed at $400.00 per hour. Beginning in October 2013, the rate was adjusted.

4

day of the Guice deposition on May 2, 2013, when Mr. Guice realized he was not simply a witness in the action but a defendant. *Id*. at 9. That misconduct necessitated a second deposition, which became an ordeal for Defendants to obtain and arrange because of Attorney Malofiy's obstructive and unprofessional behavior.

13. The Court observed that it would be "difficult to convey the poisonous atmosphere created by Malofiy's continual belligerence to opposing counsel." *Id*. at 11. In that regard, the Court noted that, after "[h]aving done all he could to take advantage of Guice being unrepresented, Malofiy sanctimoniously declared that "THERE WILL BE NO DEPOSITION OF MR. GUICE UNLESS HE HAS COUNSEL." *Id.* at 9. The Court concluded that the non-completion of the Guice deposition "necessitated two Court rulings extending the time for his deposition so Guice could try to obtain counsel." *Id*. at 13. The deposition "resumed some four weeks later in Colorado." *Id*. The Court found that "Malofiy thus 'multiplied proceedings' and 'increased' their costs.'" *Id.* (internal alterations omitted).

14. In May 2013, Messrs. Davis and Williams spent 24.6 hours responding to Attorney Malofiy's obstreperous conduct and attempting to remedy and limit its harm to the Davis Clients.[2] Mr. Davis billed 21.3 hours, and Mr. Williams billed 3.3 hours. To that end, one or both of them (a) participated in telephone calls to the Court, (b) drafted multiple letters to the Court addressing, in whole or in part, issues arising from the first day of the Guice deposition, and (c) engaged in communications with counsel by email and telephone to establish a date for

---

[2] Attached to this petition as Exhibit A is a redacted copy of the Davis Firm's invoice for the attorneys' fees, costs, and expenses the Davis Clients incurred in May 2013 (the "May Invoice"). Exhibit B to this petition is a redacted copy of the Davis Firm's invoice for the attorneys' fees, costs, and expenses the Davis Clients incurred in June 2013 (the "June Invoice" and together with the May Invoice, the "Invoices"). Because some of the time entries include time-charges for work unrelated to Attorney Malofiy's misconduct, but which were necessary tasks in defending the lawsuit, the amount the Davis Clients seek to recover from Attorney Malofiy was apportioned among multiple tasks. The Davis Firm has attempted to apportion conservatively the hours attributable to Defendant Guice's second deposition.

the completion of Mr. Guice's deposition.  None of those services would have been necessitated but for Attorney Malofiy's misconduct.  The May time-charges are apportioned as follows:

| **Date** | **Init.** | **Description** | **Apportioned Hours** | **Rate** | **Apportioned Fees Sought** |
|---|---|---|---|---|---|
| 5/2/2013 | JDD | [REDACTED].  Telephone calls with the Court, Malofiy, Eidel, Olesh.  Conference with Lance Rogers and DAW. [REDACTED]. | 2.0 | $500.00 | $1,000.00 |
| 5/7/2013 | DW | [REDACTED].  [D]rafting and revising letter to the Court. [REDACTED] | 1.5 | $400.00 | $600.00 |
| 5/7/2013 | JDD | Review and revise letter to Court re extension of discovery period.  [REDACTED]. | 1.0 | $500.00 | $500.00 |
| 5/8/2013 | JDD | Telephone calls separately with Michael Eidel and Wade Leak.  Telephone calls/emails with Lance Rogers re position on letter to Judge.  [REDACTED].  Revise letter to Judge.  Review emails from Malofiy and Eidel. | 2.0 | $500.00 | $1,000.00 |
| 5/9/2013 | JDD | Email with Michael Eidel, Matt Olesh and Francis Malofiy. [REDACTED].  Telephone call with Wade Leak. [REDACTED]. | 1.0 | $500.00 | $500.00 |
| 5/10/2013 | JDD | [REDACTED].  Emails/ telephone calls with Wade Leak and Francis Malofiy re deposition.  Telephone calls/ emails with Michael Eidel. | 1.0 | $500.00 | $500.00 |
| 5/14/2013 | JDD | [REDACTED].  Emails with William Guice. [REDACTED]. | .20 | $500.00 | $100.00 |
| 5/15/2013 | JDD | [Email to William Guice][3] | .10 | $500.00 | $50.00 |

---

[3] The time charge description for this service has been inserted because the May Invoice does not specifically reference the preparation and sending of emails on this date and on two other dates: 5/20/2013 and 5/24/2014.

6

| 5/20/2013 | JDD | [Email to William Guice] | .10 | $500.00 | $50.00 |
| --- | --- | --- | --- | --- | --- |
| 5/22/2013 | JDD | [REDACTED]. Emails to … Malofiy … . [REDACTED]. | .10 | $500.00 | $50.00 |
| 5/23/2013 | JDD | [REDACTED]. Emails with Malofiy regarding … Guice deposition[]. Emails with defense counsel re various issues. [REDACTED]. Telephone calls with Lance Rogers, Wade Leak and Nathan Osher re update and Guice deposition | .80 | $500.00 | $400.00 |
| 5/24/2013 | JDD | [REDACTED]; meeting regarding case; calls to local counsel and L. Rogers; drafting letter to Court. | 5.0 | $400.00 | $2,000.00 |
| 5/24/2013 | JDD | Prepared revisions to letter to Court. Review email and letter from Malofiy re Guice deposition. [REDACTED]. Telephone calls with Michael Eidel and Matt Olesh. [REDACTED]. [Emails to Guice and Tom van Dell.] | 2.0 | $500.00 | $1,000.00 |
| 5/28/2014 | DW | [REDACTED]. Calls to counsel; draft email to Guice; reviewing Malofiy's response to Court. | 1.5 | $400.00 | $600.00 |
| 5/28/2013 | JDD | Telephone calls with Eidel, Rogers, Court and clients. Order for Guice. Review letter to Court. Review letter from Malofiy. [REDACTED]. | 3.0 | $500.00 | $1,500.00 |
| 5/29/2013 | DW | [REDACTED]; email to Guice; [REDACTED]. | .10 | $400.00 | $40.00 |

| | | | | | |
|---|---|---|---|---|---|
| 5/29/2013 | JDD | [REDACTED]. Meeting with Michael Eidel. Review Guice transcript. Emails with Guice and counsel re rescheduling deposition. Telephone calls with Lance Rogers. [REDACTED]. | 2.5 | $500.00 | $1,250.00 |
| 5/31/2013 | DW | Drafting email to Guice; [REDACTED]. | .20 | $400.00 | $80.00 |
| 5/31/2013 | JDD | Emails with Guice and counsel. [REDACTED]. | .50 | $500.00 | $250.00 |

15. The aggregate attorney time-charges for May are $11,470.00.

**B. The June 2013 Time-Charges**

16. In June, Mr. Davis spent 19.9 hours in preparing for, taking, and traveling to and from Denver because of the necessity of deposing Mr. Guice a second day. The June time-charges are apportioned as follows:

| **Date** | **Init.** | **Description** | **Apportioned Hours** | **Rate** | **Apportioned Fees Sought** |
|---|---|---|---|---|---|
| 6/3/2013 | JDD | Preparation for deposition on plane and travel. Emails with Lance Rogers, Tom van Dell and Matt Olesh. [REDACTED] | 8.5 | $500.00 | $4,250.00 |
| 6/4/2013 | JDD | Continued Deposition of William Guice in Denver. Final prep for deposition re meeting with Lance Rogers. Travel Denver to NY. | 11.4 | $500.00 | $5,700.00 |

17. On June 13, 2013, Mr. Williams billed 4 hours reviewing the Guice transcript, which would not have been necessary but for the fact of having to take Guice's deposition a second day. Mr. Williams's time charges total $1,600.00.

8

| Date | Init. | Description | Hours | Rate | Fees Sought |
|---|---|---|---|---|---|
| 6/13/2013 | DW | Reviewing Guice Transcript | 4.0 | $400.00 | $1,600.00 |

18. The aggregate attorney time-charges for June are $11,550.00. The aggregate amount sought for both May and June is $23,020.00.

C. **Costs And Expenses**

19. The Davis Clients also seek recovery of their costs and expenses incurred in this action arising from the second day of Mr. Guice's deposition, including for travel to, from, and within Denver, hotel accommodations, and transcript costs. These amounts total $2,833.38.

20. The June Invoice shows the following disbursements relating to the second day of the Guice deposition:

| Date | Description | Amount |
|---|---|---|
| 6/1/2013 | Airfare Denver/New York | $708.80 |
| 6/3/2013 | Cab from [Denver] Airport to [Westin] Hotel | $67.25 |
|  | Travel from [NY] office to LaGuardia [Airport] | $72.95 |
| 6/4/2013 | Westin Hotel – Denver – one night | $280.33 |
|  | Cab from [Denver office] to [Denver] Airport – split cost | $33.00 |
|  | Travel from La Guardia [Airport] to Home | $113.05 |
| 6/25/13 | [Transcript] Costs for William Guice | $1,558.00 |

9

## **CONCLUSION**

21. The Davis Firm made every reasonable effort to minimize the attorneys' fees, costs, and expenses incurred that arose from the second day of Defendant Guice's deposition.

22. Because the Davis Clients would not have incurred these increased attorneys' fees, costs, and expenses absent Attorney Malofiy's sanctionable misconduct, the Davis Clients respectfully request that the Court enter an order against Attorney Malofiy under 28 U.S.C. § 1927 and its inherent powers that requires Attorney Malofiy to pay the Davis Clients the amount of $25,853.38.

Dated: June 4, 2014

                Respectfully submitted,

                JONATHAN D. DAVIS, P.C.

By:   /s/ Jonathan D. Davis
       Jonathan D. Davis
       Derek A. Williams
       *Admitted pro hac vice*
       10 Rockefeller Plaza
       Suite 1015
       New York, New York 10020
       Telephone:  (212) 687-5464
       Fax:  (212) 697-2521
       Email:  jdd@jddavispc.com
       Email:  daw@jddavispc.com

## CERTIFICATE OF SERVICE

I, Matthew S. Olesh, hereby certify that on this date, a true and correct copy of the foregoing Petition For Reasonable Attorneys' Fees, Costs, And Expenses Arising From Attorney Francis Malofiy's Misconduct was served on the following counsel of record via the Court's electronic transmission facilities, and on Mr. Tommy Van Dell and Mr. William Guice via first class mail and e-mail:

Francis Malofiy, Esq.
Francis Alexander, LLC
1125 Walnut Street
Philadelphia, PA 19107
Francis.Malofiy@beasleyfirm.com

Samuel C. Stretton
301 S. High Street
P.O. Box 3231
West Chester, PA 19381-3231
s.stretton@verizon.net

Mark Lee, Esq.
Manatt Phelps & Phillips
11355 W. Olympic Blvd.
mlee@manatt.com

Lance Rogers, Esq.
Rogers & Associates, LLC
25 Elliott Ave.
Bryn Mawr, PA 19010
Lance@RogersCounsel.com

Mr. Tommy Van Dell
10900 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024
vandell@hudcan.com

Mr. William Guice
6147 Colgate Ave
Los Angeles, CA 90036
Guicemanmusic@gmail.com

Dated: June 4, 2014                                /s/ Matthew S. Olesh
                                                   Matthew S. Olesh