IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL MARINO,                    :    CIV. NO. 11-CV-6811
                    PLAINTIFF    :
                                  :
          V.                      :
                                  :
USHER, ET AL.,                    :
                    DEFENDANTS    :

RESPONSE OF FRANCIS MALOFIY TO THE PETITION FOR REASONABLE
ATTORNEYS' FEES, COSTS AND EXPENSES FILED BY ATTORNEY MARK LEE
AND ATTORNEY LANCE ROGERS ON BEHALF OF
IN2N ENTERTAINMENT GROUP, LLC

Francis Malofiy most strenuously objects and excepts to the
Petition for Attorneys' Fees and Costs set forth by the
attorneys for IN2N Entertainment Group, LLC.  The attorneys are
Mark Lee and Lance Rogers.  By objecting to the fees, Mr.
Malofiy and his counsel are in no way suggesting that these
attorneys are not excellent and competent attorneys.  Mr.
Stretton has the highest regard for both of these attorneys, but
he respectfully disputes the fees and costs.

First, the fees for May and June are disputed.  In May, the
fee of $973.00 perhaps is not excessive, but the June hearing of
$5,457.00 seems excessive for a 3 ½ hour deposition.  There was
no reason why the deposition could not have occurred in
Pennsylvania as opposed to the attorneys travelling to Colorado
to take the deposition.  Further, attorneys should not bill
their full fee for their travel time in an airplane.

The Order of the Court references reasonable fees for the second deposition.  It appears that the Defendants have expanded reasonable fees to include excessive costs and excessive time. The preparation for the second deposition should have been minimal since that preparation should have been accomplished the first time.

The fees also for drafting the sanction motions and for attendance at the sanction motions of $9,725.00 and $26,571.00 appear excessive.  There were only two sanctions hearings, which were only several hours in duration.

Mr. Stretton's fee for responding and attending the two hearings was $2,857.00 after the first hearing and $1,755.00 for the second hearing.  His fee for preparing the Brief was $1,875.00.  That is a total fee of $6,487.00 for responding, briefing and attending the sanction hearings.  Yet the fees presented by the Defendants total almost $48,328.68.  If one takes away the deposition and out of pocket expenses, the fees come out to about $38,000.00.  That seems awfully excessive under the circumstances and in comparison to the fees charged Mr. Malofiy.

Further, the Plaintiffs were billing for two attorneys. There is no need to bill for two attorneys in this matter.  The bill should be for one attorney only.  This was not a

2

complicated proceeding and did not warrant multiple attorneys with multiple billings.  One lawyer was sufficient.

Further, the proceedings were not legally complicated.  In essence, there were some factual issues concerning the contact of Mr. Malofiy and Mr. Guice.  Second, there were fairly straight-forward legal issues as to the burden of proof for a sanctions hearing and whether Pennsylvania Rule of Professional Conduct 4.3 was violated.

There was absolutely no reason for legal fees of $48,000.00 to be expended under those circumstances.  The fees are excessive in this context.

As to the costs, it should be noted when Mr. Guice was flown to Philadelphia for the first deposition, his flight and hotel cost a total of $1,594.00 and he was given a $165.00 witness fee.  This is in contrast to the expenses and costs for the Denver depositions.  There was absolutely no reason why Mr. Guice could not have been brought back to Philadelphia for the second deposition at a much reduced cost.

Further, the charge of 8.4 hours for the preparation for this re-deposition seems extremely excessive under the circumstances.  It is hard to imagine what one could do for 8.4 hours in preparing, under these facts, particularly since the first deposition already occurred.

Mr. Malofiy objects to the hotel room expense of $410.00. This price was excessive.  A search of three star hotels in the Denver area notes that the normal cost is around $240.00.  The charges for food would not be relevant since whether counsel was in Denver or in Philadelphia, they are going to have to eat in any event.  Meals and food should not be added expenses.

The stated fee of $295.00 per hour also seems excessive under the circumstances.

It would appear that a fair sanction fee, assuming that sanctions are even warranted, which Mr. Malofiy contends they are not, should be for the 3.4 hours of deposition and another 3 or 3 or 4 hours for the preparation of the deposition.  Mr. Guice should have been brought back to Philadelphia so any travel expenses and airplane costs should not be included.

As to the sanction hearings, the two hearings were no longer than a total of 7 to 8 hours.  The preparation should have been minimal, at the most 5 to 10 hours total.  There is absolutely no need for or reason to justify almost $40,000.00 for preparation and attendance.  Such fees seem extremely excessive under the circumstances.

Mr. Stretton is not in any way suggesting that these lawyers did not put the time in they are alleging.  These are honorable people.  But, Mr. Stretton is suggesting that it was too much time under the circumstances, particularly in

4

comparison to the time and effort he spent on behalf of Mr. Malofiy.

In evaluating the sanctions, this Honorable Court should keep in mind Mr. Malofiy is a relatively young lawyer and is a sole practitioner.  Awarding fees of this nature would be extremely punitive and burdensome to Mr. Malofiy and could affect his ability to continue to practice law as a sole practitioner.  It is one thing to sanction someone, but it is another thing to have an extremely harsh and punitive remedy with massive monetary assessments that could have negative effects and prevent Mr. Malofiy from continuing to practice law, at least as a sole practitioner.

It would appear that reasonable fees here would have to be viewed in the light of Judge Diamond's Order that is directed to only the second deposition.  If that is the case, then any of the fees for the sanction hearings would be unwarranted.  The second deposition was only 3 ½ hours in duration and should have been done in Philadelphia.  It would appear that fees and costs should be no more than $5,000.00 - $8,000.00 for the second deposition.

In conclusion, Mr. Malofiy respectfully objects to the Petition for Attorneys' Fees and Costs totaling over $48,000.00.

He respectfully requests that these fees be substantially reduced and the fees be no greater than $5,000.00 combined.

Respectfully submitted,

s/Samuel C. Stretton
Samuel C. Stretton, Esquire
Attorney for Francis Malofiy, Esq.
301 S. High Street
P.O. Box 3231
West Chester, PA  19381
(610) 696-4243
Attorney I.D. No. 18491

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL MARINO,                          :        CIV. NO. 11-6811
                    PLAINTIFF           :
                                        :
              V.                        :
                                        :
USHER, ET AL.,                          :
                    DEFENDANTS          :

## CERTIFICATE OF SERVICE

I hereby certify I am this date serving a copy of the
Response of Francis Malofiy, Esquire to the Petition for
Reasonable Attorneys' Fees, Costs and Expenses in the captioned
matter upon the following persons in the manner indicated below.

Service by First Class Mail addressed as follows:

1.  Honorable Paul S. Diamond
    United States District Court for the
      Eastern District of Pennsylvania
    6613 U.S. Courthouse
    601 Market Street
    Philadelphia, PA  19106

2.  Jonathan D. Davis, Esquire
    Jonathan D. Davis, P.C.
    99 Park Avenue, Suite 1600
    New York, NY  10016
    (212) 687-5464

3.  Michael Eidel, Esquire
    Fox Rothschild, LLP
    2000 Market Street, 20th Floor
    Philadelphia, PA  19103
    (215) 299-2000

Attorneys for Defendants, Usher Raymond, IV a/k/a Usher
("Usher"), Sony Music Entertainment, EMI April Music, Inc.,
EMI Blackwood Music, Inc., Warner-Tamerlane Publishing
Corp., UR-IV Music, Inc., Bystorm Entertainment, Mark
Pitts, Issiah Avila, Jr., Bobby Ross Avila, Jr., Sublime
Basement Tunez, Defenders of Music, Flyte Tyme Tunes, James
Samuel Harris, III, and Terry Steven Lewis.

4.  Mark S. Lee, Esquire
    Manatt, Phelps & Phillips, LLP
    11355 W. Olympic Boulevard
    Los Angeles, CA  90064-1614
    (310) 312-2000
    (310) 312-4224 - Fax
    mlee@manatt.com

5.  Lance Rogers, Esquire
    Bruce L. Castor, Jr., Esquire
    Rogers & Associates, LLC
    26 East Athens Avenue
    Ardmore, PA  19003
    (610) 649-1880
    (877) 649-1880 - Fax
    lance@rogerscounsel.com
    Attorney for Defendant, IN2N Entertainment Group, LLC
    ("1N2N")

6.  Thomas Van Dell
    10900 Wilshire Blvd., Suite 1400
    Los Angeles, CA  90024
    (310) 443-5332
    vandell@hudcan.com
    Defendant, Pro Se

7.  Dante E. Barton
    1111 Bergan Road
    Oreland, PA  19075
    Defendant, Pro Se

8.  William C. Guice
    16794 East Tufts Avenue
    Aurora, CO  80015
    Defendant, Pro Se

9.  Francis Malofiy, Esquire
    Francis Alexander, LLC
    280 N. Providence Road
    Suite 105
    Media, PA  19063
    (215) 500-1000
    (215) 500-1005 – Fax

                          Respectfully Submitted,


June 18, 2014                s/Samuel C. Stretton
    Date                     Samuel C. Stretton, Esquire
                             Attorney for Francis Malofiy, Esq.
                             301 S. High Street
                             P.O. Box 3231
                             West Chester, PA  19381-3231
                             (610) 696-4243
                             Attorney I.D. No. 18491