UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL V. MARINO,<br>*Plaintiff*<br><br>V.<br><br>USHER, *et al.*,<br>*Defendants* | NO.: 11-CV-06811<br><br>BEFORE THE HONORABLE<br>PAUL S. DIAMOND |

## PLAINTIFF'S MOTION TO CORRECT CLERICAL ERROR PURSUANT TO FRCP 60(a)

Plaintiff moves pursuant to FRCP 60(a) that the Court correct the clerical error in its Order (*Doc. No. 155*) on May 21, 2014, mistakenly dismissing all claims against Moving Defendants.[1] Plaintiff incorporates by reference the accompanying memorandum of law.

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

*/d/ June 18, 2014*

---

[1] Bobby Ross Avila, Jr., Issiah Avila, Jr., Bystorm Entertainment, Defenders of Music, EMI April Music, Inc., EMI Blackwood Music, Inc., Flyte Tyme Tunes, James Samuel Harris, III, Terry Steven Lewis, Mark Pitts, Sony Music Entertainment, Sublime Basement Tunez, UR-IV Music, INC., Usher Terry Raymond IV, Warner Tamerlane Corp., and IN2N Entertainment Group, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL V. MARINO,<br>*Plaintiff*<br><br>V.<br><br>USHER, *et al.*,<br>*Defendants* | NO.: 11-CV-06811<br><br>BEFORE THE HONORABLE<br>PAUL S. DIAMOND |

# Memorandum of Law in Support of Plaintiff's Motion to Correct Clerical Error Pursuant to FRCP 60(a)

The Court has made a clerical mistake in drafting its Order such that the Order is inconsistent and incongruent on its face and **must be corrected**. The Court mistakenly **entered judgment** on behalf of moving defendants[2] and against Plaintiff as to *all* **Plaintiff's claims** when the Court **only** granted summary judgment as to **Counts I and III**.

This apparent defect on the face of the Order must be corrected by the Court. Not only is the Order inconsistent and incongruent on its face, it mistakenly **enters judgment** on claims which the court **did not** grant summary judgment for—and, therefore, such **entry of judgment** can only be a clerical mistake.

Moreover, moving defendants only filed their motion for summary judgment on Counts I and III, and, therefore, it is obvious that the Court made a clerical mistake in entering judgment on claims that were not before the Court. Likewise, moving defendants never motioned the Court or argued for summary judgment on any other counts other than Counts I and III. This makes the clerical mistake of dismissing all claims even more apparent when defendants *never* moved for summary judgment against Plaintiff's claims of ownership, an accounting, constructive trust, attribution, or other equitable relief—all of which were properly pled in Plaintiff's complaint.

---

[2] Bobby Ross Avila, Jr., Issiah Avila, Jr., Bystorm Entertainment, Defenders of Music, EMI April Music, Inc., EMI Blackwood Music, Inc., Flyte Tyme Tunes, James Samuel Harris, III, Terry Steven Lewis, Mark Pitts, Sony Music Entertainment, Sublime Basement Tunez, UR-IV Music, INC., Usher Terry Raymond IV, Warner Tamerlane Corp., and IN2N Entertainment Group, Inc.

As a result of the Court's clerical mistake in drafting the Order, the Clerk, then, mistakenly terminated defendants necessary for the adjudication of Plaintiff's remaining claims. Given that there is a clear and manifest defect on the face of the Order, Plaintiff respectfully requests that the Court correct this mistake.

## I.   MATTER BEFORE THE COURT

The Court filed an Order (*Doc. No. 155*) on May 21, 2014, granting Defendants'[3] motion for summary judgment. Plaintiff requests the Court correct a clerical error on the face of the Order pursuant to Rule 60(a).

Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Barnhill v. Pregent, 460 Fed. Appx. 167, 169 (3d Cir. 2012). Rule 60(a) only applies to "mindless and mechanistic mistakes." Pfizer Inc. v. Uprichard, 422 F.3d 124, 130 (3d Cir. 2005).

Under Rule 60(a), a court is allowed to clarify the intention of its judgment, Robi v. Five Platters, Inc., 918 F.2d 1439, 1445 (9th Cir. 1990), and correct a clerical error that results in the Court mistakenly dismissing a plaintiff's entire lawsuit. Jones & Guerrero Co. v. Sealift Pac., 650 F.2d 1072, 1074 (9th Cir. 1981).

## II.   FACTS

The Court's Order states: "the Motion for Summary Judgment (Doc. No. 102) . . . is **GRANTED**" and also grants defendant IN2N's joinder motion. Order at ¶¶1–2. The Court's Order then states: "Summary judgment is entered in favor of moving Defendants and against Plaintiff *as to Counts I and III*." Order at ¶3 (emphasis added). The Court's Order then states: "Judgment is entered in favor of [moving Defendants] and against Plaintiff *as to all Plaintiff's claims against them*." Order at ¶4 (emphasis added).

However, in addition to Plaintiff's infringement claims against moving defendants on Counts I (direct copyright infringement) and III (vicarious copyright infringement), Plaintiff also had ownership and accounting claims. See Amended Complaint at ¶¶497–98, 500; Order (*Doc.*

---

[3] Bobby Ross Avila, Jr., Issiah Avila, Jr., Bystorm Entertainment, Defenders of Music, EMI April Music, Inc., EMI Blackwood Music, Inc., Flyte Tyme Tunes, James Samuel Harris, III, Terry Steven Lewis, Mark Pitts, Sony Music Entertainment, Sublime Basement Tunez, UR-IV Music, INC., Usher Terry Raymond IV, Warner Tamerlane Corp., and IN2N Entertainment Group, Inc.

*No. 42*) (not dismissing Plaintiff's ownership claim and holding that Plaintiff's accounting claim arose under the Copyright Act).

### III.  Application

The Court's Order entered summary judgment for Defendants and against Plaintiff as to *Counts I and III*, but then entered "judgment" against Plaintiff on *all claims*. Given that the Order only entered summary judgment on Counts I and III, the Order is contradictory on its face when it then enters judgment for Defendants against Plaintiff on all claims.

Furthermore, Defendants' only moved for summary judgment on Counts I and III, and did not move for summary judgment on the ownership and accounting claims. In addition, the Court's opinion (*Doc. No. 154*) only addresses Counts I and III, not Plaintiff's ownership and accounting claims. Therefore, it appears that the Court meant to write in ¶4 of the Order that judgment is entered for Defendants and against Plaintiff on Counts I and III, not on all claims.

### IV.  Requested Action from the Court

Because the Court's Order enters judgment for Defendants and against Plaintiff on all claims, even though Court's Order only enters summary judgment on Counts I and III, Plaintiff asks the Court to correct the clerical mistake in ¶4 of the Order by rewording it to: "Judgment is entered in favor of [moving Defendants] and against Plaintiff as to Plaintiff's claims in Counts I and III against them."

*****

*Respectfully submitted,*
Francis Alexander, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

*/d/ June 18, 2014*

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Correct Clerical Error Pursuant to FRCP 60(a) has been electronically filed with the Court via the ECF Filing System, served upon all counsel of record via electronic mail, and mailed to any unrepresented parties.

Jonathan D. Davis, P.C.
Jonathan D. Davis, Esquire
Derek A. Williams
99 Park Avenue | Suite 1600
New York, NY 10016
T:  (212) 687-5464
E: jdd@jddavispc.com
E: DAW@jddavispc.com

Fox Rothschild, LLP
Michael Eidel, Esquire
Matthew Olesh, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103
T:  (215) 299-2000
E: MEidel@foxrothschild.com

*Attorneys for Defendants*
*Usher Raymond IV a/k/a Usher ("Usher"), Sony Music Entertainment, EMI April Music, Inc., EMI Blackwood Music, Inc., Warner-Tamerlane Publishing Corp., UR-IV Music, Inc., Bystorm Entertainment, Mark Pitts, Issiah Avila, Jr., Bobby Ross Avila, Jr., Sublime Basement Tunez, Defenders of Music, Flyte Tyme Tunes, James Samuel Harris III, and Terry Steven Lewis*

Manatt, Phelps & Phillips, LLP
Mark S. Lee, Esquire
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
T:  (310) 312-4000
F:  (310) 312-4224
E: mlee@manatt.com

ROGERS & ASSOCIATES, LLC
Lance Rogers, Esquire
25 Elliot Avenue
Bryn Mawr, PA 19010
T:  (610) 649-1880
F:  (877) 649-1800
E:  lance@rogerscounsel.com
*Attorney for Defendant*
*IN2N Entertainment Group, LLC ("IN2N")*

THOMAS VAN DELL
10900 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024
T:  (310) 443-5332
E:  vandell@hudcan.com
*Defendant, Pro Se*

DANTE E. BARTON
1111 Bergan Road
Oreland, PA 19075
*Defendant, Pro Se*

WILLIAM C. GUICE
16794 East Tufts Avenue
Aurora, CO 80015
*Defendant, Pro Se*

SAMUEL C. STRETTON, ESQUIRE
301 South High Street
West Chester, PA 19381-3231

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

*/d/ June 18, 2014*