## JONATHAN D. DAVIS, P.C.
ATTORNEYS AT LAW

99 PARK AVENUE
SUITE 1600
NEW YORK, NEW YORK 10016

TEL: (212) 687-5464
FAX: (212) 587-0555
WWW.JDDAVISPC.COM

June 23, 2014

**VIA FACSIMILE**

The Honorable Paul S. Diamond
United States District Judge
United States District Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

      Re:  Marino v. Raymond, et al.
           11-cv-6811 (PSD)

Dear Judge Diamond:

      We respectfully submit this letter on behalf of our clients[1] and IN2N Entertainment Group, LLC (collectively, the "Defendants") in opposition to "Plaintiff's Motion To Correct Clerical Error Pursuant To FRCP 60(A)" and accompanying memorandum of law (the "Motion to Correct") (Doc. 167.) The Motion to Correct is meritless and should be summarily denied.

      Plaintiff contends that the Court made a "clerical mistake" in dismissing all claims against Defendants when they moved only for summary judgment on Counts I and III of the Amended Complaint. (*Id.* at 2.) Thus, Plaintiff asserts that the Court entered judgment on "claims that were not before the Court," consisting of "claims of ownership, an accounting, constructive trust, attribution, or other equitable relief ...." (Doc. 167.) Plaintiff is wrong.

---

[1] We represent Defendants Usher Raymond IV a/k/a Usher, Sony Music Entertainment, EMI April Music Inc., EMI Blackwood Music Inc., Warner-Tamerlane Publishing Corp., UR-IV Music, Inc., Bystorm Entertainment, Mark Pitts, Issiah Avila, Bobby Ross Avila, Sublime Basement Tunez, Defenders of Music, Flyte Tyme Tunes, James Samuel Harris III, and Terry Steven Lewis (collectively, the "Usher Defendants"). Please note that our address has recently changed. We are now located at 10 Rockefeller Plaza, Suite 1015, New York, New York 10020. An official notice to the Court of our change of address will be filed and new stationery has been ordered.

The Honorable Paul S. Diamond
June 23, 2014
Page 2

In making the Motion to Correct, Plaintiff's counsel has ignored what claims he alleged in the Amended Complaint (Doc. 2), and either overlooked the Court's Memorandum, dated May 21, 2014 (the "May 21 Memorandum"), or disregarded its contents. (Doc. 154). Having granted Defendants' motions for summary judgment, no claims remain pending against Defendants. (Docs. 153 and 155.)

In its May 21 Memorandum, the Court stated as follows:

> Eight of the Counts in the Amended Complaint are brought against only Barton, Guice and Destro Music. *The remaining claims (Counts I, III, IV, and V) are brought against all Defendants.* * * *
>
> *On September 25, 2012, I dismissed Plaintiff's constructive trust and accounting claims (Counts IV and V) as preempted.* (Doc. Nos. 42, 48). On April 24, 2013, I dismissed as time-barred Plaintiff's claims (in Counts I and II[I]) for infringement damages and profits that accrued before October 28, 2008, *and struck Plaintiff's demand for punitive and exemplary damages.* (Doc. No. 75.)
>
> Moving Defendants (*all Defendants other than Barton, Guice and Destro*) now ask me to dismiss *Plaintiff's remaining claims against them:* Copyright Infringement (Count I) and Vicarious Infringement (Count III).
>
> * * *
>
> Because the undisputed facts show that [M]oving Defendants did nothing wrong, Plaintiff's infringement claims against them cannot survive summary judgment.

(Doc. 154 at 5-6 and 14 (emphasis added); *see* Doc. 155 (Order granting the Usher Defendants "Motion for Summary Judgment," entering "summary judgment" in their favor as to Counts I and III, and entering "judgment" in Defendants' favor as to "all Plaintiff's claims"); *see also* Doc. 2 (Amended Complaint); Doc. 42 (Order, dated September 25, 2012, dismissing Count IV) and Doc. 48 (Order, dated October 10, 2012, dismissing Count V).)

It is patently clear from the May 21 Memorandum that Counts I and III for copyright infringement were the only claims standing against Defendants before they filed motions for summary judgment. The "accounting" and "constructive trust" claims

The Honorable Paul S. Diamond
June 23, 2014
Page 3

were dismissed in the fall of 2012. The Amended Complaint does not allege any cause of action against Defendants for "ownership, ... attribution or other equitable relief," (Doc. 167 at 2), and none of the claims dismissed against Defendants sought or could have sought such relief from them. (Doc. 2 at ¶¶ 414-428, 434-440, 441-445, 446-449.) That particular relief is demanded against Defendants Guice, Barton, and Destro. (*Id.* at ¶¶457, 461, 473, 477, 480, and 489.) Paragraphs 497, 498, and 500 of the Amended Complaint are not causes of action, but, rather, the "Relief Requested" in the *ad damnum* clauses, all of which do not apply to Defendants because the claims against them were dismissed in their entirety. (Doc. 2.)

For the foregoing reasons, the Court neither made a "clerical mistake in drafting the Order" nor "mistakenly terminated defendants necessary for the adjudication of Plaintiff's remaining claims." (Doc. 167 at 3.)

Defendants respectfully request that the Court dismiss Plaintiff's misguided Motion to Correct and permit them to recover under 28 U.S.C. § 1927 and the Court's inherent powers their additional costs, expenses and attorneys' fees that were reasonably incurred to oppose this motion because Plaintiff's counsel has again multiplied proceedings unreasonably and vexatiously.

Respectfully submitted,

Jonathan D. Davis

JDD:hs

cc: Francis A. Malofiy, Esq.
Samuel C. Stretton, Esq.
Michael Eidel, Esq.
Mark S. Lee, Esq.
Lance Rogers, Esq.
Bruce L. Castor, Jr., Esq.
Mr. Thomas van Dell (*Pro Se*)
Mr. William Guice (*Pro Se*)
(All Via Email/PDF, *concurrently* with transmission of this letter to the Court)