IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL MARINO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 11-cv-6811 |
| | : | |
| v. | : | |
| | : | BEFORE THE HONORABLE |
| RAYMOND, *et. al.* | : | PAUL S. DIAMOND |
| | : | |
| Defendants. | : | |

**DEFENDANT IN2N ENTERTAINMENT GROUP, LLC'S REPLY BRIEF
IN SUPPORT OF ITS PETITION FOR ATTORNEYS' FEES,
COSTS AND EXPENSES ARISING FROM
<u>ATTORNEY FRANCIS MALOFIY'S MISCONDUCT</u>**

Counsel for Defendant IN2N Entertainment Group, LLC, ("IN2N") submits this Reply Brief pursuant to the Court's May 21, 2014 order (the "Sanctions Order") and in response to Attorney Malofiy's June 18, 2014 Response (Doc. 161).

Attorney Malofiy's Response overlooks three important realities: (1) Philadelphia was *not* an option for the second deposition of Defendant Guice; (2) Attorney Malofiy's preparation for the sanctions hearings differed vastly from that of the Moving Defendants; and, (3) Defendant IN2N's counsel's "local counsel rate" of $295 per hour in the Philadelphia legal market is extremely reasonable.

Attorney Malofiy's assertion that the second deposition of Defendant Guice should have taken place in Philadelphia ignores reality. After being misled by Attorney Malofiy and coaxed into traveling to Philadelphia under the auspices of serving as a "witness" for his first deposition, it is not surprising that Defendant Guice resisted returning to Philadelphia for a second deposition. As demonstrated by the attached emails, Guice specifically requested that his

1

second deposition take place in Denver.  *See* May 14, 2013 email from Mr. Davis to Mr. Guice attached as "Exhibit A."  Moreover, Attorney Malofiy's contention that the deposition should have been conducted in Philadelphia completely overlooks the fact that the parties were without any means whatsoever of compelling Guice to return to Philadelphia for such a deposition.  The expenses related to the second deposition in Denver were an unavoidable result of Attorney Malofiy's misconduct and should be reimbursed.

Attorney Malofiy's contention that counsel's $410 Denver hotel bill is unreasonable overlooks at least two key points: (1) The bill included the room and two meals (*i.e.*, dinner and breakfast), internet access fees as well as taxes; and, (2) Attorney Malofiy's search for a budget hotel room in June of 2014 is of little probative value in determining rates a year earlier.  In addition, Attorney Malofiy's proffered hotel rate likely did not include taxes.  The undersigned specifically recalls searching for a reasonable rate at a hotel within walking-distance of the deposition so as to avoid paying for yet another taxi.

Attorney Malofiy's contention that travel time should not have been billed is wholly unsupported[1] and overlooks the fact that the undersigned utilized flight time to continue preparations for the second deposition.  Contrary to Attorney Malofiy's contentions, preparation for the second deposition was necessary as a month had elapsed between Guice's first and second depositions and new issues had arisen stemming from Attorney Malofiy's misconduct[2].  In total, approximately 15 hours were billed towards travel time and preparation for the second deposition.

---

[1] Attorney Malofiy offers no justification for his claim that travel time should not have been billed.  In essence, he is proposing that the Rogers Firm engage in approximately 15 hours of travel (without billing) for the opportunity to bill a 3.5 hour deposition.

[2] It is unclear where Attorney Malofiy comes up with 8.4 hours spent in preparation for the second deposition.

Attorney Malofiy's argument that his own attorney's fees are an appropriate guide for fees related to the two-day sanctions hearing fails to consider the following: (1) Moving Defendants carried the burden of proving misconduct at these hearings (Attorney Malofiy did not); (2) Moving Defendants prepared for the testimony of Attorney Malofiy (as the Court's Rule to Show Cause suggested that Attorney Malofiy's testimony was necessary) and Attorney Malofiy was able to make a determination not to testify alleviating his (and his attorney's) need to prepare for such testimony; (3) Attorney Malofiy seemingly assisted his counsel in preparing for the hearings[3] which kept costs down and suggests that, contrary to Attorney Malofiy's assertion, having two attorneys involved in the hearings was appropriate and necessary.

Finally, Attorney Malofiy's bald assertion that a billing rate of $295 per hour was "excessive" is completely unsupported and unreasonable.  Attorney Malofiy offers no evidence whatsoever to refute the declaration of attorneys Mark Lee and Lance Rogers (contained in the fee petition itself) and supporting evidence in the form of the 2013 National Law Journal Billing Survey.

Respectfully submitted,

/s/Mark S. Lee_____
*Admitted pro hac vice*
**MANATT, PHELPS & PHILLIPS, LLP**
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
phone:         (310) 312-4000
fax:             (310) 312-4224
email:  mlee@manatt.com

---

[3] The information packets containing incorrect arrest records used to cross-examine Defendant Guice at the January 6, 2014 sanctions hearing appear to have been prepared by Attorney Malofiy's office as they bear the same unusual font used by Attorney Malofiy in this case.  In addition, during the questioning of Defendant Guice, Judge Diamond remarked, "I understand this goes to credibility, but it appears to me that you have pulled documents having nothing to do with this man.  And if you want to question him about them, you can, but this isn't like you, Mr. Stretton.  It's more like the person sitting next to you."  A copy of relevant portions of the transcript are attached as "Exhibit B."

/s/Lance Rogers_____
**ROGERS & ASSOCIATES, LLC**
26 E. Athens Ave.
Ardmore, PA 19003
Telephone:	(610) 649-1880
Fax:		(877) 649-1880
Email: Lance@RogersCounsel.com

*Attorneys for Defendant*
*IN2N Entertainment Group, LLC*

Electronically Filed
Dated: June 25, 2014