# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DANIEL V. MARINO,            :

                              :

              Plaintiff,     :

                              :   11 Civ. 6811 (PSD)

               v.          :

                              :

USHER (a/k/a Usher Terry Raymond IV); SONY  :
MUSIC ENTERTAINMENT; EMI APRIL MUSIC,:
INC.; EMI BLACKWOOD MUSIC, INC.; JAMES :
SAMUEL HARRIS III; TERRY STEVEN LEWIS; :
BOBBY ROSS AVILA, JR.; ISSIAH AVILA, JR.; :
WILLIAM C. GUICE; DANTE E. BARTON;   :
DESTRO MUSIC PRODUCTIONS, INC.;     :
DEFENDERS OF MUSIC; FLYTE TYME     :
TUNES; SUBLIME BASEMENT TUNEZ; UR-IV :
MUSIC, INC.; WARNER-TAMERLANE     :
PUBLISHING CORP.; MARK PITTS; BYSTORM :
ENTERTAINMENT; TOMMY VAN DELL; and :
IN2N ENTERTAINMENT GROUP, LLC,    :

                              :

             Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' RESPONSE TO ANSWER TO PETITION FOR REASONABLE ATTORNEYS' FEES, COSTS, AND EXPENSES ARISING FROM ATTORNEY FRANCIS MALOFIY'S MISCONDUCT

The Davis Firm submits this response in further support of the Davis Clients'

entitlement under 28 U.S.C. § 1927, and the inherent powers of this Court, to recover the

"increased attorneys' fees, costs, and expenses" caused by Attorney Francis Malofiy's

adjudicated misconduct[1]:

---

[1]  Defendants' response incorporates the definitions in the Petition For Reasonable Attorney's Fees, Costs, And Expenses Arising From Attorney Francis Malofiy's Misconduct, dated June 4, 2014 (the "Petition").  (Doc. No. 162.)  Page references to ECF filed documents refer to the ECF-assigned page numbers appearing at the top of each page.  The "Answer" refers to the "Answer Of Francis Malofiy To The Petition For Attorneys' Fees And Costs Of Jonathan Davis On Behalf Of The Remaining Defendants," which is undated.

1.   Attorney Malofiy's Answer to the Petition must be rejected because it is factually incorrect, insupportable, and contrary to the mandate in the Sanctions Order.  At a minimum, the Davis Clients are entitled to recover their reasonable attorneys' fees, costs, and expenses totaling $25,853.38.  The amount the Davis Clients seek to recover excludes the reasonable attorneys' fees, costs, and expenses they incurred in making the sanctions motion, and preparing for and participating in the two-day sanctions hearing.  The Davis Clients have reserved the right to supplement the Petition if the Court concludes that those costs are within the scope of the Sanctions Order.

2.   Based on "clear and convincing" evidence, this Court ruled that the Davis Clients are entitled to recover their "increased attorneys' fees, costs, and expenses *arising from* Defendant William Guice's second day of deposition." (Doc. No. 153 (emphasis added).)  The Petition amply describes those attorneys' fees, costs, and expenses, which arose for no other reason than Attorney Malofiy's misconduct and the resulting need to arrange for and take Defendant Guice's deposition a second time.

## THE MALOFIY ANSWER

3.   In his lean answer to the Petition, Attorney Malofiy musters no more than a *mantra* that the amount the Davis Clients seek is "excessive" (using the word "excessive" in conjunction with a variety of modifiers, such as "awfully," "very," "somewhat," and "extremely"). (Doc. 166 at 1 and 3.)  On his mere say-so, Attorney Malofiy states that the hourly rates charged by the Davis Firm lawyers and the scope of their work is without "basis" or "justif[ication]," at least, in part.   (*Id.* at 3.)  He acknowledges Messrs. Davis and Williams are "very able and talented lawyers who are entitled to fees." [2]  (*Id.*)

---

[2]   The attorneys' fees billed by local counsel, Fox Rothschild, in connection with the Guice fiasco are not sought by the Davis Clients.

4.   Attorney Malofiy does *not* dispute that the Davis Firm actually spent the time reflected on each invoice – he disputes only "the need for the hours billed" for the work described.  (*Id*. at 1.)  His analysis is wrong because it rests on his misstatement of:  (i) the nature of the work performed, and (ii) the scope of the attorneys' fees, costs, and expenses the Davis Clients incurred as a result of Attorney Malofiy's misconduct.

5.   Putting aside the false predicate for his objections, Attorney Malofiy misreports that the amount sought includes "two depositions" when it concerns only one, and he wrongly presumes that the Davis Clients cannot recover attorneys' fees, costs, and expenses for the ordeal he created in attempting to obstruct the second Guice deposition.  (*Id*.)

6.   Also, Attorney Malofiy improperly criticizes the Davis Clients for holding the second deposition in Denver – even though Defendants' had no choice – claiming that holding it in Philadelphia would have avoided "these additional expenses."  (*Id*. at 2.)  And his assertion that preparation for that deposition "should have been minimal at best" and limited to "what allegedly Mr. Malofiy told Mr. Guice …" (*id*.) demonstrates a misunderstanding of the facts.  The second deposition was not keyed to Attorney Malofiy's misconduct, but rather was Defendants' first real opportunity to depose Mr. Guice about the facts of the case.

## THE DAVIS FIRM'S RATES ARE REASONABLE

7.   Although he complains about the hourly rates billed by the Davis Firm, Attorney Malofiy offers no rebuttal evidence that those rates are anything but fair and reasonable.  He merely concludes that the rates "*seem* very excessive under the circumstances," gratuitously offering that "in a sanctions hearing, there should not be top fees of $500.00 and $425.00 per hour."  (*Id*. at 3.)  He cites no precedent for the proposition that an attorney's fees should vary by task.

8.  As demonstrated in the petition filed by Defendant IN2N Entertainment Group, LLC, the $500 hourly rate charged for Mr. Davis, who has practiced law for over 31 years, and primarily in the copyright litigation area, is equal to or less than the prevailing rate for attorneys with similar background, skill and experience in the Philadelphia area.  (*See* Doc. 161 at Ex. A (published lawyer hourly rates).)  Mr. Davis's hourly rates have been set between $500 and $600 per hour for several years.

9.  For more than two decades, Mr. Davis has held the *AV Preeminent* rating from Martindale-Hubbell and he has been honored with *Super Lawyer* status since 2010 in the areas of Intellectual Property Litigation and Business Litigation.  He is a Fellow of the Litigation Counsel of America, which is a trial lawyer honorary society that recognizes one-half of one percent of American lawyers.  And he routinely represents Grammy-award winning artists, major and independent record companies, and music publishers.

10. Similarly, the $400 hourly rate charged for Mr. Williams, who has substantial experience in copyright law, is equal to or less than the prevailing rate for attorneys with similar background, skill, and experience in the Philadelphia area.  *Id*.  The hourly rate used in the Petition to calculate Mr. Williams's fees was $400 per hour and not $425 per hour.  (See Doc. 162 at 5 n.1.)

11. The Davis Firm will supplement the record in support of the reasonableness of its billing rates as the Court may deem necessary.

<b>THE SERVICES BILLED FALL<br><u>WITHIN THE SCOPE OF THE SANCTIONS ORDER</u></b>

12. The Sanctions Order entitles the Davis Clients to recover their reasonable attorneys' fees, costs, and expenses "arising from the second day of William Guice's deposition." (Doc. No. 153.)  This must encompass the unnecessary and time-consuming ordeal

4

that Attorney Malofiy imposed upon the Davis Firm in rescheduling Defendant Guice's deposition and the taking of that deposition, at which Attorney Malofiy behaved in a threatening, rude and unprofessional manner.

13. Contrary to the statements in the Answer, the Davis Clients are not seeking any attorneys' fees, costs, or expenses for Mr. Guice's first deposition.  They seek only their reasonable attorneys' fees, costs, and expenses following that deposition, which consisted of numerous communications with the Court and counsel (both in writing and by telephone); the securing of court orders to extend Defendants' time to take Defendant Guice's deposition; and the preparation for and actual taking of the second deposition.  (Doc. 162 at ¶¶ 14-18.)  The Davis Clients incurred attorneys' fees on May 2, 2013, after the first Guice deposition was abruptly curtailed because of the discovery of Attorney Malofiy's misconduct.

14. The Davis Firm's invoices clearly and succinctly set forth the services for which recovery is sought.  The invoices are redacted for an intended purpose – to eliminate time-charges and expenses not sought by the Davis Clients under the Sanctions Order.  Each invoice is readable, and the applicable time-charges from the invoices are also copied into the body of the Petition for convenience.

**DEFENSE COUNSEL COULD NOT DICTATE THE DEPOSITION LOCATION**

15. Defendant Guice's second deposition was held in Denver, Colorado because Mr. Guice would not return to Philadelphia.  Defense counsel had no choice but to take the deposition in Denver and could not legally compel him to come to Philadelphia.  *See* Ex. A attached (email from Mr. Davis to Mr. Guice, dated May 14, 2013, at 7:50 a.m., offering to hold the deposition in Philadelphia).

5

16. It is understandable why Mr. Guice did not want return to Philadelphia to be deposed. Attorney Malofiy improperly induced Defendant Guice to come to Philadelphia for the first deposition. Mr. Guice was misled into believing he was a witness and not a defendant, which resulted in him feeling embarrassment and shame for being duped, and Attorney Malofiy paid for all of Mr. Guice's trip costs.

17. Defense counsel offered to depose Mr. Guice in California, where he was temporarily staying, but he preferred Denver. *See* Ex. B attached (emails between Mr. Davis and Mr. Guice, dated May 31, 2013, at 7:50 a.m. and 11:54 a.m.). Accordingly, the travel time (which was time also used to prepare for the deposition) and the travel expenses borne by the Davis Clients for counsel's attendance at the second deposition in Denver were unavoidable.

## THE SECOND DEPOSITION WAS NOT A SINGLE ISSUE DEPOSITION

18. The second deposition was not limited to the issue of conversations between Attorney Malofiy and Defendant Guice. It was the first opportunity for defense counsel to question the witness about, among other things, his relationship with Dante Barton and Daniel Marino and the Amended Complaint, including the creation of *Club Girl* and the decision to create and exploit the derivative work *Bad Girl*.

19. At Defendant Guice's first deposition, defense counsels' efforts to depose Mr. Guice were derailed when it became evident that he did not understand his role in the lawsuit and that Attorney Malofiy had improperly obtained a written statement from Mr. Guice that was adverse to his interests, without legal counsel or the required advice to secure counsel.

20. Attorney Malofiy's assertion that the second deposition required only "minimal preparation" is meritless. The second deposition occurred over a month after the first one. The Davis Firm had to reacquaint itself with the existing material, consider new documents, and

rethink the overall approach to the witness.  Not only did Mr. Guice need to be deposed about the Amended Complaint, but also, among other things, his communications with Attorney Malofiy, his knowledge of events at various stages of the litigation, his understanding of his role in the case, and his liability, if any, for the causes of action alleged against him.

21. The Davis Firm exercised reasonableness and economy in preparing for and taking Defendant Guice's second deposition, regardless of the length of the deposition.  Attorney Malofiy is in no position to judge what was or was not necessary to properly prepare and depose a witness he misled, manipulated, and exploited.

## CONCLUSION

22.  Having caused the debacle surrounding the Guice deposition, Attorney Malofiy now argues that the Court's imposition of the requested Taxable Amount "*could* affect his ability to continue to practice law as a sole practitioner" and that it "*could* have negative effects on him."  (*Id*. at 3 (emphasis added).)  This is nothing more than rank speculation.  Without justification, he also complains the Taxable Amount sought is "punitive and burdensome."  (*Id*.)  What he fails to recognize is that the expenditures by the Davis Clients would never have occurred but for Attorney Malofiy's unprofessional conduct and his failure to comply with the Pennsylvania Professional Rules of Conduct.

23. The Taxable Amount sought by the Petition is reasonable and appropriate.  The Davis Clients were conservative in calculating the Taxable Amount and have deferred seeking other amounts absent direction from the Court.  Attorney Malofiy should bear the responsibility of his actions and make the Davis Clients financially whole for the farce he put them through in obtaining discovery they were entitled to obtain from Defendant Guice.

24. The Davis Clients respectfully request that the Court enter an order against Attorney Malofiy under 28 U.S.C. § 1927 and its inherent powers that requires him to pay them $25,853.38 for their reasonable attorneys' fees, costs, and expenses.

25. The undersigned, pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the information contained herein, as well as in the Petition, is true and correct to the best of his knowledge.

Dated:  June 25, 2014

Respectfully submitted,

JONATHAN D. DAVIS, P.C.

By:     /s/ Jonathan D. Davis
        Jonathan D. Davis
        Derek A. Williams
        *Admitted pro hac vice*
        10 Rockefeller Plaza
        Suite 1015
        New York, New York 10020
        Telephone:  (212) 687-5464
        Fax:  (212) 697-2521
        Email:  jdd@jddavispc.com
        Email:  daw@jddavispc.com

## CERTIFICATE OF SERVICE

I, Matthew S. Olesh, hereby certify that on this date, a true and correct copy of the foregoing Defendants' Response To Answer To Petition For Reasonable Attorneys' Fees, Costs, And Expenses Arising From Attorney Francis Malofiy's Misconduct was served on the following counsel of record via the Court's electronic transmission facilities, and on Mr. Tommy Van Dell and Mr. William Guice via first class mail and e-mail:

Francis Malofiy, Esq.
Francis Alexander, LLC
1125 Walnut Street
Philadelphia, PA 19107
francis@francisalexander.com

Samuel C. Stretton
301 S. High Street
P.O. Box 3231
West Chester, PA 19381-3231
s.stretton@verizon.net

Mark Lee, Esq.
Manatt Phelps & Phillips
11355 W. Olympic Blvd.
mlee@manatt.com

Lance Rogers, Esq.
Rogers & Associates, LLC
25 Elliott Ave.
Bryn Mawr, PA 19010
Lance@RogersCounsel.com

Mr. Tommy Van Dell
10900 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024
vandell@hudcan.com

Mr. William Guice
6147 Colgate Ave
Los Angeles, CA 90036
Guicemanmusic@gmail.com

Dated: June 25, 2014                                  /s/ Matthew S. Olesh
                                                      Matthew S. Olesh

9