UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL V. MARINO,<br>*Plaintiff*<br><br>v.<br><br>USHER, *et al.,*<br>*Defendants* | NO.: 11-cv-06811<br><br>BEFORE THE HONORABLE<br>PAUL S. DIAMOND |

# MOTION TO STRIKE AND STAY MOVING DEFENDANTS' MOTIONS FOR COSTS AND FEES

Plaintiff moves to strike MOVING DEFENDANTS'[1] MOTIONS FOR COSTS AND FEES (*Doc. Nos. 176, 177*) as premature. Plaintiff also moves that Plaintiff's Response to Moving Defendants' motions for costs and fees, and the costs and fees determination, be stayed until final resolution of the case against Moving Defendants on appeal. In the alternative, should the Court not stay the fee determination, and if the Court finds that Moving Defendants' motions for costs and fees pursuant to 17 U.S.C. § 505 are timely, Plaintiff moves for an extension of time until August 31, 2014, to review and respond to Defendants' motions and their supporting documentation. Plaintiff incorporates by reference the accompanying memorandum of law in support of this motion.

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC
*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Rd. | Suite 105
Media, PA 19063

---

[1] Bobby Ross Avila, Jr., Issiah Avila, Jr., Bystorm Entertainment, Defenders of Music, EMI April Music, Inc., EMI Blackwood Music, Inc., Flyte Tyme Tunes, James Samuel Harris, III, Terry Steven Lewis, Mark Pitts, Sony Music Entertainment, Sublime Basement Tunez, UR–IV Music, INC., Usher Terry Raymond IV, Warner Tamerlane Corp.; and, IN2N Entertainment Group, Inc.

T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*

*/d/ July 16, 2014*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL V. MARINO,<br>*Plaintiff*<br><br>V.<br><br>USHER, *et al.,*<br>*Defendants* | NO.: 11-cv-06811<br><br>BEFORE THE HONORABLE<br>PAUL S. DIAMOND |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND STAY MOVING DEFENDANTS' MOTIONS FOR COSTS AND FEES

## I.   MATTER BEFORE THE COURT

Before the Court is PLAINTIFF'S MOTION TO STRIKE AND STAY DEFENDANTS' MOTIONS FOR COSTS AND FEES (*Doc. Nos. 176, 177*), on the grounds that the ruling is not a final judgment per FRCP 54(b), the case against Defendants has not ended, and it is therefore improper and premature for Defendants to file for prevailing party costs and fees at this time.

## II.   BRIEF FACTUAL AND PROCEDURAL SUMMARY OF THIS MOTION

On May 21, 2014, this Court granted summary judgment for Moving Defendants on all claims (*Doc. No. 155*). Following that ruling, Moving Defendants contacted Plaintiff stating that they wanted a stipulation for an extension to file for costs and fees under 17 U.S.C. § 505. See Exhibit 1 – Email Chain Between Counsel on May 23, 2014. Plaintiff stated that he believed that any petition or motion for those costs and fees was premature, because the order was not final, and could not agree to an extension on that basis. Id. Plaintiff then filed a Motion for Clarification (*Doc. No. 156*) with the Court asking whether the Court had intended its decision to be final, and also whether it was appropriate for Defendants to seek costs before the entry of a final order. The Court denied this motion on the grounds that it was asking for an advisory opinion (*Doc. No. 157*). Moving Defendants then asked the Court for an extension of time to file for costs (*Doc. No. 158*), which was

granted (*Doc. No. 158*) in the face of opposition from Plaintiff (*Doc. No. 159*). Moving Defendants then submitted motions for costs and fees on July 11, 2014 (*Doc. Nos. 176, 177*).

## III.   DEFENDANTS' MOTIONS FOR COSTS AND FEES ARE PREMATURE

A party may not collect costs and fees until a final judgment has been entered as to that party. Federal Rule of Civil Procedure 54(b) governs when an order dismissing less than all parties from a case is considered a final decision:

> JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties **does not end the action as to any of the claims or parties** and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The rule is explicit that an action against a party does not end *until* there is a 54(b) certification or all parties are dismissed from the case. As such, **filing a motion or petition for costs and fees cannot be done until *after* a final judgment** as it is logically discordant that a party could collect litigation costs and fees before the litigation against that party has actually ended. Cf. FRCP 54(b) (stating that a case does not end against a party until all parties are dismissed from the case). Such a conclusion finds further support from case law in the Third Circuit. See Goldstein v. GNOC, Corp., 1994 U.S. Dist. LEXIS 11731, *3 (E.D. Pa. 1994) (stating "a party may not file a bill of costs until after the entry of final judgment"). In addition, many other district courts explicitly provide that costs may not be collected until a final judgment has been entered. See, e.g., Local Rules of Western District of Pennsylvania 54(b); Local Rules of Southern District of Ohio 54.1(a); Exhibit 2 – District of Massachusetts Procedures for Filing the Bill of Costs.

Moving Defendants have admitted that without a Rule 54(b) certification the grant of summary judgment in their favor is not a final judgment. See Exhibit 3 – Defendants' Joint Letter Brief to Third Circuit on Rule 54(b). **Because there is no final judgment in this case—and per Rule 54(b) the case has not ended against Moving Defendants—it is manifestly inappropriate**

for Moving Defendants, at this time, to file for costs and attorney's fees as the prevailing parties. Moving Defendants' motions should therefore be struck. See attached Order.

## IV.   Plaintiff Moves to Stay Plaintiff's Response and Any Cost and Fee Determination Until there is a Final Resolution of the Case Against Moving Defendants on Appeal

This Court has the inherent power to control its own docket, including the power to stay proceedings. Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Courts in the Third Circuit have appropriately stayed costs and fees determinations until the final resolution of a case on appeal. Local 827 Int'l B'hood of Elec. Workers v. Verizon N.J., Inc., No. 02-1019, 2006 U.S. Dist. LEXIS 56453, at *12-13 (D.N.J. 2006); 1st Westco Corp. v. Sch. Dist. of Phila., No. 91-2727, 1993 U.S. Dist. LEXIS 5025, at *1 (E.D.Pa. 1993).

Here, there are complicated matters of fact and law that have been, and will be, appealed to the Third Circuit. Staying the cost and fee determination will preserve judicial economy by allowing the parties to refrain from litigating an issue that may very well be made moot by a subsequent appellate decision. Furthermore, Moving Defendants will suffer no prejudice if the cost and fee determination is stayed until final resolution of the case. If the grant of summary judgment in their favor is upheld by the Third Circuit, Moving Defendants will still have the same opportunity and ability to argue before this Court why they are entitled to costs and fees. Therefore, for purposes of judicial economy, any costs and fees determinations with respect to Moving Defendants should be stayed until final resolution of this case on appeal.

## V.   In the Alternative, Plaintiff Requests an Extension

In the alternative, should the Court not stay the case, and if the Court finds that Moving Defendants' motions for costs and fees as the prevailing parties are timely, Plaintiff requests an extension of time to file responses. Moving Defendants have submitted significant amounts of documentation that will necessarily take time to analyze and verify. Currently, Plaintiff's responses to these motions are due on July 25, 2014. Moving Defendants requested from the Court, and

received, a 37 day extension to file for costs and fees. Plaintiff similarly requests an identical extension until August 31, 2014, to file responses to these motions. <u>See attached</u> Alternative Order.

## VI.   Conclusion

Plaintiff therefore asks the Court to strike Moving Defendants' motions for costs and fees, and that Plaintiff's Response to Moving Defendants' motions for costs and fees, and the costs and fees determination, be stayed until final resolution of the case against Moving Defendants on appeal. In the alternative, Plaintiff requests that the Court grant Plaintiff an extension of time to respond to Moving Defendants' motions by August 31, 2014.

*****

*Respectfully submitted,*
Francis Alexander, LLC

<u>*/s/ Francis Malofiy*</u>
Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Rd. | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiffs*

<u>*/d/ July 16, 2014*</u>

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Strike and Stay Defendants' Motions for Costs and Fees has been electronically filed with the Court via the ECF Filing System, served upon all counsel of record via electronic mail, and e-mailed to William Guice and Thomas van Dell.

Jonathan D. Davis, P.C.
Jonathan D. Davis, Esquire
Derek A. Williams
99 Park Avenue | Suite 1600
New York, NY 10016
T:  (212) 687-5464
E: jdd@jddavispc.com
E: DAW@jddavispc.com

Fox Rothschild, LLP
Michael Eidel, Esquire
Matthew Olesh, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103
T:  (215) 299-2000
E: MEidel@foxrothschild.com

*Attorneys for Defendants*
*Usher Raymond IV a/k/a Usher ("Usher"), Sony Music Entertainment, EMI April Music, Inc.,*
*EMI Blackwood Music, Inc., Warner-Tamerlane Publishing Corp., UR-IV Music, Inc., Bystorm*
*Entertainment, Mark Pitts, Issiah Avila, Jr., Bobby Ross Avila, Jr., Sublime Basement Tunez,*
*Defenders of Music, Flyte Tyme Tunes, James Samuel Harris III, and Terry Steven Lewis*

Manatt, Phelps & Phillips, LLP
Mark S. Lee, Esquire
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
T:  (310) 312-4000
F:  (310) 312-4224
E:  mlee@manatt.com

ROGERS & ASSOCIATES, LLC
Lance Rogers, Esquire
25 Elliot Avenue
Bryn Mawr, PA 19010
T:  (610) 649-1880
F:  (877) 649-1800
E:  lance@rogerscounsel.com
*Attorney for Defendant*
*IN2N Entertainment Group, LLC ("IN2N")*

THOMAS VAN DELL
10900 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024
T:  (310) 443-5332
E:  vandell@hudcan.com
*Defendant, Pro Se*

WILLIAM C. GUICE
16794 East Tufts Avenue
Aurora, CO 80015
*Defendant, Pro Se*
E: guicemanmusic@gmail.com

SAMUEL C. STRETTON, ESQUIRE
301 South High Street
West Chester, PA 19381-3231
E: s.stretton@verizon.net

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

*/d/ July 16, 2014*

# Exhibit List

Exhibit 1      Email Chain Between Counsel on May 23, 2014

Exhibit 2      District of Massachusetts Procedures for Filing the Bill of Costs

Exhibit 3      Moving Defendants' Joint Letter Brief to Third Circuit on FRCP 54(b)

# EXHIBIT 1

**Email Chain Between Counsel on May 23, 2014**

| From: | Francis Alexander Malofiy |
|---|---|
| To: | Jonathan D. Davis |
| Cc: | lance@rogerscounsel.com; vandell@hudcan.com; "Lee, Mark"; "Eidel, Michael L."; "Derek A. Williams, Esq."; s.stretton@verizon.net; AJ Fluehr |
| Subject: | RE: Marino v. Raymond, et al. |
| Date: | Friday, May 23, 2014 9:03:37 PM |

Dear Mr. Davis,

Plaintiff has no objection if you need additional time to submit a petition setting forth your costs as it relates to the sanctions order; however, it is Plaintiff's position that any petition to this court to consider costs under section 505 of the Copyright Act is premature.

Federal Rule of Civil Procedure 54(b) and Third Circuit precedent indicate that no final judgment has been entered in this case, and that consequently any motion for taxation of costs under section 505 is not allowed at this juncture.

Under Rule 54(b):

"Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or **when multiple parties are involved**, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court** *expressly* **determines that there is no just reason for delay**. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties **does not end the action as to any of the claims or parties** and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

In Elliott v. Archdiocese of N.Y., 682 F.3d 213, 221 (3d Cir. 2012), the Third Circuit is clear that any determination dismissing fewer than all defendants from a case must contain an express determination that there is no just reason for delay before the decision becomes final:

"[The requirement that the] district court 'must go on to determine whether there is any just reason for delay,' is not merely formalistic. Rule 54(b) makes clear that a district court may direct entry of a final judgment under the rule 'only if the court expressly determines that there is no just reason for delay.' . . . . Otherwise, if the court does not make that determination, 'any order or other decision, however designated' that does not dispose of all claims against all parties **is not final under Rule 54(b)**."

Given that it does not appear that the Court's opinion and order address Rule 54(b), no final order has been entered and you cannot file a motion for costs. See Goldstein v. GNOC, Corp., 1994 U.S. Dist. LEXIS 11731 (E.D. Pa. 1994) (stating that costs may not be taxed unless a final judgment has been entered).

***

Please share Plaintiff's position with the Court in your request for an extension.


*****
With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC

280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

---

**From:** Jonathan D. Davis [mailto:jdd@jddavispc.com]
**Sent:** Friday, May 23, 2014 6:09 PM
**To:** Francis Alexander Malofiy
**Cc:** lance@rogerscounsel.com; vandell@hudcan.com; 'Lee, Mark'; 'Eidel, Michael L.'; 'Derek A. Williams, Esq.'; s.stretton@verizon.net; AJ Fluehr
**Subject:** RE: Marino v. Raymond, et al.

Dear Mr. Malofiy:

We disagree with your interpretation of the Judge's order granting summary judgment and the applicable procedural and statutory rules.  Our entitlement to fees and costs on the sanctions order is separate.  The Court has ordered that we submit our petition for those fees and costs by June 4.   But once the judgment is entered granting summary judgment dismissing the complaint, the clock begins to run to file our motion for Section 505 costs, including reasonable attorney's fees, under the Copyright Act.  Would you please let me know today if you consent or oppose our planned application to Judge Diamond for an extension of the time to file that motion.  Thank you.

Regards,
Jonathan D. Davis

**Jonathan D. Davis, Esq.**
**JONATHAN D. DAVIS, P.C.**
Attorneys at Law
99 Park Avenue
Suite 1600
New York, New York 10016
Tel. (212) 687-5464
Fax (212) 557-0565
jdd@jddavispc.com
www.jddavispc.com
=================================================================

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies.
=================================================================

---

**From:** Francis Alexander [mailto:francis@francisalexander.com]
**Sent:** Friday, May 23, 2014 5:15 PM
**To:** 'Jonathan D. Davis'
**Cc:** lance@rogerscounsel.com; vandell@hudcan.com; 'Lee, Mark'; 'Eidel, Michael L.'; 'Derek A. Williams, Esq.'; s.stretton@verizon.net; francis@francisalexander.com; aj@francisalexander.com
**Subject:** RE: Marino v. Raymond, et al.

Dear Mr. Davis,

From my reading of the Judge's Orders and my understanding of the Rules, it appears that your request for reasonable attorney's fees, under 17 U.S.C. Section 505 as the "prevailing party" is premature.

My reading of Judge Diamond's Sanctions Order—Numbers (1) and (2)—seems to indicate that he is referring to submitting a petition setting forth the increased costs associated with and relating to 1927 conduct complained of in the sanctions motion.

Wouldn't you agree?


*****
With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

---

**From:** Jonathan D. Davis [mailto:jdd@jddavispc.com]
**Sent:** Friday, May 23, 2014 2:43 PM
**To:** francis@francisalexander.com
**Cc:** lance@rogerscounsel.com; vandell@hudcan.com; Lee, Mark; 'Eidel, Michael L.'; Derek A. Williams, Esq.
**Subject:** Marino v. Raymond, et al.

Dear Mr. Malofiy:

In furtherance of our telephone call this afternoon, I request, by this email, on behalf of all Defendants, your consent to extend Defendants' time to file their motions for recovery of full costs, including reasonable attorney's fees, under 17 U.S.C. § 505 as the "prevailing party" in the Marino case, from Wednesday, June 4, 2014, to Friday, July 11, 2104.  (Our calculation assumes the "judgment" was entered on May 21, 2014.)  Because of the approaching deadline, we want to write the Court for the extension as soon as possible.  We request that you respond to this email by the end of business today as you stated you would do in our call.  Thank you.

Regards,
Jonathan D. Davis

**Jonathan D. Davis, Esq.**
**JONATHAN D. DAVIS, P.C.**
Attorneys at Law
99 Park Avenue
Suite 1600
New York, New York 10016

Tel. (212) 687-5464
Fax (212) 557-0565
jdd@jddavispc.com
www.jddavispc.com
================================================================================

CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive use of the
individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential
and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified
that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or
sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the
original message without making any copies.
================================================================================

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2012.0.2247 / Virus Database: 3722/7045 - Release Date: 05/23/14

# EXHIBIT 2

**District of Massachusetts Procedures for Filing the Bill of Costs**

# Taxation of Costs

## Procedures for Filing the Bill of Costs

Under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, a prevailing party may request the Courtroom Deputy Clerk to tax allowable costs in a civil action as part of a judgment or decree.   This procedure is begun by filing a **Bill of Costs**, which must be filed on form AO 133, available in the Clerk's office.

### When is a party the "prevailing party"?

A party in whose favor a judgment is entered is the prevailing party, regardless of whether that party sustains the entire complaint or only a portion thereof.[1]  Thus, the plaintiff is the prevailing party when judgment is rendered in her favor.  The defendant is the prevailing party when the proceeding is terminated by court-ordered dismissal or judgment in favor of the defendant.  Note, however, that when the case is dismissed or remanded for lack of jurisdiction, costs can only be allowed on order of the Judge.[2]  In addition, under Fed. R. Civ. P. 68, a plaintiff who rejects a settlement offer that is more than the judgment eventually obtained by the plaintiff is liable to the defendant for costs incurred after the offer was made.[3]

### What must be filed?

The original of the Bill of Costs shall be filed with the Clerk, with copies served on adverse parties.  All costs sought must be itemized and documented in order to allow the adverse party a fair chance to object.[4]  An affidavit of the party or counsel must accompany the Bill of Costs verifying that (i) the items claimed in the Bill of Costs are correct, (ii) the costs have been necessarily incurred in the case, and (iii) the services for which fees have been charged were actually and necessarily performed.[5]

### When must the Bill of Costs be filed?

The Bill of Costs must be filed within fifteen (15) days of the earlier of (i) the expiration of the time allowed for appeal of the final judgment or decree, or (ii) receipt by the Clerk of the Mandate of the Court of Appeals.[6]

*Can costs be taxed in settled cases?*

If parties have specified an allocation of costs in their agreement to settle a case, that allocation is controlling.[7]  If their agreement does not specify how costs are to be allocated, the determination will depend on which party is "prevailing."  Ordinarily, this determination will require the party seeking costs to make an application for review by a District Judge or Magistrate Judge.

## Objections to the Bill of Costs

*How does the adverse party object to the Bill of Costs?*

If an adverse party objects to the Bill of Costs or any item claimed by a prevailing party, that party must state their objection(s) in a *Motion for Disallowance* with supporting documents.  The Motion must be made within ten (10) days after the filing of the Bill of Costs.  The prevailing party may file a response to the objection, so long as it is within five (5) days of the filing of the Motion for Disallowance.[8]

*How is the objection resolved?*

The need for a hearing on costs will be determined by the Courtroom Deputy Clerk.  Unless a hearing is ordered, a ruling will be made within a reasonable period by the Courtroom Deputy Clerk.  Within five (5) days of receipt of that Clerk's ruling on costs, a party may request review by a District Judge or Magistrate Judge.[9]

*What are common objections that should not be given weight?*

Adverse parties raise four common arguments against the taxation of costs that should not be given weight.  First, it is often claimed that the losing party's lawsuit addressed important social issues, and that if costs are awarded, other parties seeking to pursue important public policy goals will be frightened away from litigation.[10]  Second, parties sometimes view the "good faith" nature of their lawsuit as somehow excluding them from the duty to pay costs.[11]  Third, parties often claim that their financial status should exempt them from taxation responsibilities, either because they are less wealthy than the prevailing party or because they are indigent.[12]  Finally, it is sometimes claimed that the

prevailing party should be denied all or a part of their costs because they only prevailed on a portion of their claims, or they only received injunctive or other non-monetary relief.[13] None of these arguments are acceptable objections to the award of costs.

***What are common objections that can be considered?***

Acceptable reasons for denying all or part of requested costs include the prevailing party's failure to file the Bill of Costs within the fifteen day time period,[14] and the failure to provide sufficient, legible itemization of costs, along with supporting documentation.[15]  Costs may also be denied where the prevailing party has engaged in misconduct during the litigation process,[16] but this determination must be made by a District Judge or Magistrate Judge.

## Taxable Costs

It is important to note that only those costs specifically mentioned in 28 U.S.C. § 1920 are taxable.[17]  Thus, the Courtroom Deputy Clerk must deny all other costs requested, even if the opposing party has failed to make an objection.[18]  The following costs are taxable to the extent described:

***Fees of the Clerk.***

Taxable.[19]

***Fees of the Marshal.***

Taxable, even if conducted by private process servers.[20]

***Fees of the Court Reporter.***

Taxable for all or any part of the transcript necessarily obtained for use in the case.[21]  This includes trial transcripts and transcripts of depositions taken for use at trial.[22]  Video depositions are not taxable without prior permission of the Court.[23]  Daily or expedited transcript costs will not be taxable unless requested in a motion filed prior to commencement of trial.[24]

***Fees for witnesses.***

Taxable, if the testimony of the witness was relevant and

material to an issue in the case,[25] for the following items: witness fees (at $40 per day); mileage (at $.3250 per mile) and/or travel by common carrier, tolls, and parking, if the witness testifies; and subsistence (at $238.00 per day for the Boston area) if the witness testifies and it is not practical for the witness to return to his or her residence from day to day.[26]  Fees for witnesses who are parties to the litigation are not taxable.[27]  However, witness fees for employees of a corporate party are allowable so long as the employees are not real parties in interest.[28]

**Fees for exemplification.**

Taxable if necessarily obtained for use in the case.[29] Exemplification is the making of an official and certified copy of a document or transcript that is used as evidence. Examples of items that may be exemplified include docket sheets, complaints, medical reports, police reports, weather reports, land records, and criminal records.

**Fees for printing and copying.**

Photocopying costs are taxable only to the extent that the copies were used as exhibits, were furnished to the Court or opposing counsel, or were otherwise necessary for maintenance of the action.[30]  Thus, taxable items can include copies of trial transcripts,[31] deposition transcripts used at trial,[32] copies of exhibits where originals are not available, briefs, excerpts of the record, etc.[33]  Counsel must include a statement that the cost is no higher than what is generally charged for reproduction in the local area, and that no more copies than what was actually necessary were reproduced.[34]  Copies for the convenience of counsel and not for use at trial are not taxable.[35]  The reasonable expense of preparing items such as charts, photographs, motion pictures and similar visual aids is taxable when the exhibits have been received in evidence and have been of aid to the Court.[36]  The costs of maps, charts and models (including computer generated models) that are deemed to be beyond the needs of the case are not taxable.[37]

**Docket fees**.

Taxable according to the rates set forth in 28 U.S.C. § 1923.

***Compensation of court-appointed experts.***

> Taxable only if the expert is court-appointed.  If an expert witness is not court-appointed, expenditures are taxable only to the extent that ordinary witness expenditures would be (see above).[38]

***Compensation of interpreters and costs of special interpretation services.***

> Fees, expenses and costs of interpreters are taxable if their services or the product of their services (i.e., translated depositions) are used at trial.[39]  Fees for translation of documents received in evidence, used as part of the proceeding or otherwise reasonably necessary for trial preparation are taxable.  Current rates for a certified and professionally qualified interpreter are $305.00 for a full day, $165 for a half day, and $45 per hour for overtime.  The rate for a language skilled (non-certified) interpreter is $145 for a full day, $80 for a half day, and $25 per hour for overtime.[40]

## Special Proceedings

When the action has had proceedings in courts other than the District Court, or is a special type of proceeding in the District Court, the following rules apply:

***Bankruptcy appeals.***

> A Bill of Costs on a bankruptcy appeal to the District Court must be filed within fifteen (15) days of the entered date of the order deciding the bankruptcy appeal.  Note that if judgment is affirmed or reversed in part, or is vacated, costs cannot be taxed unless the judgment signed by the Court specifically awards costs to a party.[41]  The following are taxable as costs, in addition to other taxable items:  costs incurred in the production of copies of briefs, the appendices, and the record and in the preparation and transmission of the record, the cost of the Reporter's transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal and the fee for filing the notice of appeal.[42]

***Suits in admiralty.***

> Costs incurred in posting a bond may be taxable if deemed a reasonable expense.[43]  The prevailing party must have obtained the lowest available rate.[44]

***The Court of Appeals.***

> Any costs allowed and entered as an order by the Court of Appeals (usually costs associated with appellate printing or production of briefs) shall be added to costs taxed by the District Court.[45]  In addition, allowable costs to be entered by the Courtroom Deputy Clerk of the District Court include the costs of preparing and transmitting the record and transcripts, obtaining supersedeas bonds and other required bonds, and fees of the appellate clerks.[46]

***The United States Supreme Court.***

> Taxable costs are limited to fees of the Clerk and costs of printing the joint appendix.  When costs are allowed by the Supreme Court, an itemization of the costs will be inserted in the body of the mandate sent to the court below.[47]

***State courts.***

> For removed cases, any costs incurred in state court prior to removal are taxable in federal court, so long as the costs were taxable under state law.[48]  An affidavit of costs incurred while proceeding in state court must accompany the Bill of Costs.

## Items Specifically Not Taxable

Two non-taxable items deserve special mention.

***Attorney's fees.***

> Any party seeking attorney's fees must file an appropriate motion with the District Judge or Magistrate Judge.[49]

***Special Master fees.***

Any party seeking Special Master fees must file a motion with the District Judge or Magistrate Judge.[50]

## Status of Certain Special Parties

***Intervenors.***

Intervenors in agency actions are generally treated like any other prevailing or losing party.[51]

***The United States.***

Costs may be taxed against the United States or any of its agencies or officials if the United States is a losing party.[52] The United States may recover filing fees when it prevails in a civil action.[53]

***State governments.***

State governments, agencies and officials may be taxed with costs.[54]

(taxation.wpd - 12/28/00)

## Sources

1. See Roberts v. Madigan, 921 F.2d 1047, 1058 (10th Cir. 1990) (awarding full costs to party that prevailed on the majority of claims and issues); see also 10 Wright & Miller: Federal Prac. & Proc. § 2667 n. 16 (1998) (collecting sources).

2. See 28 U.S.C. § 1919.

3. See Crossman v. Marcoccio, 806 F.2d 329 (1st Cir. 1986).

4. See Harceg v. Brown, 536 F. Supp. 125 (N.D. Ill. 1982).

5. See 28 U.S.C. § 1924.

6. No statute or federal rule governs what constitutes a timely filing and thus individual courts vary in their treatment of the question. In lieu of a local rule, it has been held that bills of costs must be filed within a reasonable time after the conclusion of litigation. See, e.g., Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219 (7th Cir. 1988). While the District of Massachusetts does not have a formalized local rule, the procedure described above has come to represent the practice of the District.

7. See Frigiquip Corp. v. Parker-Hannifin Corp., 75 F.R.D. 605 (W.D. Okla. 1977).

8. Like the fifteen day time period for filing the Bill of Costs, this procedure for filing objections is a matter of local practice, permissible within the Federal Rules.  See Kallay v. Community National Life Insurance Co., 52 F.R.D. 139 (D. Okl. 1971) (local rule may set time limit for filing bill of costs).

9. See Fed. R. Civ. P. 54(d)(1).

10. See, e.g., Smith v. Southeastern Pennsylvania Transportation Authority, 47 F.3d 97 (3d Cir. 1995).

11. See, e.g., Popeil Brothers, Inc. v. Schick Electric, Inc., 516 F.2d 772 (7th Cir. 1975).

12. See, e.g., Papas v. Hanlon, 849 F.2d 702 (1st Cir. 1988) (requiring in forma pauperis litigant to pay prevailing defendants for stenographer's fees in no-show depositions); Halasz v. University of New England, 821 F. Supp. 40 (D. Me. 1993) (student's plausible arguments and general lack of funds did not preclude award of costs to university).

13. See, e.g., Roberts, 921 F.2d 1047.

14. Because the District's fifteen day time period appears to be an informal practice, rather than a formalized local rule, some allowance should be made for litigants who file late but claim, in good faith, that they were not aware of the time restriction.  See In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation, 994 F.2d 956 (1st Cir. 1993) (district court cannot deny costs without providing opportunity to seek ordinary costs).

15. See Proffitt v. Municipal Authority of the Borgough of Morrisville, 716 F. Supp. 845 (E.D. Pa. 1989) (clerk may not tax unexplained costs).

16. See Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985).

17. See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) ("The Court has the discretion to deny any of the costs on this list but may not grant the prevailing party fees for expenses that do not appear [in § 1920]"); Rodriguez-Garcia v. Davila, 904 F.2d 90, 100 (1st Cir. 1990) ("An award of costs must be carefully tailored to the items [in § 1920]").

18. See Andrews v. Suzuki Motor Co., Ltd., 161 F.R.D. 383 (S.D. Ind. 1995).

19. See 28 U.S.C. § 1920(1).

20. See Bass v. Spitz, 522 F. Supp. 1343 (E.D. Mich. 1981); Morris v. Carnathan, 63 F.R.D. 374 (N.D. Miss. 1974).

21. See Walters v. President and Fellows of Harvard College, 692 F. Supp. 1440 (D. Mass. 1988) (successful litigant could recover only those costs associated with taking and transcribing depositions that were used or introduced as evidence at trial).

22. See Emerson v. National Cylinder Gas Co., 147 F. Supp. 543 (D. Mass. 1957), affirmed, 251 F.2d 152 (1st Cir. 1958)  (costs of depositions taken for preparation and discovery, rather than for use at trial, not recoverable).

23. Miller v. National R.R. Passenger Corp., 157 F.R.D. 145 (D. Mass. 1994).

24. See Virginia Panel Corp. v. Mac Panel Co., 887 F. Supp. 880 (W.D. Va. 1995) ("The cost of daily copies of trial transcripts is recoverable if the daily transcript is indispensable, rather than merely for the convenience of the attorneys.") (citing Farmer v. Arabian American Oil Co., 379 U.S. 227, 233-34, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964)).

25. <u>See</u> 10 Wright & Miller: Federal Prac. & Proc. § 2678 n. 8 (1998) (collecting sources).

26. <u>See</u> 28 U.S.C. § 1821.

27. <u>See</u> <u>Bee</u> v. <u>Greaves</u>, 910 F.2d 686 (10th Cir. 1990); <u>Heverly</u> v. <u>Lewis</u>, 99 F.R.D. 135 (D. Nev. 1983).

28. <u>See</u> <u>Todd Shipyards Corp.</u> v. <u>Turbine Services, Inc.</u>, 592 F. Supp. 380 (E.D. La. 1984); <u>Morrison</u> v. <u>Alleluia Cushion Co.</u>, 73 F.R.D. 70 (N.D. Miss. 1976); <u>Sperry Rand Corp.</u> v. <u>A-T-O, Inc.</u>, 58 F.R.D. 132 (E.D. Va. 1973).

29. <u>See</u> 28 U.S.C. § 1920(4); <u>Commerce Oil Refining Corp.</u> v. <u>Miner</u>, 198 F. Supp. 895 (D. R.I. 1961)

30. <u>See</u> <u>Board of Directors, Water's Edge</u> v. <u>Anden Group</u>, 135 F.R.D. 129 (E.D. Va. 1991).

31. Under 28 U.S.C. § 1920(2), prevailing parties are entitled to the fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case.  "Courts generally consider a transcript 'necessarily obtained' when it was necessary to counsel's effective performance and proper handling of the case ... or when requested by the court....  The words 'use in the case' signify that the transcript must have a direct relationship to the determination and result of the trial." <u>Dopp</u> v. <u>HTP Corp.</u>, 755 F. Supp. 491, 502 (D. Puerto Rico 1991), vacated on other grounds, 947 F.2d 506 (1st Cir. 1991).

32. "[I]f depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party." <u>Templeman</u> v. <u>Chris Craft Corp.</u>, 770 F.2d 245, 248 (1st Cir. 1985), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985).

33. "Under section 1920(4), Plaintiffs are entitled to the fees for their copies which were necessarily obtained for use in the case.  Copies are recoverable when they are reasonably necessary to the maintenance of the action." <u>Rodriguez-Garcia</u> v. <u>Davila</u>, 904 F.2d 90, 100 (1st Cir. 1990).

34. <u>See</u> 28 U.S.C. § 1924.

35. <u>See</u> <u>Perlman</u> v. <u>Feldmann</u>, 116 F. Supp. 102 (D. Conn. 1953) (additional copies of depositions obtained because prevailing parties were represented by two law firms were for the convenience of counsel and therefore not taxable).

36. <u>See</u> <u>H. C. Baxter & Bro.</u> v. <u>Great Atlantic & Pacific Tea Co.</u>, 44 F.R.D. 49 (D. Me. 1968).

37. <u>See</u> <u>Emerson</u>, 147 F. Supp. 543 (successful defendants only allowed 25 percent of expenses for elaborate and detailed charts which went beyond needs of the occasion); <u>Paul N. Howard Co.</u>, v. <u>Puerto Rico Aqueduct and Sewer Authority</u>, 110 F.R.D. 78 (D. Puerto Rico 1986) (costs for graphs and exhibits disallowed where not indispensable to court's understanding).

38. As the Supreme Court in <u>Crawford Fitting</u> expressed, "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of 1821(b), absent contract or explicit statutory authority to the contrary." <u>Crawford Fitting Co.</u>, 482 U.S. 437, 439, 107 S.Ct. 2494, 96 L.Ed.2d 385.

39. <u>See</u> 28 U.S.C. § 1920(6); <u>East Boston Ecumenical Community Council, Inc.</u> v. <u>Mastrorillo</u>, 124 F.R.D. 14 (D. Mass. 1989) (costs of having interpreters present at deposition would be recoverable by defendants if they prevailed at trial).

40. <u>See</u> 28 U.S.C. § 1818.

41. <u>See</u> Fed. R. Bankr. P. 8014.

42. See id.

43. See Copperweld Steel Co. v. Demag-Mannesmann-Bohler, 624 F.2d 7 (3d Cir. 1980).

44. See Keystone Shipping Co. v. S. S. Monfiore, 275 F. Supp. 606 (S.D. Tex. 1967); American Hawaiian Ventures, Inc. v. M. V. J. Latuharhary, 257 F. Supp. 622 (D. N.J. 1966).

45. See Fed. R. App. P. 39(c).

46. See Fed. R. App. P. 39(e).

47. See Sup. Ct. R. 43(3).

48. See Simeone v. First Bank National Association, 971 F.2d 103 (8th Cir. 1992) (state law governs award of costs for proceedings that take place in state court).

49. See De Thomas v. Delta S. S. Lines, Inc., 58 F.R.D. 335 (D. Puerto Rico 1973) (attorneys' fees not included in statutory definition of taxable costs).

50. See Mallonee v. Fahey, 117 F. Supp. 259 (S. D. Cal. 1953) (special master fees were required to be fixed and assessed by the court, rather than the clerk acting under her statutory authorization).

51. See 10 Wright & Miller: Federal Prac. & Proc. § 2667 n. 23 (1998) (collecting sources).

52. See 28 U.S.C. § 2412(a).

53. See Federal Courts Administration Act of 1992 (P.L. 102-572).

54. The Eleventh Amendment has been held not to bar such assessments. See Gay Student Services v. Texas A & M University, 612 F.2d 160 (5th Cir. 1980); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976).

# EXHIBIT 3

**Moving Defendants' Joint Letter Brief to Third Circuit on FRCP 54(b)**



manatt | phelps | phillips

**Mark S. Lee**
Manatt, Phelps & Phillips, LLP
Direct Dial: (310) 312-4128
E-mail: mlee@manatt.com

**Benjamin G. Shatz**
Manatt, Phelps & Phillips, LLP
Direct Dial: (310) 312-4383
E-mail: BShatz@manatt.com

July 8, 2014

Client-Matter: 08421-064

**<u>VIA ELECTRONIC FILING</u>**

Marcia M. Waldron, Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106-1790

  Re: ***Marino v. Usher*, No. 14-3081**
    **(E.D. Pa. No. 2:11-cv-06811)**
    <u>**Joint Response to Clerk's Order of June 25, 2014**</u>

Dear Ms. Waldron:

  The Defendants identified below respond to the Court Clerk's Order of June 25, 2014, directing them to address the issue of appealability of the orders identified in the Notice of Appeal filed by Plaintiff in the above-referenced action.

  As the Clerk's Order correctly notes, although some of the orders identified in the Notice of Appeal finally dismiss all claims against certain defendants on the merits, they do not dismiss all claims as to all defendants below. Further, the orders appealed from have not been certified for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b).

  For the foregoing reasons, these responding Defendants submit that there is no "final decision of the district court" as required under 28 U.S.C. § 1291. Accordingly, this Court does not have jurisdiction over this appeal. *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir. 2006).

    Respectfully submitted,

    */s/ Benjamin G. Shatz*

    Mark S. Lee
    Benjamin G. Shatz
    Manatt, Phelps & Phillips, LLP

11355 West Olympic Boulevard, Los Angeles, California 90064-1614  Telephone: 310.312.4000  Fax: 310.312.4224
Albany | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.
312488723.1



manatt | phelps | phillips

Marcia M. Waldron, Clerk
United States Court of Appeals for the Third Circuit
July 8, 2014
Page 2


/s/ *Lance Rogers*

Lance Rogers
Rogers Castor
*Attorneys for Defendant/Appellee*
IN2N Entertainment Group, LLC

MSL/BGS:bn


The undersigned joins in this response.


Respectfully submitted,

/s/ *Jonathan D. Davis*

Jonathan D. Davis
(Third Circuit admission pending)
Jonathan D. Davis, P.C.
*Attorneys for Defendants/Appellees*
Usher Raymond IV, Sony Music Entertainment,
EMI April Music Inc., EMI Blackwood Music
Inc., UR-IV Music, Inc., Warner-Tamerlane
Publishing Corp., Mark Pitts, Bystorm
Entertainment, Issiah Avila, Bobby Ross Avila,
Defenders of Music, Flyte Tyme Tunes,
Sublime Basement Tunez, James Samuel
Harris III, and Terry Steven Lewis

**CERTIFICATE OF SERVICE**

I, Lance Rogers, hereby certify that on July 8, 2014, I served a true and correct copy of

the foregoing upon the following persons:

JONATHAN D. DAVIS
JONATHAN D. DAVIS, PC
99 PARK AVE STE 1600
NEW YORK, NY 10016
**VIA ECF**

FRANCIS MALOFIY
THE BEASLEY BUILDING
1125 WALNUT STREET
PHILADELPHIA, PA 19107
*Attorney for Daniel Marino*
**VIA ECF**

MICHAEL EIDEL
FOX ROTHSCHILD LLP
2000 MARKET STREET, 20TH FLOOR
PHILADELPHIA, PA 19103
**VIA ECF**

TOMMY VAN DELL
10900 WILSHIRE BLVD., SUITE 1400
LOS ANGELES, CA 90024
**VIA MAIL**

SAMUEL C. STRETTON
301 SOUTH HIGH STREET
P.O. BOX 3231
WEST CHESTER, PA 19381
*Attorney for Francis Malofiy*
**VIA ECF**

WILLIAM GUICE
6147 COLGATE AVENUE
LOS ANGELES, CA 90036
**VIA MAIL**

   /s/ Lance Rogers
Lance Rogers
Kent E. Conway(Pa. Atty ID No. 87546/88063)
Rogers Castor

1

26 East Athens Ave.
Ardmore, PA 19010
Telephone:  (610) 649-1880
Fax:  (877) 649-1800
email:  [lance@rogerscounsel.com](mailto:lance@rogerscounsel.com)
email:  [kent@rogerscounsel.com](mailto:kent@rogerscounsel.com)