## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
DANIEL V. MARINO, :
:
               Plaintiff, : 11 Civ. 6811 (PSD)
:
        v. :
:
USHER (a/k/a Usher Terry Raymond IV); SONY :
MUSIC ENTERTAINMENT; EMI APRIL MUSIC,:
INC.; EMI BLACKWOOD MUSIC, INC.; JAMES :
SAMUEL HARRIS III; TERRY STEVEN LEWIS; :
BOBBY ROSS AVILA, JR.; ISSIAH AVILA, JR.; :
WILLIAM C. GUICE; DANTE E. BARTON; :
DESTRO MUSIC PRODUCTIONS, INC.; :
DEFENDERS OF MUSIC; FLYTE TYME :
TUNES; SUBLIME BASEMENT TUNEZ; UR-IV :
MUSIC, INC.; WARNER-TAMERLANE :
PUBLISHING CORP.; MARK PITTS; BYSTORM :
ENTERTAINMENT; TOMMY VAN DELL; and :
IN2N ENTERTAINMENT GROUP, LLC, :
:
               Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOVING DEFENDANTS' MOTION
<u>FOR COSTS UNDER FED. RULE CIV. P. 54 AND 17 U.S.C. § 505</u>**

JONATHAN D. DAVIS, P.C.
10 Rockefeller Plaza, Suite 1015
New York, New York 10020
(212) 687-5464

-and-

FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103
(215) 299-2000

*Attorneys for the Moving Defendants*

**TABLE OF CONTENTS**

THIS MOTION IS TIMELY UNDER FED. R. CIV. P. 54 ............................................................ 3

THE COURT DISMISSED ALL
CLAIMS AGAINST THE MOVING DEFENDANTS ................................................................. 4

PLAINTIFF'S CLAIMS WERE
FRIVOLOUS AND OBJECTIVELY UNREASONABLE............................................................ 5

THE MOVING DEFENDANS' COSTS,
INCLUDING ATTORNEY'S FEES, ARE REASONABLE ........................................................ 7

PLAINTIFF'S CLAIMED INABILITY
TO PAY SECTION 505 COSTS DOES NOT AVOID THEM ...................................................... 8

   A.   Barton And Guice Are Not Liable For
       The Moving Defendants' Costs And Fees ............................................................ 9

   B.   Plaintiff Is Not Entitled To Any Reduction In The Lodestar Amount ................................. 9

CONCLUSION ................................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Cases**

*Agee v. Paramount Commc'ns, Inc.*,
   869 F. Supp. 209 (S.D.N.Y. 1994) .................................................................................... 9

*Attia v. Society of N.Y. Hosp.*,
   12 F. App'x 78 (2d Cir. 2001) ........................................................................................ 10

*Brown v. Perdue*,
   No. 04 Civ. 7417 (GBD), 2006 WL 2679936 (S.D.N.Y. Sept. 15, 2006) ................................. 9

*Brownstein v. Lindsay*,
   742 F. 3d 55 (3d Cir. 2014) .............................................................................................. 6

*Contractual Obligation Prods., LLC v. AMC Networks, Inc.*,
   546 F. Supp. 2d 120 (S.D.N.Y. 2008) ............................................................................... 9

*Effects Assocs., Inc. v. Cohen*,
   908 F.2d 555 (9th Cir. 1990) ............................................................................................ 6

*Harrell v. Van der Plas*,
   No. 08 Civ. 8252 (GEL), 2009 WL 3756327 (S.D.N.Y. Nov. 9, 2009) ............................. 9, 10

*Harrison Music Corp. v. Tesfaye*,
   293 F. Supp. 2d 80 (D.D.C. 2003) .................................................................................. 10

*I.A.E., Inc. v. Shaver*,
   74 F.3d 768 (7th Cir. 1996) .............................................................................................. 6

*In re Uniysis Corp. Retiree Benefits ERISA Litig.*,
   Civil Action No. 03-3924, 2007 WL 4287393 (E.D. Pa. Dec. 4, 2007) .................................. 3

*Kuhn v. Fairmont Coal Co.*,
   215 U.S. 349 (1910) ......................................................................................................... 6

*Lowe v. Loud Records*,
   No. Civ. A. 01-1797, 2003 WL 22799698 (E.D. Pa. Nov. 20, 2003) .................................... 6

*MacLean Assocs., Inc. v. Wm. M. Mercer-Meidinger-Hansen, Inc.*,
   952 F.2d 769 (3d Cir. 1991) ............................................................................................. 6

*Mitek Holdings, Inc. v. ARCE Engineering Co., Inc.*,
   198 F.3d 840 (11th Cir. 1999) ........................................................................................ 10

*Nat'l Ass'n for Stock Car Auto Racing, Inc. v. Scharle*,
    184 F. App'x 270 (3d Cir. 2006) ............................................................................................... 6

*Polsby v. St. Martin's Press, Inc.*,
    No. 97 Civ. 690 (MBM), 2000 WL 98057, (S.D.N.Y. Jan. 18, 2000) ...................................... 10

*Tuff 'N' Rumble Mgmt., Inc. v. Profile Records, Inc.*,
    No. 95 Civ. 0246 SHS, 1997 WL 470114 (S.D.N.Y. Aug. 15, 1997) ...................................... 10

*U.S. v. Security Indus. Bank*,
    459 U.S. 70 (1982) ..................................................................................................................... 6

**Other Authorities**

Advisory Committee's Note to the 1993 Amendment to Fed. R. Civ. P. 54(d)(2)(B) ................... 3

**Rules**

Fed. R. Civ. P. 54(d)(2) .................................................................................................................. 3

The Moving Defendants respectfully submit this reply memorandum of law in further support of their Motion for Costs and Fees.[1] After forcing the Moving Defendants and IN2N to litigate frivolous copyright claims for years, it is too late for Plaintiff to walk away from those claims that cost defendants nearly two million dollars to defeat. Because his generalized attack on the reasonableness of the $1,522,066.85 the Moving Defendants incurred in their defense of this action is deficient, this Court should award those costs to them, together with the costs they incurred in making this motion.[2]

Plaintiff's lawsuit should never have been brought against the Moving Defendants or filed in this Court. Plaintiff's admissions in his Amended Complaint conclusively established he had no claim against the Moving Defendants. This case remains a dispute between Plaintiff and his co-writers, Barton and Guice. Plaintiff never had a good faith basis to sue the Moving Defendants because they did "nothing wrong." (Doc. 154 at 14.)

Plaintiff had ample opportunity to recognize his claims were futile. Had Plaintiff accepted this obvious, incontrovertible fact, Plaintiff could have spared the Moving Defendants substantial defense costs, negative publicity, and embarrassment. Instead, he pursued the case with fanatical vengeance, "misstat[ing] the law," "contradict[ing] his own testimony," and

---

[1] This reply memorandum incorporates the definitions in the Moving Defendants' Memorandum Of Law In Support Of The Motion For Costs And Fees. (Doc. No. 177-2.) Page references to ECF filed documents refer to the ECF-assigned page numbers appearing at the top of each page.

[2] The Moving Defendants voluntarily reduce their cost and attorney's fee request by $235.00 for time-charges pertaining to Plaintiff's untimely appeal and $3,000 for Paul Geluso's expert services, which leaves a balance of $1,522,066.85. Any attorney's fees and costs incurred in opposing Plaintiff's appeal will be sought by separate motion at the appropriate time. The Supplemental Declaration of Jonathan D. Davis, dated August 18, 2014, accompanies this reply memorandum, which describes the services and fees incurred in making this Motion for Costs and Fees. "Opp. at __" refers to the Memorandum Of Law In Opposition To Moving Defendants' Motions For Costs And Fees, dated August 1, 2014.

ignoring what was pleaded in the Amended Complaint, in an effort to exact from them a multi-million dollar settlement.  (*Id.* at 7.)

But the Moving Defendants refused to roll over.  And their decision to fight Plaintiff's frivolous claims came at a substantial cost, which the Copyright Act permits them to recover as "prevailing parties."  Plaintiff's continued defiance, after more than two and one-half years of litigation, shows he is blind to the facts and law.

Despite the dismissal of Plaintiff's entire case against the Moving Defendants, and the imposition of sanctions against Plaintiff's lawyer, Plaintiff continues to: (i) multiply costs by recycling arguments this Court has already rejected and (ii) disparage the Moving Defendants by calling them plagiarists, thieves, fraudsters, and criminals, and charging them with committing unethical and illegal conduct.  Not ending there, Plaintiff accuses the Court of "bungl[ing]" facts, making "plainly false findings," issuing "inexplicable" rulings, and "fail[ing]" to read or comprehend the case law.  (Opp. at 8, 9, 10, 12, 13.)

Plaintiff's opposition to this motion is baseless:  First, this motion was filed in accordance with the applicable rules and its determination should not be delayed.  Second, because Plaintiff brought this frivolous case against the Moving Defendants, he is the party responsible for the Moving Defendants' costs and attorney's fees.  Third, the Moving Defendants are "prevailing parties" because summary judgment was entered in their favor.  Fourth, the Plaintiff's claims against the Moving Defendants were meritless and objectively unreasonable. Fifth, the Moving Defendants' costs are documented in detail and demonstrably reasonable. Lastly, Plaintiff's financial status is unsubstantiated and not dispositive.

Plaintiff has learned nothing from his years of litigating this case.  Awarding the Moving Defendants their costs and reasonable attorney's fees is a just and fair remedy for

Plaintiff's willful blindness to what was plainly evident before he commenced this lawsuit: he encouraged, approved, and financially benefited from the use of *Club Girl* in creating *Bad Girl*.

## THIS MOTION IS TIMELY UNDER FED. R. CIV. P. 54

The Court's May 21, 2014 Order granted Moving Defendants' motion for summary judgment and entered judgment in their favor. (Doc. Nos. 154 and 155.) In a copyright action, a claim for attorney's fees and related nontaxable expenses must be made no later than fourteen days after *entry of judgment*, or such other time *as ordered by the Court*. Fed. R. Civ. P. 54(d)(2)(A) and (B).

Rule 54(d) does not require the entry of a final, appealable judgment before a prevailing party may file a § 505 motion. It establishes the deadline for the motion absent a court order. The fourteen day period was added to accelerate the filing of such motions. *See* Advisory Committee's Note to the 1993 Amendment to Fed. R. Civ. P. 54(d)(2)(B). Moreover, by Order, dated May 28, 2014, the Court permitted the Moving Defendants to file their motion for costs and attorney's fees by July 11, 2014. (Doc. No. 158.)

The Court rejected Plaintiff's motion to strike the Moving Defendants' Motion for Costs and Fees and to stay any costs and attorney's fees determination. (Doc. No. 181.) Plaintiff's attempt to reargue this issue is unavailing. In any event, regardless of what kind of judgment was entered in the Moving Defendants' favor, the Court ordered that this motion could be filed by July 11, 2014. (Doc No. 158.) *See In re Uniysis Corp. Retiree Benefits ERISA Litig.*, Civil Action No. 03-3924, 2007 WL 4287393, at *2 (E.D. Pa. Dec. 4, 2007).

For these reasons, the Motion for Costs and Fees is properly before the Court and the Plaintiff's request for the Court to delay its determination should be rejected. Rule 54(d) is

meant to encourage the prompt disposition of motions seeking costs and fees, and a ruling now will simplify any appeal Plaintiff may file.

## THE COURT DISMISSED ALL CLAIMS AGAINST THE MOVING DEFENDANTS

Plaintiff attempts to reargue that the Moving Defendants are not "prevailing parties" because he made "multiple requests for equitable relief including ownership, an accounting and constructive trust." (Doc. 182 at 8.) By Order, dated June 24, 2014, the Court rejected Plaintiff's tactic to avoid this motion, stating:

> In his Amended Complaint, Plaintiff asserted four claims against moving Defendants. I dismissed two of these claims on September 25, 2012 and entered summary judgment on the remaining two claims on May 21, 2014. There are, thus, no claims pending against moving Defendants. Insofar as Plaintiff alleges that the relief requested in his *ad damnum* clause states an independent cause of action against moving Defendants, he is certainly mistaken. *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406-07 (S.D.N.Y. 2010) (dismissing a plaintiff's cause of action for declaratory and injunctive relief because "they are remedies, not causes of action"); *cf. McGhee v. Joutras*, No. 94-7052, 1995 WL 124131, at *2 (N.D. Ill. March 21, 1995) ("It is universal doctrine that the … *ad damnum* is not part of a plaintiff's substantive allegations for purposes of deciding the sufficiency of a cause of action.").

(Doc. No. 172.)

The Amended Complaint does not allege any cause of action against Defendants for "ownership, … attribution, or other equitable relief" (Doc. No. 167 at 2), and none of the claims dismissed against the Moving Defendants sought or could have sought such relief from them. (Doc. No. 2 at ¶¶ 414-428, 434-40, 441-45, 446-49.) That particular relief is demanded against Defendants Guice, Barton, and Destro. (*Id*. at ¶¶457, 461, 473, 477, 480, 489.) Paragraphs 497, 498, and 500 of the Amended Complaint are not causes of action, but, rather, remedies found in

4

the *ad damnum* clauses, all of which do not apply to the Moving Defendants because those claims to which these paragraphs refer were dismissed in their entirety. (Doc. No. 2.)

For these reasons, the Moving Defendants are "prevailing parties" and entitled to their costs, including reasonable attorney's fees.

## PLAINTIFF'S CLAIMS WERE FRIVOLOUS AND OBJECTIVELY UNREASONABLE

Plaintiff clings to the fantasy that he pursued "legally and factually meritorious" claims against the Moving Defendants. (Doc. No. 182 at 9.) He is wrong. Plaintiff's accounting and constructive trust claims did not withstand a motion to dismiss. (Doc. Nos. 42 and 48.) In granting the Moving Defendants' Motion for Judgment on the Pleadings, Plaintiff's claims for "copyright infringement damages and profits … that accrued before October 28, 2008" were dismissed and "Plaintiff's demands for punitive and exemplary damages under Counts I and III" were struck. (Doc. No. 75 at 6.) No discovery was required to achieve these substantial victories.

This Court dismissed what remained of Plaintiff's copyright claims when it granted the Moving Defendants' summary judgment motion, finding that they did "nothing wrong" and had "acted properly in obtaining authorization to copy the song from Barton and Guice – the only individuals listed on the copyright as authors – and in acting within the scope of that license" (Doc. No. 154 at 14), and agreeing that the Moving Defendants received licenses not only from Barton and Guice, but from Plaintiff himself (*id.* at 9-12). The Amended Complaint had admitted as much.

Though this Court has already disposed of Plaintiff's copyright claims on multiple grounds, Plaintiff spends a significant portion of his opposition re-arguing the merits of his claims. His arguments fail now for the same reasons they failed on summary judgment. The

5

implied license cases Plaintiff futilely tries to distinguish turn on the existence of a work that was delivered to the licensee with the intent that the licensee use and exploit the work. *See Nat'l Ass'n for Stock Car Auto Racing, Inc. v. Scharle*, 184 F. App'x 270, 275-76 (3d Cir. 2006); *MacLean Assocs., Inc. v. Wm. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 778-79 (3d Cir. 1991); *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776-78 (7th Cir. 1996); *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990).

Furthermore, the existence of a payment is not required for an implied license as demonstrated in *Lowe v. Loud Records*. *Lowe v. Loud Records*, No. Civ. A. 01-1797, 2003 WL 22799698, at *5-6 (E.D. Pa. Nov. 20, 2003).[3] But even if a payment were required, there are multiple payments here to support implied licenses granted by Marino, Barton, and Guice.

Plaintiff's argument that this Court erred in relying on the Third Circuit's recent decision *Brownstein v. Lindsay*, 742 F. 3d 55 (3d Cir. 2014), because it was decided after the summary judgment motions were fully submitted (Opp. at 11), misapprehends the mechanics of the common law. *See generally U.S. v. Security Indus. Bank*, 459 U.S. 70, 79 (1982) ("The principle that statutes operate only prospectively, while judicial decisions operate retrospectively, is familiar to every law student."); *Kuhn v. Fairmont Coal Co.*, 215 U.S. 349, 372 (1910) ("Judicial decisions have had retrospective operation for near a thousand years.") (Holmes, J. dissenting). Moreover, *Brownstein* breaks no new legal ground and overrules no past precedent. The Court in *Brownstein* simply applied the correct legal rule to the facts presented to it.

---

[3] Plaintiff incorrectly categorizes *Lowe* as a case in which the plaintiff "expected nothing in return" for the use of his work. (Opp. at 10 n. 4.) In *Lowe*, the plaintiff expected that "[he] would be credited as the author of the musical composition, [would] be compensated for [his] work, and [would] benefit from any future projects and other opportunities associated with being the song's author." *Lowe*, 2003 WL 22799698, at *4.

For these reasons, Plaintiff had no chance of succeeding on his claims and the Moving Defendants were "prevailing parties" and entitled to their costs, including reasonable attorney's fees.

## THE MOVING DEFENDANS' COSTS, INCLUDING ATTORNEY'S FEES, ARE REASONABLE

The Moving Defendants have met their burden to establish that the requested costs and attorney's fees are reasonable, both in the hourly rates charged and the time billed. Other than making broad swipes at the amount requested, Plaintiff has not contested the charges with any specific objections or contradictory evidence. None of his bald, irrelevant accusations about "unethical and illegal conduct," "secret contracts," or "underhanded behavior" (Opp. at 11, 15), refutes the legitimacy or sufficiency of the proof submitted by the Moving Defendants to support their motion.

Because Plaintiff has failed to contest the reasonableness of the hourly rates reflected in the Davis Declaration with any record evidence, the Moving Defendants must be awarded fees at the requested rates. Those rates are demonstrably reasonable and are consistent with the prevailing market rates in the relevant legal community. Davis Decl. ¶¶ 23-34 and Exs. B and C.

Plaintiff spends an entire paragraph broadly disputing the propriety of the Moving Defendants submission of redacted invoices, demanding, without legal authority, that they produce unredacted invoices. The Moving Defendants redacted only attorney-client privileged information concerning the defense of the claims, or time-charges that were excluded from the relief sought by this motion. Plaintiff is not entitled to the redacted information, and it would serve no beneficial purpose for him to have it.

Plaintiff has failed to undertake a comprehensive analysis of the records the Moving Defendants submitted to establish their costs, including reasonable attorney's fees. Using terms

7

such as "'review' of correspondence or documents, drafting emails, or participating in phone calls" does not connote "ministerial" acts, or warrant any reduction of an attorney's regular billing rates. (Opp. at 16.) These are usual and customary services performed by attorneys. That Plaintiff would make such a charge without pinpointing particular invoice entries, service descriptions, or time-charge entries is entirely unavailing and contrary to the burden the law imposes on a party contesting a motion for costs and attorney's fees. Using buzz words like "outrageous" or "excessive" to describe the Moving Defendants' attorney's fees misses the mark. (*Id.*) Nor can oversimplification, *i.e.*, calculating an average daily rate for attorney's fees charged, supplant the need to identify specific invoices, services, or time-charges that are challenged. Plaintiff has abandoned any effort to make any documented, reasoned, or persuasive argument to reduce the Moving Defendants' requested costs and attorney's fees.

For these reasons, Plaintiff has failed to rebut the reasonableness of the Moving Defendants' costs, including reasonable attorney's fees, and they should be granted in their entirety.

## PLAINTIFF'S CLAIMED INABILITY TO PAY SECTION 505 COSTS DOES NOT AVOID THEM

Plaintiff argues that if anyone is responsible for paying the Moving Defendants' costs and attorney's fees, it should be Barton and Guice. He also argues it would be inequitable to impose those costs on him, and that he cannot afford to pay the costs he forced the Moving Defendants to incur. Plaintiff cites no authority for either argument. Also absent is documentary support for his claims that he "is not a wealthy man" and has "no assets to speak of." (Opp. at 17.) Without such proof, his "poverty" argument carries no weight.

## A. Barton And Guice Are Not Liable For The Moving Defendants' Costs And Fees

Defendants Barton and Guice did not bring a frivolous copyright action against the Moving Defendants that was summarily dismissed. Only Plaintiff did that. And neither § 505 nor the case law construing it permits Plaintiff to shift his liability to Guice and Barton. The existence of the Underworld Agreement, including its indemnity provisions, neither requires a different result nor protects Plaintiff from having to pay the Moving Defendants' costs and attorney's fees. Because Plaintiff's claims were dismissed and there was never any judgment entered *against* Defendants Usher Raymond or Sony, neither Usher nor Sony is entitled to seek indemnification under the Underworld Agreement from Barton or Guice. (Doc. No. 102-21 at ¶ 10.)

## B. Plaintiff Is Not Entitled To Any Reduction In The Lodestar Amount

While a court may consider the relative financial positions of the parties when awarding fees under § 505 of the Copyright Act, a party cannot "plead poverty without proof." *Agee v. Paramount Commc'ns, Inc.*, 869 F. Supp. 209, 212 (S.D.N.Y. 1994) (declining to consider financial condition on mere claim, without proof, that that "th[e] award would lead to his financial ruin"). Where a party seeking to avoid a fee award asserts that he "has few or no financial resources, but offers no concrete information" about his personal or other assets, this "prevents the Court from exercising its discretion to reduce [a] presumptively reasonable fee award." *Harrell v. Van der Plas*, No. 08 Civ. 8252 (GEL), 2009 WL 3756327, at *7 (S.D.N.Y. Nov. 9, 2009); *see also Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 546 F. Supp. 2d 120, 132 (S.D.N.Y. 2008); *Brown v. Perdue*, No. 04 Civ. 7417 (GBD), 2006 WL 2679936, *7 (S.D.N.Y. Sept. 15, 2006).

9

Plaintiff's failure to support his alleged dire financial straits, combined with his objectively unreasonable and frivolous pursuit of this litigation, counsels against reducing the amount of costs and attorney's fees recoverable by the Moving Defendants.[4]  Though Plaintiff purports to estimate the value of his home, two cars, and motorcycle, none of these values are substantiated by documentary proof.

Because deterrence of objectively unreasonable claims is a consideration in the fee award analysis, along with the degree of success obtained, Plaintiff should bear the full burden of having pursued his frivolous claims. Plaintiff's challenge to the assessment of costs and attorney's fees misunderstands the nature of these motions.  "The decision to award attorney's fees is based on whether imposition of the fees will further the goals of the Copyright Act, not on whether the losing party can afford to pay the fees."  *Harrison Music Corp. v. Tesfaye*, 293 F. Supp. 2d 80, 85 (D.D.C. 2003) (citing *Mitek Holdings, Inc. v. ARCE Engineering Co., Inc.*, 198 F.3d 840, 843 (11th Cir. 1999)).  Indeed, "a party's mere lack of resources is not relevant to *whether* an award of fees is appropriate."  *Harrell*, 2009 WL 3756327, at *7 (emphasis added and internal quotations removed); *see*, *e.g.*, *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *2-3 (S.D.N.Y. Jan. 18, 2000) (awarding attorneys' fees against *pro se* plaintiff); *Attia v. Society of N.Y. Hosp.*, 12 F. App'x 78, 79-80 (2d Cir. 2001) (same).

Plaintiff's potential liability for the Moving Defendants' costs and attorney's fees should be no surprise.  It is a consideration that any qualified copyright attorney discusses with a client at the outset of copyright litigation.  Even if Plaintiff was unaware his lawsuit lacked merit

---

[4] *See Tuff 'N' Rumble Mgmt., Inc. v. Profile Records, Inc.,* No. 95 Civ. 0246 SHS, 1997 WL 470114, *2 (S.D.N.Y. Aug. 15, 1997) (awarding fees against plaintiff who filed objectively unreasonable copyright infringement claim, and rejecting plaintiff's argument that his "former attorney is to blame for the highly inappropriate conduct and frivolousness of plaintiff's positions in this case").

when he filed it, he should have known years ago his copyright claims were frivolous. The Moving Defendants' Motion to Dismiss the Amended Complaint, which was filed on March 26, 2012, contained the same express and implied license arguments that disposed of Plaintiff's copyright claims on summary judgment.

To the extent Plaintiff's counsel failed to inform him of the risks of commencing or continuing this litigation, that failure should not impact Moving Defendants' recovery of their costs, including reasonable attorney's fees. *See* n. 4, *supra*. The Court should ignore Plaintiff's unsubstantiated statements regarding his financial condition and award Moving Defendants the full lodestar amount.

## CONCLUSION

For all of the foregoing reasons, the Moving Defendants, as "prevailing parties" under § 505 of the Copyright Act, respectfully request that this Court order Plaintiff to pay their costs, including reasonable attorney's fees, plus the costs of this motion, which amount totals $1,584,792.63.

Dated:   August 18, 2014

          Respectfully submitted,

          JONATHAN D. DAVIS, P.C.

By:   s/ Jonathan D. Davis
      Jonathan D. Davis
      Derek A. Williams
      10 Rockefeller Plaza,  Suite 1015
      New York, New York 10020
      (212) 687-5464

          FOX ROTHSCHILD LLP

By:   s/ Michael Eidel

11

Michael Eidel
Matthew Olesh
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000

*Attorneys for Defendants
Usher Raymond IV, Sony Music
Entertainment, EMI April Music Inc., EMI
Blackwood Music Inc., UR-IV Music, Inc.,
Warner-Tamerlane Publishing Corp., Mark
Pitts, Bystorm Entertainment, Issiah Avila,
Bobby Ross Avila, Defenders of Music, Flyte
Tyme Tunes, Sublime Basement Tunez,
James Samuel Harris III, and Terry Steven
Lewis*

## CERTIFICATE OF SERVICE

I, Matthew S. Olesh, hereby certify that on this date, a true and correct copy of the foregoing Reply Memorandum of Law in Support of Moving Defendants' Motion for Costs Under Fed. Rule Civ. P. 54 and 17 U.S.C. § 505 and Supplemental Declaration of Jonathan D. Davis, with supporting exhibit, were served on the following counsel of record via the Court's electronic transmission facilities, and on Mr. Tommy Van Dell and Mr. William Guice via first class mail and e-mail:

Francis Malofiy, Esq.
Francis Alexander, LLC
280 N. Providence Road, Suite 105
Media, PA 19063
francis@francisalexander.com

Samuel C. Stretton
301 S. High Street
P.O. Box 3231
West Chester, PA 19381-3231
s.stretton@verizon.net

Mark Lee, Esq.
Manatt Phelps & Phillips
11355 W. Olympic Blvd.
mlee@manatt.com

Lance Rogers, Esq.
Rogers & Associates, LLC
25 Elliott Ave.
Bryn Mawr, PA 19010
Lance@RogersCounsel.com

Mr. Tommy Van Dell
10900 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024
vandell@hudcan.com

Mr. William Guice
6147 Colgate Ave
Los Angeles, CA 90036
Guicemanmusic@gmail.com

Dated: August 18, 2014                                      /s/ Matthew S. Olesh
                                                            Matthew S. Olesh