IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL MARINO,** : | |
| Plaintiff, : | |
| v. : | Civ. No. 11-6811 |
| : | |
| **USHER, et al.,** : | |
| Defendants. : | |

# ORDER

In this copyright infringement case, Plaintiff Daniel Marino alleged, *inter alia*, that some nineteen Defendants—including the popular performer, Usher—committed copyright infringement by publishing the song "Club Girl." (Doc. No. 2.) On May 21, 2014, I issued a Memorandum Opinion in which I explained, *inter alia*, that because the song was published with the permission of two of its three authors—Defendants Dante Barton and William Guice—there could be no copyright infringement. (Doc. No. 154.) On September 9, 2014, I imposed sanctions on Plaintiff's counsel, Francis Malofiy, ordering him to pay $28,266.54 in attorneys' fees and costs within forty-five days. (Doc. No. 191.) Mr. Malofiy, who is represented by counsel, originally opposed the imposition of sanctions on various grounds, including his inability to pay them. (Doc. No. 182.) After I reduced the sanctions from $74,234.06 sought by Defendants to $28,266.54, Mr. Malofiy notified me that he is able to pay that amount. (Doc. No. 191.) Mr. Malofiy nonetheless now asks me stay payment of these sanctions until there is a final judgment in the case and

Plaintiff and Mr. Malofiy can appeal my decisions. (Doc. No. 192.) In more usual circumstances, I would issue a stay. Because of Mr. Malofiy's outrageous behavior, however, I will not do so here.

Before issuing a stay pending appeal, I must consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits of his appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991).

Mr. Malofiy argues only that "it is his position that he has good and just issues on appeal and the sanctions may well be reversed." (Doc. No. 192.) This is hardly a strong showing that he will prevail on appeal. Mr. Malofiy also refuses to identify any harm—much less, irreparable harm—that paying $28,266.54 will cause. On the contrary, as I have described, Mr. Malofiy has represented to me that he is able to pay the greatly reduced sanctions I imposed on him. (Doc. No. 191.) If my Sanctions Order is reversed, Defendants—including Sony Music Holdings, EMI Music Publishing, and IN2N Entertainment Group—obviously can and will repay the award. Further, I find that the public interest is served by requiring Mr. Malofiy to pay the sanctions. As I explained in my May 21 Opinion, I imposed the sanctions because of Mr. Malofiy's grossly unprofessional conduct. (Doc. No. 152.) After Mr. Malofiy falsely told unrepresented Defendant Guice that Plaintiff had not sued him, Mr.

Malofiy then took a default against Mr. Guice for failing to answer the Complaint. Mr. Malofiy also induced Mr. Guice to sign an affidavit in which Mr. Guice admitted liability to the claims Plaintiff had bought against him.  Contrary to the Code of Professional Conduct, Mr. Malofiy repeatedly failed to advise Mr. Guice to obtain counsel until well after Mr. Guice made numerous inculpatory admissions.  As I describe below, Mr. Malofiy's abusive tactics have continued *after* I imposed sanctions against him.  In these circumstances, the public interest is best served by requiring Mr. Malofiy to pay the sanctions both to punish and deter him.

Finally, although Mr. Malofiy seeks a stay pending issuance of a final judgment that he can appeal, he has done what he can to obstruct entry of such a judgment.  For instance, misstating the law, the record, and my rulings, Mr. Malofiy—acting on behalf of Plaintiff—has opposed my dismissing the copyright infringement claims against Mr. Guice even though I made clear in my May 21 Opinion the axiomatic principle that a co-author cannot infringe the copyright of his own work. (Doc. No. 163.)  Moreover, after I granted summary judgment in favor of seventeen of the nineteen Defendants, Mr. Malofiy raised new (and frivolous) theories to delay entry of a final judgment.  For instance, he has urged to me to order all nineteen Defendants to provide Plaintiff with a common-law accounting, even though I have dismissed all the claims against seventeen of them.  (Id.)

It thus appears that Mr. Malofiy seeks a stay pending my issuance of a final judgment because he believes he can improperly delay issuance of that judgment.  In

these circumstances, I will not grant a stay. In an abundance of caution, however, I will delay execution of this Order by fourteen days so that Mr. Malofiy may seek to appeal it.

**AND NOW**, this 23rd day of October, 2014, upon consideration of Motion of Francis Malofiy to Stay the Payment for Sanctions Until His Appeals Are Completed (Doc. No. 192), it is hereby **ORDERED** that the Motion is **DENIED**.  Mr. Malofiy shall pay the fees and costs as set out in my August 28, 2014 Order (Doc. No. 188) by November 6, 2014.  Failure to comply with this Order will result in my ordering Mr. Malofiy to show cause why he should not be held in contempt.

                                           **AND IT IS SO ORDERED**

                                           */s/ Paul S. Diamond*
                                           _____
                                           **Paul S. Diamond, J.**