IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL MARINO,<br>　　　　Plaintiff,<br><br>　　v.<br><br>USHER, et al.,<br>　　　　Defendant. | :<br>:<br>:<br>:　Civ. No. 11-6811<br>:<br>:<br>:<br>: |

**O R D E R**

In this copyright infringement action, I granted Motions for Summary Judgment filed by the Defendants Bobby Ross Avila, Jr., Issiah Avila, Jr., Bystorm Entertainment, Defenders of Music, EMI April Music, Inc., EMI Blackwood Music, Inc., Flyte Tyme Tunes, James Samuel Harris, III, Terry Steven Lewis, Mark Pitts, Sony Music Entertainment, Sublime Basement Tunez, UR-IV Music, Inc., Usher Terry Raymond IV, and Warner Tamerlane Corp. and Defendant IN2N Entertainment Group.  (Doc. Nos. 154, 155.)  I entered summary judgment in favor of those Defendants and against Plaintiff as to Counts I and III—the only counts that remained against them.  (Id.)

In my Order of May 21, 2014, I noted that, pursuant to Rule 56(f), I was considering entering summary judgment in favor of Defendant William Guice as to Counts I and III, as well as Count II (contributory copyright infringement).  (Doc. No. 155.)  As I have described in my May 21 Memorandum, Plaintiff obtained a

default judgment against Mr. Guice, which I reopened after I learned that the default judgment was obtained through false and misleading representations made by Plaintiff's counsel, Francis Malofiy. (Doc. Nos. 152, 153.) I have sanctioned Mr. Malofiy for this conduct. (Doc. No. 188.)

Remarkably, Plaintiff opposes granting summary judgment in Mr. Guice's favor. (Doc. No. 163.) As I explained in my May 21 Memorandum, the evidence—viewed in the light most favorable to Plaintiff—shows that Dante Barton alone wronged Plaintiff. There is no evidence showing that Mr. Guice committed any wrongful act against Plaintiff. As I have explained, at length, Plaintiff's copyright infringement claim necessarily fails because, *inter alia*, Plaintiff has no cause of action for infringement against persons who are—by Plaintiff's own admission—co-authors of a joint work. (Doc. No. 154 at 7-9.) Co-authors of a joint work are each entitled to "undivided ownership." 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 6.03; Brownstein v. Lindsay, 742 F.3d 55, 68 (3d Cir. 2014). The joint owner of a copyright cannot sue his co-owner for infringement. Cortner v. Israel, 732 F.2d 267, 271 (2d Cir. 1984); Brownstein, 742 F.3d at 68-69.

Plaintiff has conceded from the outset the "fundamental truth" that he, Mr. Guice, and Dante Barton jointly created the song "Club Girl. (See, e.g., Am. Compl. ¶ 292.) Accordingly, Plaintiff cannot maintain a copyright infringement

action (Count I) against Mr. Guice, his admitted co-author. For the same reason, Plaintiff cannot maintain a claim for contributory copyright infringement (Count II) and vicarious copyright infringement (Count III) against Mr. Guice, because there can be no contributory or vicarious infringement without an underlying act of direct infringement. See Aro Manufacturing Company v. Convertible Top Replace Company, 377 U.S. 476, 482 (1964); see also 2 Paul Goldstein, Copyright § 6.0 (1996) ("For a defendant to be held contributorily or vicariously liable, a direct infringement must have occurred.").

In opposing summary judgment, Plaintiff argues that as a co-author, he is entitled under state law to an accounting from Mr. Guice for profits from any non-exclusive licenses. (Pl.'s Br. Opp'n at 13.) First, Plaintiff does not explain why his entitlement to a state-law accounting would defeat summary judgment on his claims for copyright infringement. Moreover, this is the first time that Plaintiff has alleged any claim for a state-law accounting as a co-author. In Count V of his Complaint, Plaintiff brought a claim for an accounting for "profits of Defendants that are *attributable to their acts of infringement*." (Am. Compl. ¶ 447 (emphasis added).) I dismissed Count V as preempted by the Copyright Act because Plaintiff based his accounting claim on his underlying copyright infringement claims. (Doc. No. 42 at 9.)

Plaintiff also urges that *all* Defendants should "be kept in this case for the

purpose of determining ownership and an accounting." (Plaintiff's Brief in Opposition at 15.) I have already determined that Mr. Barton alone may be liable to Plaintiff. Why the other Defendants should remain in the case when Plaintiff has no viable claims against them escapes me. In any event, Plaintiff offers no explanation or support for this argument.

Plaintiff next argues that summary judgment should be denied because the copyright held by Mr. Guice was voided when Mr. Guice entered into a "series of illegal contracts." (Pl.'s Br. Opp'n at 17.) Plaintiff simply ignores that I rejected this contention in my May 21 decision. Because Plaintiff and Mr. Guice were co-authors, when Mr. Guice conveyed an "exclusive license" for "Club Girl," the copyright was not voided. Rather, "[i]f a co-author attempts to convey exclusive rights, his co-author can convey the same exclusive rights—in effect, such an exclusive license becomes a non-exclusive license." Brownstein, 742 F.3d at 68. Accordingly, the contract conveyed by Mr. Guice was not illegal, nor was the copyright voided: as I described at length, Mr. Guice conveyed a valid, non-exclusive license for "Club Girl." (Doc. No. 154.) Plaintiff concedes that under controlling Third Circuit authority his contention is meritless. Because Plaintiff "disagrees" with Brownstein, however, he urges me to contravene it and instead follow a decision from the Southern District of New York. (Plaintiff's Brief in Opposition at 13, 17-18 (citing Weinstein Co. v. Smokewood Entertainment

Group, LLC, 664 F. Supp. 2d 332, 345 n.9 (S.D.N.Y. 2009)).  The argument is absurd and offensive.

**AND NOW**, this 27th day of October, 2014, it is hereby **ORDERED** that Judgment is entered in favor of William Guice and against Plaintiff as to Counts I, II, and III.

It is **FURTHER ORDERED** that Plaintiff is advised, pursuant to Rule 56(f), that I am also considering entering summary judgment in Mr. Guice's favor on Plaintiff's remaining claims for Breach of Songwriting Agreement (Count VI) and Breach of Publishing Agreement (Count VIII).  Plaintiff shall file a brief in opposition no later than November 10, 2014 if he opposes entry of judgment as to these Counts.

                                **AND IT IS SO ORDERED.**

                                */s/ Paul S. Diamond*
                                _____
                                Paul S. Diamond, J.