IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL MARINO, | : | |
|         Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 11-6811 |
| | : | |
| USHER, et al., | : | |
|         Defendants. | : | |
| | : | |

# O R D E R

## I. BACKGROUND

In this copyright infringement action, I have previously granted Motions for Summary Judgment in favor of Defendants Sony Music Enteretainment, Bobby Ross Avila, Jr., Issiah Avila, Jr., Bystorm Entertainment, Defenders of Music, EMI April Music, Inc., EMI Blackwood Music, Inc., Flyte Tyme Tunes, James Samuel Harris, III, Terry Steven Lewis, Mark Pitts, Sublime Basement Tunez, UR-IV Music, Inc., Usher Terry Raymond IV, and Warner Tamerlane Corp. and Defendant IN2N Entertainment Group. (Doc. No. 155.) The Moving Defendants have filed Motions for Attorneys' Fees and Costs under Rule 54(b) and 17 U.S.C. § 505. (Doc. Nos. 176, 177, 178, 179.)

## II. STANDARD OF REVIEW

The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Under § 505, "[p]revailing plaintiffs and prevailing defendants are to be treated alike." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). "[A] successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the

holder of a copyright." Id. at 527.

## III. DISCUSSION

For the reasons that follow, I will grant Defendants' fee request, but stay the award pending Defendants obtaining financial discovery from Plaintiff.

### A. Timeliness of Defendants' Motion

In Plaintiff's view, "[a] party may not collect costs and fees until a final judgment has been entered to that party." (Pl.'s Resp. at 5.)  Plaintiff conflates a judgment in favor of these Defendants and a final judgment.  Rule 54(d) states that a motion for fees and costs must be made "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B).  Both the Rule and § 505 of the Copyright Act include no mention of a "final" order or judgment.

In my May 21, 2014 Order, I entered judgment in favor of these Defendants on all Plaintiff's claims against these Defendants.  (Doc. No. 155.)  After I granted an extension of time, Defendants filed their Motions seeking fees and costs on June 4, 2014.  (Doc. No. 161, 162.)  Plaintiff has no pending claims against these Defendants and there is no valid reason why these Defendants should wait until the litigation against the other Defendants ends before seeking costs.  See Comcast of Illinois X, LLC v. Jung Kwak, Civ. No. 03-962, 2010 WL 3781768, at *2 (D. Nev. Sept. 17, 2010) ("[A] final judgment on the merits is not a condition precedent to obtaining attorneys' fees . . . so long as the party requesting such fees is a 'prevailing party.'").

Plaintiff also argues that the Motion is untimely because Defendants are not yet "prevailing parties," as required under the Copyright Act.  17 U.S.C. § 505.  Plaintiff continues to believe that he has pending claims for equitable relief against Defendants.  (Pl.'s Resp. at 8.) In my September 25 and October 10, 2012 Orders, however, I dismissed Plaintiff's claims for

equitable relief—one for a constructive trust and the other for an accounting. (Doc. No. 42, 48.) Plaintiff misstates those dismissal Orders, arguing that I dismissed because the claims "were not properly pled." (Pl.'s Resp. at 8.)   I dismissed because the claims were preempted by the Copyright Act. (Doc. Nos. 42, 48.)  Two years later, the claims have not somehow been reinstated.

Defendants are thus prevailing parties because I have already entered judgment in their favor on *all* Plaintiff's claims against them. Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 604 (2001) (party "prevails" for the purposes of fee-shifting statutes when it obtains a "material alteration of the legal relationship of the parties" (quoting Texas State Teachers Ass'n v. Garland Ind. School Dist., 489 U.S. 782, 792-93 (1989))).

B.      **Appropriateness of Attorneys' Fees and Costs**

In deciding whether to award attorneys' fees and costs under the Copyright Act, I may consider "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty, 510 U.S. at 534, n.19 (quoting Lieb v. Topstone Industry, Inc., 788 F.2d 151, 156 (3d Cir. 1986)). A showing of bad faith is not required, but is further support for an award. Lieb, 788 F.2d at 156. Plaintiff's ability to pay an award is not included in the statutory criteria—although I may consider whether the award is "excessive in light of the plaintiff's resources" when setting the final amount of fees and costs. Id.

As I detailed in my Memorandum Opinion granting summary judgment, Plaintiff's claims for copyright infringement were objectively unreasonable, both in fact and law. (Doc. No. 154 at 6-14.) Plaintiff conceded—repeatedly—that he, William Guice, and Dante Barton,

were co-authors of "Club Girl," thus defeating his infringement claim against Guice and Barton. Co-authors of a joint work cannot sue one another for infringement because each co-author has a right to undivided ownership. See Brownstein v. Lindsay, 742 F.3d 55, 68-69 (3d Cir. 2014). For the same reason, Plaintiff cannot sue for contributory or vicarious copyright infringement without an underlying act of infringement. See Aro Manufacturing Company v. Convertible Top Replace Company, 377 U.S. 476, 482 (1964) (contributory infringement depends upon underlying act of infringement); 2 Paul Goldstein, Copyright § 6.0 (1996) ("For a defendant to be held contributorily or vicariously liable, a direct infringement must have occurred."). Finally, I found that Defendants had a valid express license to use the song from Plaintiff's co-authors. (Doc. No. 154 at 9-10.) In the alternative, I found that Defendants had a valid implied license. (Id. at 11-12.)

In seeking to demonstrate that his claims were somehow other than frivolous, Plaintiff makes arguments that are, again, frivolous. He states that I "bungled" basic facts when I noted that Plaintiff received a lump sum payment for his work. (Pl.'s Resp. at 9-10.) Yet, Plaintiff concedes (in a footnote) that he "was given a small amount of money." (Id. at 10.) Remarkably, Plaintiff protests my reliance on controlling authority, Brownstein, 742 F.3d at 68. (Id. at 11.) Plaintiff argues that any award would be inequitable because Defendants engaged in "highly unethical and illegal conduct." (Pl.'s Resp. at 13.) In granting summary judgment, however, I explained in considerable detail that Defendants did nothing wrong. (Doc. No. 155.)

Moreover, I find that an award of fees and costs is required to "advance considerations of compensation and deterrence." Lieb, 788 F.2d at 156. As I have described, Plaintiff chose to litigate his frivolous copyright infringement action in an abusive manner. (See, e.g., Doc. No. 152 (chronicling these tactics and sanctioning Plaintiff's counsel).) Indeed, during the January

Page **4** of **10**

28, 2014 hearing, Plaintiff offered testimony that I discredited.  (Doc. No. 152 at 2.)  Imposing fees and costs should deter others from following in Plaintiff's footsteps.

      **C.**      **Calculating the Amount of Attorneys' Fees and Costs**

In evaluating a claimed fee, I must employ the "lodestar method": I determine the appropriate billing rate for each attorney as well as the number of hours he or she should reasonably have expended on each action.  See Blum v. Stenson, 465 U.S. 886, 888 (1984) (citing Hensley v. Eckerhart, 461 U.S. 424 (1983)); Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

            1.      Hourly Rates

The Sony Defendants are represented by Manhattan firm of Jonathan D. Davis, P.C. and the Philadelphia office of Fox Rothschild, LLP.  (Doc. No. 178.)  The Defendants seek attorneys' fees and costs only for the Davis firm, which is based in Manhattan.  Jonathan Davis, admitted to practice law in New Jersey in 1982, billed at an hourly rate of $500.  Derek Williams, admitted to practice in New York in 2005, billed at an hourly rate of $425.  Jessica Guard, admitted to practice in New York 2010, billed at an hourly rate of $340.  (Id.)  In assessing sanctions against Plaintiff's counsel, Francis Malofiy, I found that the hourly rates for Messrs. Davis and Williams were reasonable.  (Doc. No. 188 at 3-4.)  They remain so.  Similarly, I find that Ms. Guard's hourly rate of $340 is reasonable and similar to what Philadelphia attorneys with comparable skill and experience charge.  See, e.g., Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 195 F. App'x 93, 97 (3d Cir. 2006) (holding that hourly rates up to $550 were reasonable).

Defendant IN2N is represented by the Philadelphia office of Rogers & Associates, LLC and the Los Angeles office of Manatt, Phelps & Phillips, LLP.  (Doc. No. 176.)  IN2N seek fees for both firms.  Rogers & Associates had two partners and one associate each billing at an hourly

rate of $295 and one paralegal balling at an hourly rate of $90.  (Id.)  In my Sanctions Order, I found these rates reasonable and will do the same here.  (Doc. No. 188 at 3.)  Manatt, Phelps & Phillips had four partners billing at hourly rates ranging from $560 to $780, one associate billing at an hourly rate of $360, and two paralegals billing at hourly rates of $260 and $300.  Plaintiff objects that these hourly rates are too high and that IN2N has not produced sufficient evidence of a reasonable market rate.  (Pl.'s Resp. at 14-16.)  I disagree and find the rates reasonable for the Los Angeles-based lawyers—especially when compared with the rates charged by comparable Philadelphia law firms—and commensurate with each attorney's experience in intellectual property litigation.   (Doc. No. 176-2 at 16-19 (listing the prevailing rates charged by Philadelphia firms and the experience of each attorney)); see, e.g., Jama v. Esmor Corr. Servs., Inc., 577 F.3d 169, 181 (3d Cir. 2009) (in specialized religious freedom case, fees ranging from $600 for a partner to $205 for a first-year associate were reasonable); Williams v. NCO Fin. Sys., Inc., Civ. No. 10-5766, 2011 WL 1791099, at *5 (E.D. Pa. May 11, 2011) (approving hourly rate of $165 per hour for paralegals in consumer protection litigation).

### 2. Hours Expended

IN2N seeks fees for 850.8 total hours (186.4 hours in 2012, 534.6 hours in 2013, and 129.8 hours in 2014).  (Doc. No. 176-2 at 13.)  The Sony Defendants seek fees for 3,303.8 total hours (1,083.3 in 2012, 1,450.4 in 2013, and 769.6 in 2014).  (Doc. No. 178 at 18-19.)  The Sony Defendants also seek fees for 145 total hours spent preparing this Motion.  (Doc. No. 186 at 3.)  The Parties have removed from their Petitions any fees and costs that were compensated when I sanctioned Plaintiff's counsel.  (Doc. Nos. 176-2 at 6; 177-2 at 21.)

Plaintiff makes only the most general objections to the approximately 300 pages of bills submitted by defense counsel.  Although Plaintiff argues that the number of hours billed was

"excessive," he does not identify "every single unreasonable entry"—or, indeed, *any* unreasonable entry—and only argues excessiveness "on a macro level." (Pl.'s Resp. at 16.) I will overrule such an amorphous general objection. Bell v. United Princeton Props., Inc., 884 F.2d 713, 715 (3d Cir. 1989) (the party opposing the claimed fee must do so with specificity).

Plaintiff also argues that, in the case of the Sony Defendants, that the billing records were heavily redacted. (Pl.'s Resp. at 15.) The redactions include time-charges that Defendants do not seek to recover and matters protected by the attorney-client and work product privileges. (Doc. No. 178 at 6.) The redactions are objectionable only if I cannot determine whether the claimed hours were reasonable. See United Food and Commercial Workers v. Super Fresh Food Markets Inc., Civ. No. 04-1226, 2009 WL 2517064, at *1 (D.N.J. Aug. 14, 2009) (rejecting invoices with excessive redactions). These redactions create no such problem.

I find, however, that the Sony lawyers' hours must be reduced. The two lawyers principally working on this matter "block-billed" much of the nearly 3,500 total claimed hours. United States v. NCH Corp., CIV.A. 98-5268 SDW, 2010 WL 3703756, at *4 (D.N.J. Sept. 10, 2010) ("Block billing is a time-keeping method by which each lawyer and legal assistant enters the total time daily spent working on a case, rather than itemizing the time expended on specific tasks."). Block billing is generally unobjectionable, provided "the listed activities reasonably correspond to the number of hours billed." Id. Many of these billing entries are so general, however, that I cannot determine whether they are reasonable. See Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990) ("A fee petition is required to be specific enough to allow the district court "to determine if the hours claimed are unreasonable for the work performed."). Each of the two lawyers regularly billed at least seven to ten hours a day, making only a single

time entry for each day.  (See, e.g., Doc. Nos. 178-1 at 7, 9, 25, 32, 47, 178-2 at 4, 14, 22, 30, 38, 45, 178-3 at 15, 24, 28.)

Having carefully reviewed the billing records, I find that approximately half of the claimed hours are too general for informed evaluation and so I will reduce the lodestar for Sony's hours by 50% from 3,448.8 hours to 1,724.4 hours.  See American Board of Internal Medicine v. Von Muller, 540 F. App'x 103, 107-08 (3d Cir. 2013) (district court has authority to make across-the-board percentage cuts when faced with massive fee petition); Lahiri v. Universal Music & Video Distribution Corp., 606 F.3d 1216, 1222-23 (9th Cir. 2010) (affirming across-the-board cut to compensate for block billing); see also Fox v. Vice, 131 S. Ct. 2205, 2216 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").  On the other hand, the billing records for IN2N do not include any block billing.  Having reviewed those records, I find that the time incurred was reasonable for the activities undertaken.

Accordingly, the lodestar calculation is $366,800 in legal fees for IN2N and $693,995 (50% of $1,387,990) in legal fees for the Sony Defendants.

### 3. Costs

In addition to attorneys' fees, I "may allow the recovery of full costs by or against any party."  17 U.S.C. § 505.  "The term 'full costs' refers to those items allowed pursuant to 28 U.S.C. § 1920."  Schiffer Publishing Ltd. v. Chronic Books, LLC, Civ. No. 03-4962, 2005 WL 1244923, at *15 (E.D. Pa. May 24, 2005).  The costs allowed under § 1920 are: (1) fees of the clerk or marshal; (2) expenses for transcripts made by the court reporter; (3) fees and disbursements for printing and witnesses; (4) copying expenses; (5) docket fees; and (6) compensation of court appointed experts and of interpreters. 28 U.S.C. § 1920.

The Sony Defendants seek $137,311.85 in costs and Defendant IN2N seeks $14,875 in costs. (Doc. No. 178 at 19; Doc. No. 176-2.) Both Defendants have ignored the § 1920 requirements, however, and included costs that are not compensable, including meals, travel, and lodging. (See, eg., Doc. No. 178 at 19-20.) Accordingly, I will deny Defendants' request for costs without prejudice, and allow them to submit a supplemental request for only those costs allowed under 28 U.S.C. § 1920.

          4.          Adjusting the Lodestar

I must determine whether a fee award of $1,060,795 is "excessive in light of the plaintiff's resources." Lieb, 788 F.2d at 156. "[T]he aims of the Copyright Act are compensation and deterrence where appropriate, but not ruination." Id. Plaintiff alleges that he "has no assets to speak of" and "no money to pay these fees," but offers no supporting evidence. (Pl.'s Resp. at 17.) I will allow Defendants to take financial discovery from Plaintiff so that I can determine if Plaintiff's allegations are true. See Brownmark Films LLC v. Comedy Partners, 10-CV-1013-JPS, 2011 WL 6002961 (E.D. Wis. Nov. 30, 2011) (allowing Plaintiff to prove financial difficulty before reducing award under § 505); Littel v. Twentieth Century-Fox Film Corp., 89 CIV 8526, 1996 WL 18819, at *3-4 (S.D.N.Y. Jan. 18, 1996) aff'd sub nom. DeStefano v. Twentieth Century Fox Film Corp., 100 F.3d 943 (2d Cir. 1996) (same).

**AND NOW**, this 3rd day of November, 2014, upon consideration of Motions for Attorneys' Fees and Costs under Rule 54(b) and 17 U.S.C. § 505, it is hereby **ORDERED** that the Motion is **GRANTED**.

I will stay payment of any award pending a determination of Plaintiff's ability to pay them. Accordingly, it is **FURTHER ORDERED** that Plaintiff shall submit to interrogatory, document, and deposition discovery regarding his ability to pay these fees and costs. That

discovery shall be completed within 30 days. If the Parties cannot agree upon a discovery schedule, they shall notify me immediately. The Parties shall submit to me by December 17, 2014 any additional briefing on the subject of Plaintiff's ability to pay fees and costs.

                                                **AND IT IS SO ORDERED.**

                                                */s/ Paul S. Diamond*
                                                _____
November 3, 2014                                        Paul S. Diamond, J.