IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL MARINO, | : | |
|         Plaintiff, | : | |
| v. | : | Civ. No. 11-6811 |
| | : | |
| USHER, et al., | : | |
|         Defendants. | : | |

**ORDER**

On September 9, 2014, I imposed sanctions on Plaintiff's counsel, Francis Malofiy, ordering him to pay $28,266.54 in attorneys' fees and costs within forty-five days. (Doc. No. 191.) On October 23, 2014, I denied Mr. Malofiy's Motion for a Stay Pending Appeal, explaining that a stay was not warranted given Mr. Malofiy's continuing dilatory, abusive conduct, and his admitted ability to pay the sanctions. (Doc. No. 193.) I nonetheless gave Mr. Malofiy fourteen days—until November 6, 2014—to seek a stay from the Court of Appeals. (Id.); see also Republic of Philippines v. Westinghouse Elec Corp., 949 F.2d 653, 658 (3d Cir. 1991); Fed. R. App. P. 8(a)(2) (motion for stay pending appeal may be made with Court of Appeals after the district court denies the motion). Twelve days later, on November 4, 2014, Mr. Malofiy appealed my Order denying a stay, but failed to request a stay from the Court of Appeals. (Doc. No. 196.) On November 5, 2014, I asked the Defendants to inform me by November 6, 2014, whether Mr. Malofiy paid the sanctions as I had required. (Doc. No. 198.)

Mr. Malofiy now asks me to vacate my November 5 Order because he has appealed my stay denial. (Doc. No. 199.) Mr. Malofiy has misread my October 23 Order: I refused Mr. Malofiy's stay request and gave him fourteen days to seek a stay from the Court of Appeals. (Doc. No. 193.) Mr. Malofiy evidently read my Order as providing that the stay I explicitly denied would take automatic and indefinite effect if he simply lodged an appeal.

This error notwithstanding, in an abundance of caution, I will grant Mr. Malofiy's Motion to Vacate my November 5 Order, and give him an additional fourteen days to obtain a stay from the Court of Appeals. If Mr. Malofiy does not obtain such a stay and still refuses to pay the sanctions, I will order him to show cause as to why he should not be held in contempt.

**AND NOW**, this 6th day of November, 2014, it is hereby **ORDERED** that Mr. Malofiy's Motion to Vacate (Doc. No. 199) is **GRANTED**. Unless Mr. Malofiy obtains a stay from the Court of Appeals, he shall pay $28,266.54 in sanctions as set out in my August 28, 2014 Order (Doc. No. 188) by November 20, 2014.

**AND IT IS SO ORDERED**

*/s/ Paul S. Diamond*
_____
**Paul S. Diamond, J.**