

ROGERS CASTOR

Docket

January 12, 2015

**SENT VIA FAX – 267-299-5069**
The Honorable Paul S. Diamond
3029 United States Courthouse
601 Market Street
Philadelphia, PA 19106

      RE:    **Marino v. IN2N Entertainment Group, LLC, et al.**
                  **Civil Action No. 11-06811**

Dear Judge Diamond:

As you may recall, our firm represents IN2N Entertainment Group, LLC in the above-referenced matter. On December 19, 2015, as per this Court's order, Defendants deposed Daniel Marino in order to gather information necessary to make a determination as to Mr. Marino's ability to pay the attorney's fees and costs award. At the onset of the deposition, his attorney, Mr. Frances Malifoy raised several issues to which Defendants objected. In response, Mr. Malifoy telephoned your Honor. Mr. Malifoy did not want to waive objections except to the form of the question, as is customary. Instead, he argued that he wanted to object as necessary in order to preserve the confidential and private nature of the testimony, as well as the exhibits that were produced which related to the subject matter of the deposition, and limit all such testimony "for the purposes of this litigation" only. Defendants argued that the proper procedure for which to limit the scope of the deposition and maintain confidence of its testimony and the corresponding exhibits is to file a motion for protective order and/or to seal documents (which he had not done).

Your Honor ordered that the standard stipulations to objections would apply and all other objections would be reserved for the time of trial. Furthermore, your Honor ordered that the parties hold the transcript and exhibits in confidence until you have a chance to determine what, if any, confidentiality should be afforded them. You stated that "you can submit something to me in writing, and I will decide it then." (Marino dep. at 26: 1-4, attached hereto). Later, you instructed that at the end of the deposition Mr. Malofiy should "ask for the protective relief that

26 E. Athens Avenue • Ardmore, PA 19003 • Phone: 610.649.1880 • Fax: 877.649.1880
Email: info@rogerscastor.com • www.rogerscastor.com

Letter to Judge Diamond
January 12, 2015
Page 2

---

you think is appropriate, and I will let the other side respond, and I will rule on it." (Marino dep. at 27: 17-24, 28:1-2, attached hereto). He has not done so.

Defendants' brief in support of Mr. Marino's ability to pay the award of attorney's fees and costs is due Friday, January 16, 2015. We are writing to request instruction on how to handle the testimony and exhibits in submitting our brief in order to ensure we are abiding by your Honor's directives as stated above. If your Honor would please provide us with some direction in this regard, it would be greatly appreciated.

Please do not hesitate to contact me with any questions.

Respectfully submitted,

LANCE ROGERS

cc:    All Counsel (without enclosures)

Daniel Marino - December 19, 2014

Page 26

1  if any, confidentiality should be
2  afforded them. Also, you can submit
3  something to me in writing, and I
4  will decide it then. Okay?
5      MR. MALOFIY: Yes, your
6  Honor.
7      MR. ROGERS: Thank you,
8  your Honor.
9      JUDGE DIAMOND: As for the
10 other objection, Mr. Rogers, I'm not
11 sure I understand what Mr. Malofiy
12 said, but perhaps you can give me
13 your take.
14     MR. MALOFIY: I can perhaps
15 clear it up, your Honor, if I may.
16     JUDGE DIAMOND: I'd rather
17 hear from Mr. Rogers.
18     MR. MALOFIY: Sure.
19     MR. ROGERS: Your Honor, I
20 had proposed that we limit all
21 objections except as to form until
22 the time that, you know, this
23 transcript is relevant to your Honor
24 at a hearing, and Mr. Malofiy did not

Page 27

1  want to enter into that stipulation.
2      JUDGE DIAMOND: All right.
3  I'm going to order the parties to
4  reserve all objections except as to
5  form until at time of trial, if there
6  is one. If either side starts to
7  violate that, I'd like to be called
8  right away.
9      MR. MALOFIY: I would just
10 note our objection, your Honor,
11 because it does deal with private,
12 confidential information, my
13 objection holds.
14     JUDGE DIAMOND: I don't see
15 what that has to do with the
16 objections you're going to make.
17     I told you if you wanted a
18 protective order, Mr. Malofiy, you
19 should have asked for it. That's
20 what I'm going to have you do at the
21 conclusion of this deposition --
22     MR. MALOFIY: Understood.
23     JUDGE DIAMOND: -- ask for
24 protective relief that you think is

Page 28

1  appropriate, and I will let the other
2  side respond, and I will rule on it.
3      I'm not going to have you
4  making the same series of objections,
5  speaking objections, rude objections,
6  offensive objections, and
7  unprofessional conduct.
8      Am I being clear?
9      MR. MALOFIY: Yes, your
10 Honor.
11     JUDGE DIAMOND: Anything
12 else?
13     MR. ROGERS: No, your
14 Honor.
15     JUDGE DIAMOND: Thank you.
16     MR. ROGERS: Thank you.
17     (Telephone conference
18 concluded.)
19     MR. ROGERS: Okay. Can we
20 proceed?
21     MR. MALOFIY: Yes.
22     THE COURT REPORTER: Do I
23 send the read and sign to you?
24     MR. MALOFIY: Yes.

Page 29

1            - - -
2       EXAMINATION
3            - - -
4  BY MR. ROGERS:
5  Q.   Mr. Marino, welcome back. I know
6  that you've been involved and you've, at least,
7  sat through a dozen or so depositions and
8  you've had your deposition taken, yourself.
9       I want to see if I can refresh your
10 recollection as to the rules of the road so
11 that today's deposition goes as quickly as
12 possible.
13 A.   Sure.
14 Q.   You obviously know that everything
15 you're saying here is under oath; correct?
16 A.   Correct.
17 Q.   Do you understand what the penalty
18 for violating that oath is?
19 A.   I guess so. I'm not sure.
20 Q.   Are you familiar with the term
21 "perjury"?
22 A.   Somewhat familiar with it.
23 Q.   I'll represent to you that persons
24 who are found guilty of perjury are subject to