UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DANIEL V. MARINO,
*Plaintiff*

v.

USHER, *et al.,*
*Defendants*

No.: 11-cv-06811

BEFORE THE HONORABLE
PAUL S. DIAMOND

# ORDER

AND NOW, on this _____ day of _____, 2015, upon consideration of PLAINTIFF'S MOTION FOR PROTECTIVE ORDER, any response thereto, and the record as a whole, Plaintiff's motion is **GRANTED**. It is further **ORDERED** that:

- Plaintiff's December 19, 2014 deposition is placed under seal, along with the exhibits.

- Plaintiff's discovery produced pursuant to this Court's November 3, 2014 Order, is sealed.

- The Parties are directed that any filings and exhibits related to Plaintiff's ability to pay cost and fees are directed to be filed under seal.

- All of the above documents under seal shall not be used for any purpose other than determining Plaintiff's ability to pay costs and fees unless so authorized by Plaintiff or ordered by this Court.

_____
THE HONORABLE PAUL S. DIAMOND

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL V. MARINO,<br>*Plaintiff*<br><br>V.<br><br>USHER, *et al.*,<br>*Defendants* | NO.: 11-CV-06811<br><br>BEFORE THE HONORABLE<br>PAUL S. DIAMOND |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Plaintiff moves pursuant to Federal Rule of Civil Procedure 26(c) for a protective order requiring that Plaintiff's deposition and exhibits to the deposition remain sealed; his responses to discovery and records produced be sealed; and that all filings related to Plaintiff's ability to pay costs and fees be sealed because of the highly private and confidential nature of the material which concerns not only Plaintiff's finances, but also that of his wife.

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

*/d/ January 16, 2015*

United States District Court
Eastern District of Pennsylvania

| | |
|---|---|
| Daniel V. Marino,<br>*Plaintiff*<br><br>v.<br><br>Usher, *et al.*,<br>*Defendants* | No.: 11-cv-06811<br><br>Before the Honorable<br>Paul S. Diamond |

# Memorandum of Law in Support of Plaintiff's Motion for Protective Order

Plaintiff is moving for a protective order to place discovery and related filings, regarding his ability to pay costs and fees in the above-above captioned case, under seal. After the Court authorized Defendants to engage in limited discovery on November 3, 2014, to ascertain Mr. Marino's ability to pay the costs and fees this Court imposed upon him, Plaintiff has fully complied with and has completely responded to defendants' discovery requests and has produced all discovery in his possession.

Pursuant to the Court's Order, Plaintiff asked Defendants that his highly private and confidential discovery only be used for this matter, and that due to the highly private nature of the documents, that they be filed under seal by Defendants. Plaintiff, in his discovery responses and document production, made clear objections to the interrogatory questions and requests for production of documents—even marking the documents private and confidential—but nonetheless completely answering discovery and produced said record. Defendants did not object to Plaintiff's objections. At Plaintiff's deposition, before the deposition began, Plaintiff's counsel asked that Defendants stipulate that Plaintiff's highly confidential records, and his deposition concerning them, only be used for the purpose of determining his ability to pay costs and fees. Defendants refused to agree to restrict the use of Plaintiff's financial records to the instant dispute or to file them under seal. At the deposition, the Court directed Plaintiff to submit a formal motion for a protective order.

For that reason, Plaintiff is moving to seal Plaintiff's deposition and exhibits and discovery, and to also have all related filings placed under seal so this privacy may be protected.

I. MATTER BEFORE THE COURT

Whether this Court should place Plaintiff's highly private and confidential discovery produced in response to the Court's Order (*Doc. No. 195*) under seal and limit its use to the issue of whether Plaintiff has the ability to pay the costs and fees imposed by this Court.

II. FACTS

The Court filed an Order (*Doc. No. 195*) on November 3, 2014, granting Defendants'[1] motion for attorney's fees in the amount of $1,060,795, but staying payment of the award pending a determination of Plaintiff's ability to pay. Court Opinion and Order (*Doc. No. 195*) at p.9. That Order also authorized Defendants to require Plaintiff to answer limited interrogatory, document, and deposition discovery. Id. at p.9. Plaintiff has fully and openly answered all such discovery by providing extensive documentation of his financial position:

- Tax returns for Mr. Marino and his wife
- Bank statements for Mr. Marino and his wife
- Investment accounts
- Insurance for Mr. Marino and his wife
- Pictures of the outside and inside of Mr. Marino's house
- Pictures of Mr. Marino's personal items
- Personal injury/workman's compensation claims
    - Related medical information
- Credit card statements
- Home appraisal and lease
- Loan modification and hardship letter

---

[1] Bobby Ross Avila, Jr., Issiah Avila, Jr., Bystorm Entertainment, Defenders of Music, EMI April Music, Inc., EMI Blackwood Music, Inc., Flyte Tyme Tunes, James Samuel Harris, III, Terry Steven Lewis, Mark Pitts, Sony Music Entertainment, Sublime Basement Tunez, UR-IV Music, INC., Usher Terry Raymond IV, Warner Tamerlane Corp., and IN2N Entertainment Group, Inc.

- Mortgage note and settlement statement
- Homeowner's insurance
- Copies of Titles

See Exhibit 1 – Plaintiff's Discovery Responses (being filed under seal, in paper); Exhibit 2 – Plaintiff's Document Production (being filed under seal, in paper). All of this information is highly private and confidential, and when produced to Defendants was marked as such. See Exhibit 2. Plaintiff clearly indicated in his responses that he expected this information would be kept private and confidential by the parties and treated as such, and only filed under seal and to only be used for the reason this Court authorized discovery on November 3, 2014, the ability of Plaintiff to pay costs and fees. See Exhibit 1 at p.1. Defendants never responded that they objected to Plaintiff's stated objections and expectation that the use of his private financial records would be confined to the purpose at hand, his ability to pay costs and fees.

At Plaintiff's deposition on December 19, 2014, Plaintiff's counsel clearly reiterated Plaintiff's position that Mr. Marino's discovery documents should not be used for any matter other than the one authorized by this Court on November 3, 2014, and should always be filed under seal. See Exhibit 3 – Plaintiff's 12/19/14 Deposition, at p.8–16. Mr. Malofiy stated:

> The issue is that we have Mr. Marino here for the limited purpose of his ability to pay the attorney's fees and costs award. Of course, it deals with a lot of private and confidential information, and we had -- I had two stipulations, that I would make objections as they were necessary and that objections to relevance would also stay, but I would also make additional objections as they were necessary. That's the one issue.
> The second issue is that this deposition should be used only for purposes of this litigation and nothing more. We felt that was a fair -- a fair stipulation we requested opposing counsel to enter into, and they refused to do so.
> And part of the reason, because it deals with private and confidential information, I don't want to have a situation where it's used for any other purpose other than this litigation. And it deals with also marital property and things that are not solely his -- his assets.
> So because of that, I do want to have a full and complete deposition without objections or issues; but

> in order to do so, I would like that protection for my
> client.

Id. at p.22–23.

Defendants, however, refuse to agree to those reasonable restrictions on the use of Mr. Marino's private financial files. Id. The Court indicated at Plaintiff's deposition that all relevant discovery, and the deposition transcript, should be held in confidence until there was a pertinent ruling by the Court—and that Plaintiff should file a motion. Id. at p.27.

Pursuant to the Court's instruction on December 19, 2014, Plaintiff now files a Motion for Protective Order.

## III.  Application

Federal Rule of Civil Procedure 26(c) authorizes the Court to grant protective orders to protect litigants from "annoyance, embarrassment, oppression, or undue burden or expense." Id. at 26(c)(1). The Court is authorized, *inter alia*, to:

- Forbid the disclosure of discovery
- Prescribe how discovery may be disclosed
- Require a deposition be sealed
- Require that filings be filed in sealed envelopes

Id. The Court ordered discovery to be sought from Plaintiff solely regarding his ability to pay costs and fees (*Doc. No. 195*).

The discovery Plaintiff has produced, including his deposition, is comprehensive and forthright. See Exhibits 1, 2, 3. They concern virtually every financial decision Plaintiff has ever made, and also reveal his wife's finances. These therefore highly confidential and private documents that contain information that could be used to annoy, embarrass, or oppress Plaintiff. In effect, Plaintiff has turned over to Defendants his life. By their very nature they are documents that should not be in the public domain, or exploited for purposes beyond this instant issue which occasioned their disclosure.

Defendants' refusal to agree to Plaintiff's proposed stipulations are confirmation that they intend to use these materials for purposes other than the dispute at hand.

## IV.   Requested Action from the Court

Plaintiff therefore respectfully asks that the Court sign the attached proposed order, mandating that:

- Plaintiff's December 19, 2014 deposition is placed under seal, along with the exhibits.

- Plaintiff's discovery produced pursuant to this Court's November 3, 2014 Order, is sealed.

- The Parties are directed that any filings and exhibits related to Plaintiff's ability to pay cost and fees are directed to be filed under seal.

- All of the above documents under seal shall not be used for any purpose other than determining Plaintiff's ability to pay costs and fees unless so authorized by Plaintiff or ordered by this Court.

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

*/d/ January 16, 2015*

# Verification

I hereby certify that all of the above statements are true, accurate, and correct.

*****

*Respectfully submitted,*
Francis Alexander, LLC

*/s/ Francis Malofiy*
Francis Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
*Law Firm / Lawyer for Plaintiff*

*/d/ January 16, 2015*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion for Protective Order has been electronically filed with the Court via the ECF Filing System:

Jonathan D. Davis, P.C.
Jonathan D. Davis, Esquire
Derek A. Williams
99 Park Avenue | Suite 1600
New York, NY 10016
T:  (212) 687-5464
E: jdd@jddavispc.com
E: DAW@jddavispc.com

Fox Rothschild, LLP
Michael Eidel, Esquire
Matthew Olesh, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103
T:  (215) 299-2000
E: MEidel@foxrothschild.com

*Attorneys for Defendants*
*Usher Raymond IV a/k/a Usher ("Usher"), Sony Music Entertainment, EMI April Music, Inc., EMI Blackwood Music, Inc., Warner-Tamerlane Publishing Corp., UR-IV Music, Inc., Bystorm Entertainment, Mark Pitts, Issiah Avila, Jr., Bobby Ross Avila, Jr., Sublime Basement Tunez, Defenders of Music, Flyte Tyme Tunes, James Samuel Harris III, and Terry Steven Lewis*

Manatt, Phelps & Phillips, LLP
Mark S. Lee, Esquire
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
T:  (310) 312-4000
F:  (310) 312-4224
E:  mlee@manatt.com

Rogers & Associates, LLC
Lance Rogers, Esquire
25 Elliot Avenue
Bryn Mawr, PA 19010
T:  (610) 649-1880
F:  (877) 649-1800
E:  lance@rogerscounsel.com

*Attorney for Defendant*
*IN2N Entertainment Group, LLC ("IN2N")*

       *****

      *Respectfully submitted,*
      F<small>RANCIS</small> A<small>LEXANDER</small>, LLC

      */s/ Francis Malofiy*
      Francis Malofiy, Esquire
      Attorney ID No.:  208494
      280 N. Providence Road | Suite 105
      Media, PA 19063
      T:  (215) 500-1000
      F:  (215) 500-1005
      *Law Firm / Lawyer for Plaintiff*

      */d/ January 16, 2015*