UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
DANIEL V. MARINO, :
:
                Plaintiff, : 11 Civ. 6811 (PSD)
:
      v. :
:
USHER (a/k/a Usher Terry Raymond IV); SONY :
MUSIC ENTERTAINMENT; EMI APRIL MUSIC,:
INC.; EMI BLACKWOOD MUSIC, INC.; JAMES :
SAMUEL HARRIS III; TERRY STEVEN LEWIS; :
BOBBY ROSS AVILA, JR.; ISSIAH AVILA, JR.; :
WILLIAM C. GUICE; DANTE E. BARTON; :
DESTRO MUSIC PRODUCTIONS, INC.; :
DEFENDERS OF MUSIC; FLYTE TYME :
TUNES; SUBLIME BASEMENT TUNEZ; UR-IV :
MUSIC, INC.; WARNER-TAMERLANE :
PUBLISHING CORP.; MARK PITTS; BYSTORM :
ENTERTAINMENT; TOMMY VAN DELL; and :
IN2N ENTERTAINMENT GROUP, LLC, :
:
                Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

## **TABLE OF CONTENTS**

A PROTECTIVE ORDER IS UNNECESSARY .............................................................................. 1

    A.    Background ........................................................................................................ 2

    B.    Legal Standard For A Protective Order............................................................. 3

    C.    Plaintiff Has Not Established "Good Cause" For A Protective Order ............................ 4

CONCLUSION................................................................................................................ 7

Defendants respectfully submit this memorandum of law in opposition to Plaintiff's Motion for Protective Order to seal the discovery and related filings concerning Plaintiff's ability to pay costs and fees (the "Motion").[1]

Aside from certain limited information, which Defendants will agree to redact in their filings, the information and documents at issue in the Motion are not confidential and should not be subject to a court sealing order. Defendants respectfully request that the Court deny the Motion with certain limited exceptions.

## **A PROTECTIVE ORDER IS UNNECESSARY**

Plaintiff seeks a protective order that is overbroad and unnecessary. Plaintiff has rejected previous attempts to establish a confidentiality agreement to govern discovery and has consistently thwarted the efficient resolution of this matter.

Though Defendants will agree to redact certain sensitive information (such as social security numbers or bank account numbers) from any publicly-filed submissions, no circumstance supports sealing Plaintiff's entire supplemental document production, his deposition testimony, and any related filings.

Further, Plaintiff is not entitled to restrict the available uses of his document production. He has provided no basis for such a restriction under the discovery rules, relying solely on the baseless assumptions that Defendants intend to "exploit" this information and "use these materials for purposes other than the dispute at hand." (Motion at 6.)

---

[1] "Defendants" refers to Defendants Usher Raymond IV, Sony Music Entertainment, EMI April Music Inc., EMI Blackwood Music Inc., Warner-Tamerlane Publishing Corp., UR-IV Music, Inc., Bystorm Entertainment, Mark Pitts, Issiah Avila, Jr., Bobby Ross Avila, Jr., Sublime Basement Tunez, Defenders of Music, Flyte Tyme Tunes, James Samuel Harris, and Terry Steven Lewis and IN2N Entertainment Group, LLC ("IN2N"), all of whom join in opposing the Motion.

Plaintiff has failed to meet his burden of establishing the required "good cause" for a protective order.

**A. <u>Background</u>**

In its November 3, 2014 Order ("November 3 Order"), the Court granted Defendants' motions for costs under Fed. Rule Civ. P. 54 and 17 U.S.C. § 505 ("Motion for Costs") (Doc. Nos. 176, 176-1, 176-2, 177, 177-1, 177-2), in part, by awarding Defendants attorney's fees totaling $1,060,795 (the "Award") and the right to submit a "supplemental request for only those costs allowed under 28 U.S.C. § 1920." (Doc. No. 195 at 8-9.) The Court, "stay[ed] payment of any award pending a determination of Plaintiff's ability to pay them," and allowed Defendants to pursue additional discovery limited to Plaintiff's ability to pay the Award. (*Id.* at 9-10.)

Plaintiff produced 631 pages of documents (the "Supplemental Production") in response to Defendants' document requests. On December 19, 2014, Defendants deposed Plaintiff on the limited topic of his ability to pay the Award. At that deposition, Plaintiff's attorney attempted to limit the use of his client's deposition testimony to "this litigation and this litigation only as to Mr. Marino's ability to pay the award." (Doc. No. 216, Declaration of Jonathan D. Davis, dated January 22, 2015, Ex. A at 7 (Transcript of the Deposition of Daniel Marino, taken on December 19, 2014, filed under seal).)

The Court set deadlines for the parties to submit any additional briefing on Plaintiff's ability to pay the Award. (Doc. Nos. 209 and 213.) Upon Plaintiff's request, the Court ordered the parties to submit any briefing concerning Plaintiff's ability to pay under seal, "pending Plaintiff filing a Motion for a Protective Order." (Doc. No. 212.)

Plaintiff filed this Motion on January 16, 2015. (Doc. No. 215.) On January 23, 2015, Defendants submitted under seal their Supplemental Memorandum Of Law In Further Support

Of Defendants' Motion For Costs Under Fed. Rule Civ. P. 54 and 17 U.S.C. § 505.  (Doc. No. 216 (the "Supplemental Costs Brief").)

### B. Legal Standard For A Protective Order

Under Fed. R. Civ. P. 26(c), a court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  The party seeking the protective order has the burden of showing that "good cause" exists, as well as the "burden of justifying the confidentiality of each and every document sought to be covered[.]"  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994); *see also DiPietro v. Coleman*, No. 13-6438, 2014 WL 5431622, at *1 (E.D. Pa. Oct. 24, 2014) (citing *Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*, No. 09-290, 2013 WL 1674190, at *2 (W.D. Pa. Apr. 17, 2013).

The common law right to access to judicial records is well-established.  A party seeking to seal any part of a judicial record "bears the heavy burden of showing that the material is the kind of information that courts will protect[.]"  *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotations omitted).  "Broad allegations of harm will not suffice to establish good cause."  *Mutual Indus., Inc. v. Am. Intern'l Indus.*, No. 11-5007, 2014 WL 1281135, at *2 (E.D. Pa. Mar. 28, 2014) (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).  Rather, "good cause" is established by "'showing that disclosure will work a clearly defined and serious injury'" to the party seeking the protective order.  *Pansy*, 23 F.3d at 786 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

The Third Circuit has acknowledged a non-exhaustive list of factors to consider when evaluating whether "good cause" for a protective order exists, which include: "1) whether disclosure will violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or for an improper purpose; 3) whether disclosure of the information will

3

cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether the sharing of information among litigants will promote fairness and efficiency; 6) whether a party benefitting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public." *Glenmede Trust Co.*, 56 F.3d at 483 (citing *Pansy*, 23 F.3d at 787-91).

### C. Plaintiff Has Not Established "Good Cause" For A Protective Order

Plaintiff's Motion fails to set forth with any specificity how the information disclosed in his Supplemental Production or in his deposition testimony "could be used to annoy, embarrass, or oppress" him. (Motion at 6.) He pins his demand on generalized statements that the "information is highly private and confidential," and that the documents at issue "[b]y their very nature … should not be in the public domain." (*Id.* at 5-6.) He makes unsubstantiated accusations that Defendants will "exploit[]" the information or use it "for purposes other than the dispute at hand." (*Id.* at 6.)

Plaintiff's broad allegations fail to demonstrate a "clearly defined and serious injury" that would give rise to "good cause" for a protective order. *See Pansy*, 23 F.3d at 786; *Mutual Indus., Inc.*, 2014 WL 1281135, at *2. Plaintiff fails to meet his "heavy burden" of demonstrating that the materials are "the kind of information that courts will protect[.]" *See Miller*, 16 F.3d at 551.

Though Plaintiff broadly describes the types of documents he provided in the Supplemental Production, he does not justify the alleged confidential nature of each document, as is required to show "good cause." *See Pansy*, 23 F.3d at 786. For example, it is unclear how "[p]ictures of Mr. Marino's personal items" or "[c]opies of [t]itles," could be used to annoy, embarrass, or oppress Plaintiff. (Motion at 4-5.) Additionally, Plaintiff has already disclosed

4

details of his personal finances in other publicly-filed documents in this case.[2] To the extent that any of Plaintiff's personal financial information could ever be considered "confidential," which it is not, Plaintiff has waived that confidentiality by effectively placing the contents of the Supplemental Production in the record.

Plaintiff's decision not to analyze any of the factors that courts routinely examine when considering whether "good cause" exists to issue a protective order is not surprising. *See Glenmede Trust Co.*, 56 F.3d at 483. Indeed, many of those factors are either neutral, or weigh in favor of denying Plaintiff's request for a protective order. Notably, the documents Plaintiff seeks to seal have already been shared with Defendants and will be necessary to the Court's determination of Plaintiff's ability to pay the Award. The documents contain no confidential business information or trade secrets.

Moreover, courts do not consider ordinary "financial information" to be the type of "confidential" information that supports issuing protective orders. *See U.S. Soo Bahk Do Moo Duk Kwan Federation Inc. v. Tank Soo Do Moo Do Kwan Ass'n, Inc.*, No. Civ.A.03-CV-6059, 2004 WL 1472792, at *1 (E.D. Pa. Apr. 12, 2004). And, important here, Plaintiff cannot and has not pointed to any serious injury that would befall him if his financial information was available as part of the public record in this case.

Though the Joint Rule 26(f) Report And Discovery Plan, filed on January 7, 2013, stated that "[t]he Parties agree a protective order is appropriate for confidential information and will

---

[2] In Plaintiff's Opposition to the Motion for Costs, Plaintiff claims that he "has no assets to speak of" and he describes that he "owes roughly $175,000 [on his mortgage for his house], and is trying to sell it for $199,000," that he "owes $10,000 for his wife's Honda Civic," "drives a 1999 Ford Ranger worth roughly $4,000," and has a "salvaged title motorcycle worth maybe $5,000." (Doc. 182 at 17.) That document was not filed under seal and proved to be either inaccurate or disingenuous. Plaintiff's inconsistent conduct demonstrates he wants a switch to control the disclosure of his purported confidential information to suit his personal whims. Rule 26(c) and the cases interpreting that rule do not provide Plaintiff that unfettered discretion.

submit a proposed Stipulation and Proposed Order for the Court's review and approval," no such stipulation and proposed order was ever submitted.  (Doc. No. 59 at 6 (the "26(f) Report").) Defendants attempted to negotiate a confidentiality agreement to govern discovery.  Specifically, Defendants, several of whom are well-known figures or large companies in the entertainment industry, sought to prevent public disclosure of their confidential business and financial information pertaining to contract terms, income and advances earned, royalty rates, financial statements, and other sensitive materials.

The competitive financial information Defendants sought to protect is the type of information courts have held is confidential.  Nevertheless, Plaintiff refused to enter into an appropriate confidentiality agreement.  But now, when it concerns himself, he demands that confidentiality be a one-way street in his favor.

By permitting Defendants to take additional discovery, the Court has already demonstrated that the documents and testimony that Plaintiff now seeks to seal are relevant to the issue of whether Plaintiff has the ability to satisfy the Award.  (Doc. No. 195 at 9-10.)  There is no need to seal any of these documents because the information in Plaintiff's Supplemental Production and from his deposition testimony is not confidential, is not subject to any privilege, and is not particularly sensitive.

In accordance with the applicable local rules, Defendants will redact certain personal information concerning Plaintiff from any documents that are filed on the ECF system in furtherance of sustaining the Award and its collection. Defendants will protect from disclosure the following: (1) social security numbers and tax identification numbers; (2) dates of birth; and

(3) account numbers for any bank or investment account.³ Because Defendants will voluntarily redact this potentially sensitive information, there is no risk that its public disclosure could be used to annoy, embarrass, or oppress Plaintiff. Redacting the documents will eliminate any perceived risk and thus there is no need for a protective order.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request the Court deny Plaintiff's motion for a protective order.

Dated:  February 4, 2015

                        Respectfully submitted,

                        JONATHAN D. DAVIS, P.C.

By:    s/ Jonathan D. Davis
         Jonathan D. Davis
         Derek A. Williams
         Admitted *pro hac vice*
         10 Rockefeller Plaza, Suite 1015
         New York, NY 10020
         (212) 687-5464
         Email: jdd@jddavispc.com

FOX ROTHSCHILD LLP

By:    s/ Michael Eidel
         Michael Eidel
         Matthew Olesh
         2000 Market Street, 20th Floor
         Philadelphia, PA 19103
         (215) 299-2000
         Email: meidel@foxrothschild.com

---

³ The exhibits submitted with Defendants' Supplemental Costs Brief, currently filed under seal, contain information that would be covered by these categories of redactions. (*See* Doc. No. 216.) If the Court denies Plaintiff's Motion, Defendants propose re-filing on the ECF system their Supplemental Costs Brief, together with supporting declarations and exhibits, with the appropriate redactions.

*Attorneys for Defendants Usher Raymond IV, Sony Music Entertainment, EMI April Music Inc., EMI Blackwood Music Inc., UR-IV Music, Inc., Warner-Tamerlane Publishing Corp., Mark Pitts, Bystorm Entertainment, Issiah Avila, Bobby Ross Avila, Defenders of Music, Flyte Tyme Tunes, Sublime Basement Tunez, James Samuel Harris III, and Terry Steven Lewis*

MANATT, PHELPS & PHILLIPS, LLP

By: s/ Mark Lee
Mark S. Lee
Admitted *pro hac vice*
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000
Fax:  (310) 312-4224
email:  mlee@manatt.com

ROGERS CASTOR

By: s/ Lance Rogers
Lance Rogers
26 East Athens Avenue
Ardmore, PA 19003
Telephone:  (610) 649-1880
Fax:  (877) 649-1880
Email:  Lance@RogersCounsel.com

*Attorneys for Defendant IN2N Entertainment Group, LLC*

8