IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL MARINO,<br>    Plaintiff,<br><br>v.<br><br>USHER, et al.,<br>    Defendant. | :<br>:<br>:<br>:  Civ. No. 11-6811<br>:<br>:<br>:<br>: |

# O R D E R

On November 13, 2014, I informed Plaintiff that, pursuant to Rule 56(f), I was considering entering summary judgment in favor of *pro se* Defendant Tommy van Dell.  (Doc. No. 203); Fed. R. Civ. P. 56(f).  Mr. van Dell's company, IN2N Entertainment, was named as a Defendant in this matter and was represented by counsel.  I granted IN2N's Motion for Summary Judgment on May 21, 2014.  (Doc. Nos. 154, 155.)  I entered summary judgment in favor of IN2N and against Plaintiff as to Counts I and III—claims for copyright infringement and vicarious copyright infringement.  (Id.)  On October 27, 2014, I entered summary judgment pursuant to Rule 56(f) for *pro se* Defendant William Guice for the same reasons.  (Doc. No. 194.)

Under Rule 56(f), I may grant summary judgment for a nonmovant after giving notice and a reasonable time to respond.  Fed. R. Civ. P. 56(f).  Summary judgment is warranted "if there is no genuine issue as to any material fact and the

moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is material only if it could affect the result of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). I must view the facts in the light most favorable to Plaintiff and make every reasonable inference in his favor. Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005). If I then determine that the Defendant van Dell is entitled to judgment as a matter of law, summary judgment is appropriate. See Celotex, 477 U.S. at 322; Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987).

I will enter summary judgment for Mr. van Dell for the same reasons I entered summary judgment for his company, IN2N. (Doc. No. 207.) Plaintiff simply recycles contentions I have rejected. As I have explained—at length and repeatedly—Plaintiff's copyright infringement claim fails because, *inter alia*, the song "Club Girl" was jointly created by Plaintiff, William Guice, and Dante Barton. (Doc. No. 154 at 6-13; see also Doc. Nos. 194, 195.) Because co-authors of a joint work are each entitled to undivided ownership, Messrs. Guice and Barton did not commit copyright infringement when they licensed the song to IN2N. See Brownstein v. Lindsay, 742 F.3d 55, 68 (3d Cir. 2014). Moreover, there can be no claim for vicarious copyright infringement without an underlying act of direct infringement. See Aro Mfg. Co. v. Convertible Top Replace Co., 377 U.S. 476, 482 (1964). In the alternative, I concluded that Messrs. Guice and Barton

conveyed a valid, non-exclusive license for the song. Brownstein, 742 F.3d at 68. Accordingly, Plaintiff has no viable claims for copyright infringement or vicarious copyright infringement against Mr. van Dell—just as he had no viable claim for these causes of action against any other Defendant in this case.

Plaintiff's remaining arguments against summary judgment are equally meritless. Plaintiff argues that Mr. van Dell is liable because he knew that Plaintiff was a co-creator of the song, did not include Plaintiff in the publishing agreements, and assured Plaintiff that his omission from the agreements was a mistake that would be fixed. (Doc. No. 207 at 15.) At summary judgment, I must credit these factual allegations—which Mr. van Dell denied at his deposition and are based almost entirely on Plaintiff's own testimony. Hugh, 418 F.3d at 267. These facts are irrelevant, however, to Plaintiff's claims for copyright infringement and vicarious copyright infringement. Regardless of what actions Mr. van Dell took with respect to Plaintiff, there was no infringement.

Finally, Plaintiff resurrects an argument I have already rejected: that Mr. van Dell must be kept in the case because Plaintiff has pending claims for equitable relief. (Doc. No. 207 at 24.) I will reject the argument again. (See Doc. No. 194 at 3-4.) As I have explained, in his First Amended Complaint, Plaintiff raised claims for constructive trust (Count IV) and an accounting (Count V). (Doc. No. 2 at 64-66.) I dismissed Counts IV and V as preempted by the Copyright Act on

September 25 and October 10, 2012.  (Doc. Nos. 42, 48.)  On June 24, 2014—after I had entered summary judgment in favor of Defendants—I denied Plaintiff's "Motion to Amend/Correct," explaining that Counts IV and V were already dismissed and that the equitable relief Plaintiff requested in his *ad damnun* clause was not a cause of action independent of Counts IV and V.  (Doc. No. 172.)  Mr. van Dell was named in Counts I, III, IV, and V.  (Doc. No. 2.)  I dismissed Counts IV and V in 2012 and enter judgment on Counts I and III today.  Accordingly, Plaintiff has no pending claims against Mr. van Dell.

**AND NOW**, this 10th day of February, 2015, it is hereby **ORDERED** that Judgment is entered in favor of Tommy Van Dell and against Plaintiff as to Counts I and III and the Clerk shall mark Defendant Tommy Van Dell as terminated from this action.

        **AND IT IS SO ORDERED.**

        */s/ Paul S. Diamond*
        _____
        Paul S. Diamond, J.