**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL MARINO,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civ. No. 11-6811** |
| | : | |
| **USHER, et al.,** | : | |
| **Defendants.** | : | |

---

**O R D E R**

On November 3, 2014, I granted in part Defendants' Motion for Attorneys' Fees and Costs.  (Doc. No. 195.)  I stayed payment of any award, however, pending a determination of Plaintiff's ability to pay and permitted Defendants additional discovery limited to Plaintiff's finances.  (Id.)  On January 16, 2015, Plaintiff filed a Motion for a Protective Order, asking me to seal his deposition, the exhibits to the deposition, all the documents Plaintiff produced, and all the filings and exhibits related to Plaintiff's ability to pay.  (Doc. No. 215 at 1.)  Plaintiff also asked that I order that these documents "not be used for any purpose other than determining Plaintiff's ability to pay costs and fees unless so authorized by Plaintiff or ordered by [me]." (Id.)  On February 5, 2015, I denied Plaintiff's Motion without prejudice, giving him "the opportunity to explain *with specificity* why he is entitled to the protective relief he seeks."  (Doc. No. 220 at 3.)

In his Renewed Motion for a Protective Order, Plaintiff now asks that I seal "his wife's financial information" and "information not relevant to the Court's determination regarding Plaintiff's ability to pay."  (Doc. No. 224 at 2.)  Plaintiff also asks me to seal his entire deposition because his "wife's financial records and job history are discussed" in the deposition. (Id.)  Defendants oppose a protective order, arguing that Plaintiff has not shown good cause and noting that they will redact personal information in compliance with local rules.  (Doc. No. 223.)

I will deny Plaintiff's Revised Motion.

Under Fed. R. Civ. P. 26(c), I may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Plaintiff has the burden of showing that good cause exists.  Broad allegations of harm will not suffice to establish good cause.  Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir.1995).

Even though Plaintiff has somewhat narrowed the scope of his request, he has still not shown good cause sufficient to trump the well-established right of public access to judicial proceedings.  See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 781 (3d Cir. 1994).  Plaintiff must show that "disclosure will result in a clearly defined, specific and serious injury."  Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005).  In his Revised Motion, Plaintiff continues to rely on the blanket assertion that a protective order is require to prevent "the harm that always occurs when private things are made public."  (Doc. No. 224 at 4.)  This is insufficient to establish good cause.

Plaintiff argues that the documents he turned over to Defendants are "irrelevant" to his ability to pay fees and costs.  (Doc. No. 224 at 2.)  I disagree.  The documents are relevant to Plaintiff's ability to pay fees and costs that Defendants incurred in defending a meritless lawsuit that Plaintiff chose to bring.  Plaintiff asks that I seal all documents related to his wife because she is not a party to the case.  The documents are related, however, to assets and liabilities that Plaintiff and his wife jointly hold and are thus relevant to Plaintiff's ability to pay.  Plaintiff cites no authority for exempting marital property from my consideration of a party's ability to pay a fee award or for shielding such property from the general right of public access to judicial proceedings.

**AND NOW**, this 10th day of March, 2015, upon consideration of Plaintiff's Revised Motion for a Protective Order (Doc. No. 224) and Defendants' Response (Doc. No. 223) it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.  It is **FURTHER ORDERED** that the Parties shall refile Defendant's Memorandum of Law in Support of Motion for Costs, Plaintiff's Response, and Defendant's Reply on the public docket no later than **March 17, 2015.**

**AND IT IS SO ORDERED**

*/s/ Paul S. Diamond*

_____

**Paul S. Diamond, J.**