UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
DANIEL V. MARINO,                               :
                                                :
                    Plaintiff,                  :   11 Civ. 6811 (PSD)
                                                :
              v.                                :   DECLARATION OF
                                                :   JONATHAN D. DAVIS
USHER (a/k/a Usher Terry Raymond IV); SONY      :
MUSIC ENTERTAINMENT; EMI APRIL MUSIC,           :
INC.; EMI BLACKWOOD MUSIC, INC.; JAMES          :
SAMUEL HARRIS III; TERRY STEVEN LEWIS;          :
BOBBY ROSS AVILA, JR.; ISSIAH AVILA, JR.;       :
WILLIAM C. GUICE; DANTE E. BARTON;              :
DESTRO MUSIC PRODUCTIONS, INC.;                 :
DEFENDERS OF MUSIC; FLYTE TYME                  :
TUNES; SUBLIME BASEMENT TUNEZ; UR-IV            :
MUSIC, INC.; WARNER-TAMERLANE                   :
PUBLISHING CORP.; MARK PITTS; BYSTORM           :
ENTERTAINMENT; TOMMY VAN DELL; and              :
IN2N ENTERTAINMENT GROUP, LLC,                  :
                                                :
                    Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

JONATHAN D. DAVIS declares as follows:

1. I am the sole shareholder of Jonathan D. Davis, P.C. (the "Davis Firm"), attorneys for Defendants Usher Raymond IV a/k/a Usher, Sony Music Entertainment, EMI April Music Inc., EMI Blackwood Music Inc., Warner-Tamerlane Publishing Corp., UR-IV Music, Inc., Bystorm Entertainment, Mark Pitts, Issiah Avila, Bobby Ross Avila, Sublime Basement Tunez, Defenders of Music, Flyte Tyme Tunes, James Samuel Harris III, and Terry Steven Lewis (collectively, the "Moving Defendants") in the above-captioned action. I am fully familiar with the matters set forth herein.

2. I submit this declaration in further support of the Moving Defendants' Motion for Costs Under Fed. R. Civ. P. 54 and 17 U.S.C. § 505 (the "Motion for Costs"). Moving Defendants make this supplemental submission pursuant to this Court's November 3, 2014 Order to supplement the expenses sought as costs by the Motion for Costs, reducing them from $138,119.13 to $39,391.05.

3. On November 3, 2014, this Court granted the Motion for Costs. (Doc. No. 195.) The court awarded Moving Defendants $693,995 in legal fees, but denied Moving Defendants' request for costs without prejudice. (*Id.* at 8-9.) The Court observed that Moving Defendants had included certain non-recoverable costs in their request, but permitted the Moving Defendants to submit a supplemental request for the costs allowed under 28 U.S.C. § 1920. (*Id.* at 9.)

4. The recoverable costs under § 1920 are "(1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees…; [and] (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services[.]" 28 U.S.C. § 1920; *see also* Doc. 195 at 8.

5. Moving Defendants originally sought costs in the amount of $138,119.13[1], as detailed in the invoices submitted with the Motion for Costs. (*See* Doc. No. 178 at ¶ 57 and Ex. A; Doc. No. 186 at ¶ 6 and Ex. A.) Those invoices have been excerpted and edited to reflect the amount of recoverable costs under § 1920 now sought by Moving Defendants. (*See* Exhibit K.)

---

[1] The Moving Defendants' sought $137,311.85 in costs in their moving brief and an additional $807.28 in costs in their reply brief, representing the costs incurred in making the Motion for Costs.

2

6. Pursuant to the Court's November 3, 2014 Order, the invoices have been edited to eliminate certain categories of expenses which are no longer sought by Moving Defendants. Among those categories are (1) postage and courier fees; (2) travel, lodging, meals, and other expenses associated with attending out-of-town depositions; (3) expert witness fees and expenses; (4) WestLaw charges; (5) expenses for obtaining physical compact disk copies of the songs at issue; and (6) expenses for video files of depositions

7. The Moving Defendants seek recovery of allowable costs under 28 U.S.C. § 1920, including expenses for deposition transcripts and copying expenses, including the cost of copies made by external vendors, the cost of certified copies of registrations and other documents from the U.S. Copyright Office, and copies of documents obtained from electronic docket services (PACER).

8. The total amount of costs requested is summarized below.

| Invoice | Period | Costs Sought by Initial Motion | Costs Sought by Present Submission |
|---|---|---|---|
| April 3, 2012 | Jan. 2012 | $0 | $0 |
| April 3, 2012 | Feb. 2012 | $447.50 | $447.50 |
| April 3, 2012 | March 2012 | $24.00 | $0 |
| May 21, 2012 | April 2012 | $4.09 | $4.09 |
| September 5, 2012 | May - July 2012 | $28.23 | $28.23 |
| December 7, 2012 | Aug. - Sept. 2012 | $0 | $0 |
| December 11, 2012 | Oct. 2012 | $0 | $0 |
| February 27, 2013 | Nov. - Dec. 2012 | $24.27 | $8.27 |
| **SUB-TOTAL** | **2012** | **$528.09** | **$488.09** |
| | | | |
| May 15, 2013 | Jan. 2013 | $0 | $0 |
| May 15, 2013 | Feb. 2013 | $0 | $0 |
| May 16, 2013 | March 2013 | $0 | $0 |
| June 12, 2013 | April 2013 | $15,894.28 | $7,839.07 |
| July 19, 2013 | May 2013 | $17,726.36 | $8,757.70 |
| August 20, 2013 | June 2013 | $6,901.89 | $2,903.70 |
| September 19, 2013 | July 2013 | $5,000.00 | $0 |
| November 6, 2013 | Aug. 2013 | $9,458.89 | $0 |
| November 19, 2013 | Sept. 2013 | $4,851.05 | $4,791.19 |
| December 16, 2013 | Oct. 2013 | $11,448.19 | $10,795.30 |
| January 24, 2014 | Nov. 2013 | $7,349.75 | $3,562.25 |
| January 31, 2014 | Dec. 2013 | $0 | $0 |
| **SUB-TOTAL** | **2013** | **$78,630.41** | **$38,649.21** |
| | | | |
| March 11, 2014 | Jan. 2014 | $0 | $0 |
| March 21, 2014 | Feb. 2014 | $0 | $0 |
| June 11, 2014 | March 2014 | $0 | $0 |
| June 12, 2014 | April 2014 | $58,153.35 | $0 |
| June 22, 2014 | May 2014 | $0 | $0 |
| July 2, 2014 | June 2014 | $0 | $0 |
| August 15, 2014 | July 2014 | $545.89 | $253.75 |
| August 15, 2014 | August 2014 | $261.39 | $0 |
| **SUB-TOTAL** | **2014** | **$58,960.63** | **$253.75** |
| | | | |
| **GRAND TOTAL** | | **$138,119.13** | **$39,391.05** |

9. As the "prevailing parties" in this copyright action, the Moving Defendants should be awarded, pursuant to Fed. R. Civ. P. 54, 17 U.S.C. § 505, and 28 U.S.C. § 1920, their costs in the aggregate amount of $39,391.05.

4

10. Attached hereto as Exhibit A is a copy of the transcript of the deposition of Daniel Marino, which deposition was taken on December 19, 2014.

11. Attached hereto as Exhibit B is a copy of certain income tax returns for Daniel V. Marino and Tiffany N. Marino for the year 2013, which was bates stamped as Marino 0026-0041.

12. Attached hereto as Exhibit C is a copy of a residential lease between Rosalba Meneses, as Tenant, and Daniel V. Marino, as Landlord, dated October 20, 2014, for a property located at 901 Greenbriar Lane, Springfield, Pennsylvania, 19064, which was bates stamped as Marino 0504-0513.

13. Attached hereto as Exhibit D is a copy of a Uniform Residential Appraisal Report, dated April 7, 2013, for a property located at 901 Greenbriar Lane, Springfield, Pennsylvania, 19064, which was bates stamped as Marino 0474-0503.

14. Attached hereto as Exhibit E is a copy of a Loan Modification Agreement between Ocwen Loan Servicing, LLC and Daniel V. Marino, dated March 24, 2008, for a property located at 901 Greenbriar Lane, Springfield, Pennsylvania, 19064, which was bates stamped as Marino 0515-0516.

15. Attached hereto as Exhibit F is a copy of a Compromise and Release Agreement by Stipulation Pursuant to Section 449 of the Workers' Compensation Act, between Daniel Marino and CHP Industries, concerning an injury that occurred on February 3, 2012, which was bates stamped as Marino 0620-0629.

16. Attached hereto as Exhibit G is a copy of photographs of various items of personal and real property, purportedly belonging to Plaintiff, which was bates stamped as Marino 0563-0615.

17. Attached hereto as Exhibit H are copies of an Allstate Proof of Insurance Card, issued to Tiffany and Daniel Marino, for a 2012 Honda Civic and a 1999 Ford Truck Ranger, which was bates stamped as Marino 0544; a Certificate of Title for a Vehicle issued to Daniel V. Marino by the Commonwealth of Pennsylvania, dated November 2, 2012, for a 1999 Ford, which was bates stamped as Marino 0616; and a Certificate of Title for a Vehicle issued to Daniel V. Marino by the Commonwealth of Pennsylvania, dated August 1, 2012, for a 2003 Harley Davidson motorcycle, which was bates stamped as Marino 0618.

18. Attached hereto as Exhibit I is a copy of a letter from Foremost Insurance Group to Daniel Marino, dated April 4, 2014, which was bates stamped as Marino 0554-0559.

19. Attached hereto as Exhibit J is a copy of the Pennsylvania Attorney Information for Francis Malofiy, available at http://www.padisciplinaryboard.org/look-up/pa-attorney-info.php?id=208494&pdcount=0, last accessed on January 21, 2015.

20. Attached hereto as Exhibit K are copies of invoices prepared by Jonathan D. Davis, P.C. that have been revised and identify the disbursements now sought by the Moving Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at New York, New York, on January 22, 2015.

/s/ Jonathan D. Davis
JONATHAN D. DAVIS