IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL MARINO, | : | |
|         Plaintiff, | : | |
|     v. | : | Civ. No. 11-6811 |
| | : | |
| USHER, et al., | : | |
|         Defendants. | : | |

**O R D E R**

On November 3, 2014, I granted in part Defendants' Motion for Attorneys' Fees and Costs. (Doc. No. 195.) I concluded that an award of defense fees and costs was appropriate under the Copyright Act because, *inter alia*, Plaintiff's claims for copyright infringement were objectively unreasonable, and an award would advance the goals of compensation and deterrence. (Id. at 3-5.) After reviewing the billing records that Defendants submitted and calculating the proper lodestar, I concluded that IN2N was entitled to $366,800 in legal fees and the Sony Defendants were entitled to $693,995 in legal fees. (Id. at 8.) I denied Defendants' request for costs without prejudice because the requests were not limited to costs compensable under 28 U.S.C. § 1920. (Id. at 9.) I stayed payment of any award pending a determination of Plaintiff's ability to pay and permitted Defendants additional discovery limited to Plaintiff's finances. (Id.)

After completing discovery, Defendants have filed a Supplemental Memorandum requesting $48,090.95 in costs compensable under § 1920 ($8,699.90 for IN2N and $39,391.05 for the Sony Defendants). They also argue that I should not reduce the award to reflect Plaintiff's financial circumstances. (Doc. No. 226.) Plaintiff responds that he "is not wealthy," but does not specify what he could afford to pay Defendants. (Doc. No. 228.) Plaintiff has not objected to Defendants' supplemental request for costs. (Id.) After reviewing that request, I will

allow those costs for the reasons discussed in my November 3 Order.

Accordingly, the total lodestar calculation stands at $1,108,885.95. See Schiffer Publ'g, Ltd. v. Chronicle Books, LLC, Civ. No. 03-4962, 2005 WL 1244923, at *11-14 (E.D. Pa. May 24, 2005) (court determines lodestar amount before deciding whether to adjust lodestar). I must determine whether this amount is "excessive in light of the plaintiff's resources." Lieb v. Topstone Industry, Inc., 788 F.2d 151, 156 (3d Cir. 1986). I may also consider the relative financial strength of the parties. Id. "[T]he aims of the Copyright Act are compensation and deterrence where appropriate, but not ruination." Id.

Plaintiff is thirty eight years old and has a high school education. (Doc. No. 226 at 6.) He is currently employed as a client services representation at an online trading platform and earns approximately $70,000 per year. (Def.'s Ex. B.) He earned approximately $15,000 in additional income in 2013 doing marketing and graphic design work. (Id.) Plaintiff married in April 2013, and I will consider jointly held assets as relevant to Plaintiff's ability to pay, but will not consider his wife's income or personal assets. Lieb, 788 F.2d at 156 (court should consider whether award is excessive in light of "*plaintiff's* resources") (emphasis added). Plaintiff owns a house in Springfield, Pennsylvania, that was appraised for $161,000 in 2013 and has a mortgage of $188,000. (Def.'s Ex. D, Ex. E.) He is currently receives annual lease payments of $20,400 for the house. (Def.'s Ex. C.) In 2012, Plaintiff received a $61,000 workman's compensation award, less a $12,200 contingent fee for counsel, and he received an insurance recovery for $32,200 for flood damage in 2014. (Def.'s Ex. F, Ex. I.) Plaintiff owns a 1999 Ford pickup truck and a 2003 Harley Davidson motorcycle. (Pl.'s Ex. 9.) Plaintiff also owns a 2012 Honda Civic, but it is not clear what equity Plaintiff has in the vehicle. (Pl.'s Dep. at 186.) Plaintiff owns 50% of a music production company, known as Fuzztone LLC or Fuzztown Entertainment

LLC.  (Def.'s Ex. B.)  For 2013, the company reported $12,608 in business losses and an ending capital account balance of $37,986.  (Pl.'s Ex. 2 at 69.)  Plaintiff states that the company has been "winding down" for some time.  (Doc. No. 228 at 2.)  The company has, however, received some income recently—including a $25,000 payment for releasing an artist from a contract—and has assets, including musical instruments and recording equipment.  (Doc. No. 226 at 9.)

The values of Plaintiff's remaining assets are more difficult to determine.  Plaintiff has pending claims in this suit against Dante Barton, Destro Music, and William Guice.  (Doc. No. 226 at 10.)  None of these Defendants has answered the Complaint, however.  Moreover, potential damages are unclear, and I have not ruled on the merits of Plaintiff's claims.  Defendants also argue that Plaintiff could bring a malpractice claim against his own counsel, Francis Malofiy.  (Id. at 12.)  Again, the value of a potential malpractice claim against Mr. Malofiy is speculative.

Finally, I note that prevailing Defendants are predominantly large and prosperous corporations, employees of those corporations, or (in the case of Usher Terry Raymond IV) a successful recording artist.  Lieb, 788 F.2d at 156 ("The relative financial strength of the parties is a valid consideration . . . .").  The need to compensate these Defendants for the moneys they have expended on this litigation is thus less pressing.

Considering all these circumstances—including Plaintiff's modest resources—I conclude that an award of $1,108,885.90 is excessive, and I will reduce that amount by 90%.  See, e.g., Muller v. Twentieth Century Fox Film Corp., Civ. No. 08-02550, 2011 WL 3678712, at *4 (S.D.N.Y. Aug. 22, 2011) (reducing award of $150,000 to $40,000 where plaintiff's reported earnings of $7,124 in 2010); Cabell v. Sony Pictures Enterprises, Inc., Civ. No. 09-1610, 2011 WL 92765, at *1-2 (S.D.N.Y. Jan. 7, 2011) (reducing award of $500,000 to $1,000 where

plaintiff had no assets and had seventeen liens and judgments recorded against him); Barclays Capital Inc. v. Theflyonthewall.com, Civ. No. 06-4908, 2010 WL 2640095, at *7 (S.D.N.Y. June 30, 2010) (reducing award of $360,000 to $200,000 after accounting for "economic disparities" between the parties); see also Fox v. Vice, 131 S. Ct. 2205, 2216 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.").

Accordingly, Defendants are awarded the following fees and costs under the Copyright Act:

|  | **Attorneys' Fees** | **Costs** | **Total** |
|---|---|---|---|
| **IN2N** | $36,680.00 | $869.99 | $37,549.99 |
| **Sony Defendants** | $69,399.50 | $3,939.11 | $73,338.61 |

Modest resources do not give Plaintiff or anyone else a license to initiate and prosecute frivolous claims. In the circumstances presented, a total award of $110,888.60 in fees and costs is not excessive, yet still serves the interests of compensation and deterrence. Lieb, 788 F.2d at 156 (court should consider "need in particular circumstances to advance considerations of compensation and deterrence" under the Copyright Act).

**AND NOW**, this 25th day of March, 2015, upon consideration of Motions for Attorneys' Fees and Costs under Rule 54(b) and 17 U.S.C. § 505 (Doc. No. 177), and all related submissions, it is hereby **ORDERED** that the Motion is **GRANTED in part**.

It is **FURTHER ORDERED** that **JUDGMENT is entered** against Plaintiff Daniel Marino and in favor of Defendant IN2N in the amount of $37,549.99, and **JUDGMENT is entered** against Plaintiff Daniel Marino and in favor of Defendants Sony Music Entertainment, Bobby Ross Avila, Jr., Issiah Avila, Jr., Bystorm Entertainment, Defenders of Music, EMI April Music, Inc., EMI Blackwood Music, Inc., Flyte Tyme Tunes, James Samuel Harris, III, Terry Steven Lewis, Mark Pitts, Sublime Basement Tunez, UR-IV Music, Inc., Usher Terry Raymond IV, and Warner Tamerlane Corp. in the amount of $73,338.61.

        **AND IT IS SO ORDERED**

        */s/ Paul S. Diamond*
        _____
        **Paul S. Diamond, J.**