**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL MARINO,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civ. No. 11-6811** |
| | : | |
| **USHER, et al.,** | : | |
| **Defendants.** | : | |

---

**O R D E R**

On March 26, 2015, I notified Plaintiff that, pursuant to Rule 56(f), I was considering opening the default against Defendants Dante Barton and Destro Music Productions, Inc., and entering summary judgment in Defendants' favor on Count I (Direct Copyright Infringement), Count II (Contributory Copyright Infringement), and Count III (Vicarious Copyright Infringement), based on my previous Orders granting summary judgment in favor of other Defendants on these same Counts. (Doc. Nos. 154, 194, 221.) Plaintiff opposes opening the default and entering summary judgment in favor of Barton and Destro Music. (Doc. No. 233.)

**I.     LEGAL STANDARDS**

Under Rule 55(c), I may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). I may set aside the default *sua sponte*. Feliz v. Kintock Grp., 297 F. App'x 131, 137-38 (3d Cir. 2008). I must consider "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense, that is, whether the defendant's allegations, if established at trial, would constitute a complete defense to the action; and (3) whether the default was the result of defendant's culpable conduct." Dambach v. United States, 211 F. App'x 105, 109 (3d Cir. 2006).

Under Rule 56(f), I may grant summary judgment for a nonmovant after giving notice and a reasonable time to respond. Fed. R. Civ. P. 56(f). Summary judgment is warranted "if

there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is material only if it could affect the result of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). I must view the facts in the light most favorable to Plaintiff and make every reasonable inference in his favor. Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005). If I then determine that Defendants are entitled to judgment as a matter of law, summary judgment is appropriate. Celotex, 477 U.S. at 322; Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987). "[I]f a district court grants one defendant's motion for summary judgment, it may *sua sponte* enter summary judgment in favor of non-moving defendants if granting the motion would bar the claim against those non-moving defendants." Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 384-85 (7th Cir. 2008).

## II.     COPYRIGHT INFRINGEMENT CLAIMS

I conclude that good cause exists to open the default against Mr. Barton and Destro Music and that these Defendants are entitled to judgment as a matter of law on the copyright infringement claims. First, Plaintiff has not shown that he will be prejudiced by opening the default. "[T]he prejudice requirement compels plaintiffs to demonstrate that the plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." Collura v. Ford, 303 F.R.D. 57, 76 (E.D. Pa. 2014) (quoting Dizzley v. Friends Rehab. Program, Inc., 202 F.R.D. 146, 147-48 (E.D. Pa. 2001)). Plaintiff asserts that he will be prejudiced but offers no explanation. (Doc. No. 233 at 18.) I can think of no prejudice that would accrue to Plaintiff if I open the default.

It is also apparent that Barton and Destro Music have a complete and meritorious defense

to claims of copyright infringement.  Collura, 303 F.R.D. at 78 (meritorious defense need only be "litigable" or "not facially unmeritorious" to open default).   According to the Amended Complaint, Barton was a co-author of the song "Club Girl" and Destro Music is a music production company that Plaintiff and Barton co-own.  (Doc. No. 2 at 18-19, 36.)  As I have repeatedly explained, Plaintiff's copyright infringement claims fail because Club Girl was jointly created by Plaintiff, William Guice, and Dante Barton.  (Doc. No. 154 at 6-13; see also Doc. Nos. 194, 195.)  Co-authors of a joint work are each entitled to undivided ownership and the joint owner of a copyright cannot sue his co-owner for infringement.  Brownstein v. Lindsay, 742 F.3d 55, 68 (3d Cir. 2014); Cortner v. Israel, 732 F.2d 267, 271 (2d Cir. 1984).  Moreover, there can be no claim for contributory or vicarious copyright infringement without an underlying act of direct infringement.  See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005); Aro Mfg. Co. v. Convertible Top Replace Co., 377 U.S. 476, 482 (1964).  In the alternative, I have concluded that Messrs. Guice and Barton conveyed a valid, non-exclusive license for the song to the other Defendants.  Brownstein, 742 F.3d at 68.  Accordingly, Plaintiff has no viable claims for copyright infringement, contributory copyright infringement, or vicarious copyright infringement against Dante Barton or Destro Music—just as these same causes of action against the other Defendants in this case were not viable.

Finally, I agree with Plaintiff that the default was the result of Barton's refusal to respond to the Amended Complaint in his personal capacity or as a representative of Destro Music Productions, Inc.  Collura, 303 F.R.D. at 78 (culpable conduct means actions taken willfully or in bad faith).  I do not agree, however, that Barton acted in bad faith when he "appeared for and then discontinued" his deposition "before answering any substantive questions."  (Doc. No. 233 at 2.)  On May 27, 2013, Barton appeared for a deposition pursuant to Plaintiff's subpoena.  At

the outset, Plaintiff's counsel suggested to Barton that they reschedule the deposition if Barton wished to secure counsel.  (Doc. No. 233, Ex. 233 at 12.)  Barton stated that he wanted to secure counsel, and the deposition was continued.  (Id.)  According to Plaintiff, Barton has "refused to reschedule" the deposition.  (Doc. No. 233 at 18.)  Yet, Plaintiff has not taken any steps to compel Barton's deposition.  This failure is inexplicable.

In opposing the opening of default and entry of summary judgment, Plaintiff argues, for the first time in these proceedings, that his claims for copyright infringement survive because the preexisting songwriting agreement between Plaintiff, Guice, and Barton "alter[s] the Copyright Act's ownership rules."  (Doc. No. 233 at 25-27.)  Plaintiff alleges that that he, Guice, and Barton had agreed before working on Club Girl to split "the songwriting credit, compensation, and ownership" of their songs three ways.  (Doc. No. 233 at 6.)  In entering summary judgment in favor of the other Defendants, I credited Plaintiff's deposition testimony that the songwriting trio "agreed to share songwriting credit" and I will do the same today.  Hugh, 418 F.3d at 267; (Doc. No. 154 at 2).  Plaintiff now argues, however, that this agreement "indisputably demonstrates that Plaintiff, Guice, and Barton each owned *separate* one-third shares in the song" and that Club Girl "is therefore not a joint work."  (Doc. No. 233 at 26.)  Plaintiff further argues that, because Club Girl was not a joint work under the Copyright Act, "Barton's use of the song . . . without Plaintiff's permission, is prima facie copyright infringement."  (Id. at 27.)  Having failed to raise this contention over the last four years, Plaintiff may not now raise it long after I have dismissed almost all Defendants at summary judgment.  See Hackett v. Cmty. Behavioral Health, No. 03-6254, 2005 WL 1084621, at *6 (E.D. Pa. May 6, 2005) aff'd, (3d Cir. 2006) (party waives opportunity to contest summary judgment on grounds not raised in response to motion for summary judgment); In re Joy Global, Inc., No. 01-039, 2009 WL 1442694, at *5 (D.

Del. May 22, 2009) (party waived argument it did not raise until its fifth motion for summary judgment).

In any event, the argument is absurd and contrary to law.  Plaintiff does not identify which "third" of "Club Girl" he owns, nor could he.  Club Girl is not an apple that can be trisected.  The agreement among Plaintiff, Barton, and Guice to split songwriting credit three ways simply confirms that Club Girl was a joint work created by three co-authors.  See Brownstein, 742 F.23d at 55 ("For two or more people to become co-authors, each author must contribute some non-trivial amount of creative, original, or intellectual expression to the work and both must intend that their contributions be combined.").  As I have repeatedly explained, because co-authors of a joint work are entitled to "undivided ownership" of the work, one co-author cannot sue his co-author for infringement, and a co-author can convey a valid, non-exclusive license for the joint work.  (Doc. No. 154 at 7-8.)  Plaintiff thus fails to explain how an agreement between these Parties to equally share songwriting credit could deprive Barton of his rights to "undivided ownership" as a co-author.  Plaintiff certainly cites no authority for his contention that a "joint work only exists in the absence of a songwriting agreement."  (Doc. No. 233 at 27.)  On the contrary, Barton's "undivided ownership" in Club Girl "vests from the act of creating the work, *rather than from any sort of agreement between the authors*."  Brownstein, 742 F.23d at 55 (emphasis added).  Moreover, if Barton breached the songwriting agreement, Plaintiff can pursue his breach of contract claim against Barton.

Finally, Plaintiff continues to insist that he has pending claims for equitable relief that preclude summary judgment and somehow entitle him "to a trial on the ownership of *Club Girl/Bad Girl* against all Defendants"—including those Defendants I dismissed from the case in May 2014.  (Doc. No. 233 at 32.)  I have explained four times why this argument is meritless and

will endeavor to do so again.  (Doc. No. 172; Doc. No. 194 at 3; Doc. No. 195 at 2; Doc. No. 221 at 3-4.)

I dismissed Plaintiff's claims for a constructive trust and an accounting (Counts IV and V of his Amended Complaint) because they were premised on an infringement of Plaintiff's copyright and were thus preempted by the Copyright Act.  (Doc. Nos. 42, 48.)  After I entered summary judgment for Defendants in May 2014, Plaintiff filed a "Motion to Correct Clerical Error," arguing that he still had claims for an ownership and an accounting that were "properly pled" in his Complaint.  (Doc. No. 167 at 2.)  I denied the Motion, explaining that the only equitable claims Plaintiff raised in his Amended Complaint, Counts IV and V, were already dismissed.  (Doc. No. 172.)  In continuing to argue that his claims for equitable relief have survived, Plaintiff chooses simply to ignore these rulings.

## III.    REMAINING CLAIMS

Having entered summary judgment on all Plaintiff's copyright infringement claims, Plaintiff's remaining claims in this action all arise under state law and are brought against some combination of Mr. Barton, Mr. Guice, and Destro Music: "breach of songwriting agreement," "breach of publishing agreement," "breach of production agreement," "breach of recording studio agreement," "breach of record label agreement," "breach of fiduciary duties," "misrepresentation," and "fraud."  (Doc. No. 2 at 66-72.)

Plaintiff initially argued that I should exercise supplemental jurisdiction over his state law claims for breach of contract, breach of fiduciary duties, misrepresentation, and fraud because Plaintiff's claims under the Copyright Act derived from a common nucleus of operative facts. (Doc. No. 2 at 4.)  Diversity jurisdiction was unavailable because Plaintiff, Barton, and Destro Music are all citizens of Pennsylvania.  28 U.S.C. § 1332.

I have discretion to decline supplemental jurisdiction, however, because I have dismissed all the claims that raised a federal question.  A district court may decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . . Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").  In deciding whether to exercise supplemental jurisdiction, I take into account "generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc. v. Delaware Cnty., Pa., 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting United Mine Workers, 383 U.S. at 726).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).  If I dismiss Plaintiff's state law claims, I must do so without prejudice.  Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009)

After considering the principles of judicial economy, convenience, and fairness to the litigants, I will dismiss Plaintiff's remaining claims without prejudice.  Plaintiff's claims for copyright infringement have been decided before trial.  For the four years he has prosecuted this case, Plaintiff has done little to develop and litigate his state law claims.  Moreover, the claims are brought against Defendants who have not answered the Amended Complaint and Plaintiff has not moved for a default judgment against the remaining Defendants.  Insofar as Plaintiff has during these federal proceedings developed evidence that may support his state law claims, Plaintiff may use that evidence in state court.

In these circumstances, I will decline supplemental jurisdiction over the remaining state law claims and dismiss the state law claims without prejudice. An appropriate Judgment entering summary judgment for the remaining Defendants on Counts I, II, and III and dismissing the remaining Counts without prejudice follows.

*/s/ Paul S. Diamond*

_____

Paul S. Diamond, J.

April 30, 2015