IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL MARINO, :
        Plaintiff, :
v. : Civ. No. 11-6811
      :
USHER, et al., :
        Defendants. :

## O R D E R TO SHOW CAUSE

Defendants IN2N Entertainment Group, Usher Raymond IV, Sony Music, Entertainment, EMI April Music Inc., EMU Blackwood Music Group, Warner-Tamerlane Publishing Corp., UR-IV Music, Inv., Bystorm Entertainment, Mark Pitts, Isaiah Avila, Jr., Bobby Ross Avila, Jr., Sublime Basement Tunez, Defenders of Music, Flyte Tyme Tunes, James Samuel Harris, III, Terry Steven Lewis, and Thomas van Dell filed a joint Motion for Sanctions, asking me to impose monetary sanctions against Attorney Francis Alexander Malofiy to reimburse them for the costs, expenses, and attorney's fees they incurred as a result of Mr. Malofiy's alleged misconduct. (Doc. No. 105.)

Defendants allege that (1) Mr. Malofiy violated Pa. R. Prof. Conduct 4.3; (2) Mr. Malofiy vexatiously multiplied discovery proceedings by engaging in speaking objections during depositions; (3) Mr. Malofiy has repeatedly acted in a disrespectful and inappropriate manner toward opposing Counsel. (Doc. No. 105.)

I may impose sanctions for the conduct of counsel during discovery. Bowers v. NCAA, 475 F.3d 524, 538 (3d Cir. 2007). Under Fed. R. Civ. P. 30(d)(2), for example, "the court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Rule 30(d) was amended in 1993 in response to increased reports of deposition misconduct. The

Exhibit "A"

Advisory Committee Notes provide the following guidance and explanation: "In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer." Similarly, a lawyer shall not "engage in conduct intended to disrupt a tribunal." Pa. R. Prof. Conduct 3.5(d). Depositions are within the meaning of "tribunal." See Comment [5] to Pa. R. Prof. Conduct 3.5.

Insofar as Defendants seek sanctions for Mr. Malofiy's speaking objections, I will deny their request. Although Defendants do not specify whether they seek sanctions under Rule 30 or 28 U.S.C. § 1927, the result is the same. Courts "should exercise . . . sanctioning power only in instances of a serious and studied disregard for the orderly process of justice." LaSalle Nat'l Bank v. First. Conn. Holding Grp., 287 F.3d 279, 288 (3d Cir. 2002) (internal quotation and editorial marks omitted). The conduct here does not rise to that level. On April 11, 2013, I directed the parties to refrain from engaging in repeated lengthy objections during depositions. (See Doc. No. 105, at Ex. E, 57-58.) My directive notwithstanding, the record is replete with both sides making speaking objections. (See id. at Ex. F. 52-53; id. at Ex. F. 62-63; id. at Ex. F. 148-53; id. at Ex. F. 157-58; id. at Ex. F. 168-70; id. at Ex. F. 258-60; id. at Ex. F. 317-18; id. at Ex. A. 151.) It appears, however, that the objections did not unduly impede, delay, or frustrate the depositions. Jones v. Pittsburgh Nat. Corp., 899 F.2d 1350, 1357 (3d Cir. 1990); see also Price v. Trans Union, LLC, 847 F. Supp. 2d 788, 792 (E.D. Pa. 2012) ("[T]he statute should be construed narrowly and with great caution so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." (internal quotation marks omitted)).

Defendants also ask me to impose sanctions for Mr. Malofiy's disrespectful behavior, citing to the preamble of the RPC. (Doc. 105, at 28.) ("A lawyer should demonstrate respect for the legal system and for those who serve it") (quoting Pa. R. Prof. Conduct, Preamble ¶ 5). Mr. Malofiy

argues that Defendants' allegations are "frivolous and waste the court's time," and that the Preamble to the Rules cannot serve as the basis for sanctions. (Doc. No. 117, at 16, 17.)

I may not base the imposition of sanctions on the RPC's Preamble. See Huggins v. Coatesville Sch. Dist., No. 07-4917, 2009 WL 2973044, at *2 n.11 (E.D. Pa. Sept. 16, 2009). I may, however, sanction an attorney for failing to behave in a professional, courteous, and civil manner. See id. at *3-4 (sanctioning attorney for disruptive behavior, name calling, and "childish baiting behavior"); GMAC Bank v. HFTC Corp., 248 F.R.D. 182 (E.D. Pa. 2008) (sanctioning attorney and litigant for client's repeated use of profanity); Mruz v. Caring, Inc., 166 F. Supp. 2d 61, 67 (D.N.J. 2001) (sanctioning party for venomous, abusive, outrageous and personal conduct during deposition). But cf. Saldana v. Kmart Corp., 260 F.3d 228, 237 (3d Cir. 2001) (four uses of profane word and post-verdict letter in which attorney described an expert witness as a "Nazi" do not support the invocation of the Court's inherent sanctioning powers).

Mr. Malofiy's conduct has repeatedly been offensive to opposing Counsel. The deposition transcripts and the record reveal a pattern of discourteous and abusive behavior. Mr. Malofiy has repeatedly accused Defense Counsel of providing "a lot of crap trap," "claptrap," and "hogwash." (Doc. No. 105, Ex. C. 7-9; id. at 50; id. at Ex. F. 156.) Additionally, Mr. Malofiy has repeatedly made inappropriate comments to Defense Counsel at the depositions. (See, e.g., id. at Ex. C. 14 ("Usher has 130 million. . . . I'm going to take every penny of it."); id. at Ex. F. 62-63 ("Don't be tricky . . . Do you want lies?"); id. at 148 ("You don't like the truth, it disturbs you. You've never seen the truth in a deposition."); id. at 150 ("You don't like the answer, too bad. The answer is the answer."); id. at 168-70 ("You can't handle the truth."); id. at 256-60 ("I don't have to deal with this kind of BS."); id. ("I'll shut it down. I'll shut it down. That is what I will do, I'll say, next question, and we'll go."); id. ("This is nauseating."); id. at Ex. C. 172 ("I'll call the Judge. He

Page 3 of 7

doesn't like you at all."); id. at Ex. F. 206-07 ("You coached him to hell, and the Judge came and slammed you. Slammed you."); id. at Ex. C. 91("You're like a little kid with your little mouth."); id. at 146 ("This is bullshit."); id. at Ex. F. 362-63 ("I've never seen any lawyer do this so bad ever.").) Additionally, during depositions, Mr. Malofiy accused Defense Counsel of being "sneaky" or "tricky" on the record at least fifteen times during a single deposition. (Doc. No. 105, at 31-32) (collecting references). Mr. Malofiy certainly would not be permitted to behave in such a manner before me or any other Judge, thus his conduct appears to violate Rule 30 and RPC 3.5(d).

Mr. Malofiy also appears to have sent abusive correspondence to Defense Counsel. For example, in one email he wrote: "It is difficult to take you jokers seriously after that bullshit sanctions motion you filed against me." (Doc. No. 107, at 5.) In another he wrote "It's over, Mr. Davis—GAME OVER! Tell the deep pockets over at Sony . . . that it's time to pay up." (Doc. No. 205, at Ex. D.) Further, in his briefing on this sanctions motion, Mr. Malofiy wrote, "Defense counsel are crying about a dispute," and he accused their conduct of being "thoroughly absurd" "ridiculous" and "hogwash and claptrap." (Doc. No. 117). Finally, he accuses Defense Counsel of "lying through their teeth." (Id.) This conduct appears to violate the letter and spirit of Rule 30. The Third Circuit has, however, questioned whether a court may sanction "overly aggressive attorneys to whom 'litigation is a form of mortal combat which [they] must win at any and all costs'" because of "discourteous and offensive behavior" occurring during depositions. Saldana v. Kmart Corp., 260 F.3d 228, 238 (3d Cir. 2001); Mruz v. Caring, Inc., 166 F. Supp. 2d 61, 69 (D.N.J. 2001). Accordingly, even though I find Mr. Malofiy's repeated behavior offensive, I will not impose sanctions at this time.

Defendants' final accusation is far more serious. Defendants allege that Mr. Malofiy improperly communicated with an unrepresented party in direct violation of Rule 4.3, and that this

conduct delayed the proceedings. Defendants charge that Mr. William Guice—an unrepresented defendant—contacted Mr. Malofiy upon receipt of the Complaint. Defendants further allege that Mr. Malofiy interviewed Guice, prepared an affidavit for Guice to sign in which Guice admitted his complicity in this matter, had Mr. Guice sign it, and then filed for default against Mr. Guice without disclosing to him that Malofiy—as Plaintiff's counsel—was seeking money damages against him personally. (Doc. No. 105, at 8-14.) Mr. Guice apparently did not understand what it meant to be a defendant or that he was personally being sued by Mr. Malofiy. (Doc. No. 105, Ex. A. at 173-74) ("I was under the impression that it wasn't me. I—I was under the impression that it . . . he was suing Usher); id. at 188 ("My understanding was that I was a witness now.")

Although Mr. Malofiy contends that Mr. Guice fully understood that he was a defendant in this matter, the deposition transcripts show just the opposite. (Ex. A 140-180). For instance, the transcript strongly suggests that Mr. Malofiy told Mr. Guice that he was only a witness, not a defendant. (Id. at 187.) The record does not support Mr. Malofiy's suggestion that Mr. Davis may have improperly communicated with Mr. Guice. (Doc. No. 117 at 7) (accusing Mr. Davis of improperly advising Defendant on the law under RPC 4.3 by asking him during deposition, *inter alia*, "Did you know anything you said to Mr. Malofiy was an admission against interest?" and "Did Mr. Malofiy explain to you that Mr. Marino had sued you for breach of contract?"). Even if Mr. Davis did improperly advise or communicate with Mr. Guice, however, it would not excuse Mr. Malofiy's alleged misconduct. Finally, insofar as Mr. Malofiy challenges the allegations as untimely, a motion for sanctions under § 1927 can be made at any time, even after final judgment in a case. In re Schefer Salt Recovery, Inc., 542 F.2d 90, 102 (3d Cir. 2008). Moreover, Mr. Malofiy offers no authority for the dubious proposition that there is a "limitations period" governing allegations of misconduct under the RPC. In any event, I find reasonable Defendants' statement that they delayed seeking sanctions until settlement negotiations proved unsuccessful. The instant

motion was filed about one month after the settlement conference and just over four months after Mr. Guice's deposition. Accordingly, I will hold a hearing to determine whether I will impose sanctions on Mr. Malofiy pursuant to RPC 4.3, 28 U.S.C. § 1927, or the Court's inherent power.

**AND NOW**, this 19th day of November, 2013, it is hereby **ORDERED** that:

1. Defendants' Motion for Sanctions is **DENIED** in part.
2. The Parties shall appear before me on January 3, 2014 at 10:30 a.m. for a hearing to determine whether I should impose sanctions on Attorney Malofiy.
3. It appears that the testimony of both Mr. Guice will be necessary at the January 3rd hearing. Accordingly, Defendants may subpoena Mr. Guice to the hearing and provide him with transportation from Colorado to Philadelphia, Pennsylvania and lodging, if necessary.

4. It also appears that Mr. Malofiy's testimony will be necessary at the January 3rd hearing. Mr. Malofiy is strongly advised to retain counsel as I will not permit him to testify in narrative form. See Fed. R. Evid. 611(a); In re Equipment Leasers of Pennsylvania, Inc., No. 96-544, 1996 WL 325105, at *3 (E.D. Pa. June 11, 1996) (attorney who represented himself in bankruptcy proceeding not permitted to testify in narrative form or pose questions to himself); United States v. Young, 745 F.2d 733, 761 (2d Cir. 1984) ("Generally speaking, a trial judge has broad discretion in deciding whether or not to allow narrative testimony."); United States v. Schwartz, 315 F. App'x 412, 416 (3d Cir. 2009) ("District Court did not err in ordering standby counsel to conduct Schwartz's direct examination rather than to allow Schwartz to testify in narrative form"); Kenneth S. Broun et al., McCormick on Evidence § 5, at 15 (John W. Strong ed., 4th ed.1992) (court has discretion to refuse narrative testimony under Rule 611).

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.